IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| Patricia Daffin : | |
| : | Case No. C-1-00-458 |
| Plaintiff : | |
| : | District Judge Susan J. Dlott |
| v. : | |
| : | ORDER |
| Ford Motor Company : | |
| : | |
| Defendant : | |

On September 16, 2003, this Court granted Defendant Ford Motor Company's Motion for Oral Argument on Plaintiff's Motion for Certification of a Statewide Class (doc.#71) and set oral argument for November 13, 2003, allotting forty-five (45) minutes of oral argument to each side. (Doc. #76.) Each side will prepare to argue the motion for class certification generally. Additionally, the Court hereby ORDERS each party to prepare to address the following specific issues, supported by the appropriate authority, at the November 13, 2003 hearing,:

1. Whether the unnamed putative class members have a cause of action if they have not yet experienced an injury. Specifically consider In the Matter of Bridgestone/Firestone, Inc., 288 F.3d 1012 (7th Cir. 2002).

2. How the individualized issues of reliance of the putative class members impact the commonality of warranty claims.

3. Whether Plaintiff's tailoring of her claims has a preclusive effect on putative class members later asserting claims for personal injury or putative class members with both

personal injury and property damage claims.

4. Whether injunctive relief, and thus class certification under Federal Rule of Civil Procedure 23(b)(2), is appropriate if remedies are available at law.

5. Whether a class certification under 23(b)(2) is proper while compensatory damages are at issue, eliminating the opt-out and notice due process requirements of 23(b)(3).

6. Whether class action treatment is the superior method for resolving this dispute given the availability of filing a complaint with the National Highway Safety Traffic Administration and its authority to remedy safety-related defects.

The Court also ORDERS each party to prepare to argue orally at the November 13, 2003 hearing why this Court has subject matter jurisdiction over this action. Specifically, counsel should address the following issues:

1. The jurisdictional effect of a certain averment in Plaintiff's complaint, to wit, that contained in paragraph 10: "Federal jurisdiction over this action does not exist. The amount in controversy as to each plaintiff and putative class member does not exceed $75,000. The damages, attorney's fees and costs of individual class members may not be aggregated to meet the jurisdictional amount." Consider St. Paul Mercury Indemn. Co. v. Red Cab Co., 303 U.S. 283 (1938); Gafford v. Gen. Elec. Co., 997 F.2d 150 (6th Cir. 1993) and Ohio Civil Rule 54(c). (Doc #1, exh. A, ¶ 10.)

2. The effect of Plaintiff's request for an injunction on the amount in controversy. Consider Perotti v. Black & Decker (U.S.) Inc., 205 F. Supp. 2d 813 (N.D. Ohio 2002); McIntire v. Ford Motor Co., 142 F. Supp. 2d 911 (S.D. Ohio 2001).

3. The jurisdictional effect of Ohio Revised Code Section 1345.09(B)'s provision that a

consumer may not recover treble damages under the Consumer Sales Practices Act in a class action.

4. The effect of the Judicial Improvements Act of 1990, amending 28 U.S.C. § 1367, on whether this Court could exercise supplemental jurisdiction over the putative class members whose claims do not meet the amount in controversy.  Consider <u>Knauer v. Ohio State Life Ins. Co.</u>, 102 F. Supp. 2d 443 (N.D. Ohio 2000); <u>Krieger v. Gast</u>, 197 F.R.D. 310 (W.D. Mich. 2000); <u>Crosby v. Am. Online, Inc</u>, 967 F. Supp. 257 (N.D. Ohio 1997).

Because the Court requests oral argument on issues other than class certification, the time allotted to each side will be extended to one (1) hour for each side.

       IT IS SO ORDERED.

                                                             _____s/Susan J. Dlott_____
                                                             Susan J. Dlott
                                                              United States District Judge