**Westlaw Attached Printing Summary Report**
**for**
**NETSOLUTIONS 3857996 Thursday, November 13, 2003 19:53:45 Central**

(C) 2003. Copyright is not claimed as to any part of the original work prepared by a U.S. government officer or employee as part of that person's official duties. All rights reserved. No part of a Westlaw transmission may be copied, downloaded, stored in a retrieval system, further transmitted or otherwise reproduced, stored, disseminated, transferred or used, in any form or by any means, except as permitted in the Westlaw Subscriber Agreement, the Additional Terms Governing Internet Access to Westlaw or by West's prior written agreement. Each reproduction of any part of a Westlaw transmission must contain notice of West's copyright as follows: "Copr. (C) 2003 West, a Thomson business. No claim to orig. U.S. govt. works."Registered in U.S. Patent and Trademark Office and used herein under license: KeyCite, Westlaw and WIN.  WIN Natural Language is protected by U.S. Patent Nos. 5,265,065, 5,418,948 and 5,488,725.

| | |
|---|---|
| Request Created Date/Time: | Thursday, November 13, 2003 19:53:00 Central |
| Client Identifier: | 00000#060000-0010 |
| Database: | DCT |
| Citation Text: | 225 F.Supp.2d 582 |
| Lines: | 208 |
| Documents: | 1 |
| Images: | 0 |

225 F.Supp.2d 582                                                                                                     Page 1
**(Cite as: 225 F.Supp.2d 582, 2001 WL 327886 (D.Md.))**

United States District Court,
D. Maryland.

Daniel NAMOVICZ, individually and on behalf of
the class of similarly situated
Maryland purchasers
v.
COOPER TIRE & RUBBER COMPANY

**No. CIV. A. WMN-00-3676.**

Feb. 26, 2001.

Consumer brought class action against tire manufacturer in state court. Following removal, employer filed motion for stay, and consumer filed motion to remand. The District Court, Nickerson, J., held that claim seeking damages in amount necessary to x-ray class members' tires to determine whether they were defective amounted to request for a recall that was completely preempted by National Traffic and Motor Vehicle Safety Act.

Motion for stay granted; motion to remand denied.

West Headnotes

**[1] Federal Courts 241**
170Bk241 Most Cited Cases

General rule for determining the existence of federal question jurisdiction is whether or not a federal question is presented on the face of plaintiff's well-pleaded complaint.

**[2] Removal of Cases 25(1)**
334k25(1) Most Cited Cases

Presence of a federal question in a defensive argument, i.e., as a ground for removal, is usually insufficient to overcome the paramount polices embodied in the well-pleaded complaint rule--that the plaintiff is the master of the complaint, that a federal question must appear on the face of the complaint, and that the plaintiff may, by eschewing claims based on federal law, choose to have the cause heard in state court.

**[3] Federal Courts 241**
170Bk241 Most Cited Cases

Only exception to the well-pleaded complaint rule in determining existence of federal question jurisdiction is the complete preemption doctrine, which is applicable only when Congress so completely pre-empts a particular area of law that any civil complaint raising this select group of claims is necessarily federal in character.

**[4] Federal Courts 241**
170Bk241 Most Cited Cases

Claim in class action against tire manufacturer seeking damages in amount necessary to x-ray class members' tires to determine whether they were defective amounted to request for a recall that was completely preempted by National Traffic and Motor Vehicle Safety Act, as required for federal question jurisdiction under exception to well-pleaded complaint rule. 49 U.S.C.A. § 30118; 49 C.F.R. § 1.50.

\*582 *MEMORANDUM*

NICKERSON, District Judge.

\*\*1 Before the Court are Defendant's Motion to Stay (Paper No, 12) and Plaintiff's Motion to Remand (Paper No. 13). [FN1] Both motions have been fully briefed and are ripe for decision. Upon a review of the pleadings and the applicable case law, the \*583 Court determines that no hearing is necessary (Local Rule 105.6) and that Defendant's motion will be granted and Plaintiff's motion will be denied.

> FN1. Also before the Court is Defendant's Motion to Dismiss (Paper No. 18). Because the Court will grant the motion to stay, the motion to dismiss will be denied without prejudice; Defendant may refile the motion after a decision has been made regarding consolidation by the Judicial Panel on Multi-District Litigation.

On November 21, 2000, Plaintiff filed suit in the Circuit Court for Baltimore City on his own behalf as well as on behalf of others in Maryland who had purchased steel belted radial tires manufactured by Defendant. [FN2] An amended complaint was filed on December 5, 2000. In the amended complaint, Plaintiff alleges that Defendant manufactures, distributes and sells defective tires to consumers in violation of the Maryland Consumer Protection Act, Md.Code Ann. Com. Law II § 13-301 *et seq.*

225 F.Supp.2d 582  
**(Cite as: 225 F.Supp.2d 582, 2001 WL 327886 (D.Md.))**

Page 2

> FN2. In addition to the suit in Maryland, suits in over 20 other states have been filed on identical grounds seeking the same relief.

More specifically, Plaintiff asserts that some of the tires manufactured by Defendant contain "liner blisters," i.e., air bubbles which are areas of separation that prevent adhesion from occurring, a critical component in making steel belted radial tires. Amended Complaint at ¶¶ 12-18. To make the tires saleable, Defendant, beginning as early as 1985 and continuing to the present, "instituted a practice of puncturing the air bubbles in the tires with an awl." *Id.* at ¶¶ 19-20. Defendant's own experts have, in the past, testified that any puncture "can allow moisture in the tire, weaken the steel belts and other components, and possibly cause a tread-belt separation." *Id.* at ¶ 32. Such tire failure can lead to "loss of control that can lead to serious and life-threatening accidents, or at the least, can cause the consumer to have to purchase a new tire prematurely." *Id.* at ¶ 35.

Plaintiff alleges that the damages sustained by each individual class member is less than 51,000, *id.* at ¶ 51(f), and seeks to "recover damages in the amount necessary to x-ray his [and other class members' tires] to determine whether [they] contain such a defect or the amount necessary to replace [the] tires with non-defective tires." *Id.* ¶ 56.

Defendant responded by filing a Notice of Removal. According to Defendant, this Court has jurisdiction on the basis that "all parties are completely diverse and the amount in controversy exceeds $75,000," as required by 28 U.S.C. § 1332. Notice at 1. [FN3] Defendant also claims that jurisdiction is proper pursuant to 28 U.S.C. § 1331 because Plaintiff raises a federal question, i.e., Plaintiff is, in effect, seeking a recall which is the exclusive province of the federally-established National Highway Traffic Safety Administration ("NHTSA"). Defendant has moved to have all proceedings stayed pending a decision by the Judicial Panel on Multi-District Litigation ("PML Panel") regarding consolidation of all the cases for pre-trial litigation.

> FN3. As jurisdiction is proper pursuant to 28 U.S.C. § 1331, i. e., federal question jurisdiction, the issues raised by the parties regarding diversity jurisdiction need not be addressed.

Plaintiff opposes the motion to stay and also asks that the Court remand the case back to the Circuit Court for Baltimore City. Plaintiff argues that this Court does not have jurisdiction because: (1) no individual claim will exceed the $75,000 threshold required for diversity jurisdiction and (2) "the Amended Complaint asserts no federal questions, and the claims for relief asserted ... are premised upon the substantive law of the State of Maryland." Motion to Remand at 5.

**\*\*2** [1][2][3] The general rule for determining the existence of federal question jurisdiction is whether or not a federal question is presented on the face of plaintiff's well-pleaded complaint. *See Caterpillar Inc. v. Williams,* 482 U.S. 386, 392, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987). The presence **\*584** of a federal question in a defensive argument, i.e., as a ground for removal, is usually insufficient to "overcome the paramount polices embodied in the well-pleaded complaint rule--that the plaintiff is the master of the complaint, that a federal question must appear on the face of the complaint, and that the plaintiff may, by eschewing claims based on federal law, choose to have the cause heard in state court." *Id.* at 398-99, 107 S.Ct. 2425. The only exception to the well-pleaded complaint rule is the complete preemption doctrine, *see Metropolitan Life Ins. Co. v. Taylor,* 481 U.S. 58, 63, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987), which is applicable only when Congress "so completely pre-empt[s] a particular area of law that any civil complaint raising this select group of claims is necessarily federal in character." *Id.* at 63-64, 107 S.Ct. 1542. Complete preemption can be evidenced by: an actual conflict between the state law at issue and federal legislative policy; Congressional intent, express or implied, to preempt an entire field, or a formal statement of agency preemption. *See Geier v. American Honda Motor Co., Inc.,* 529 U.S. 861, 120 S.Ct. 1913, 1927, 146 L.Ed.2d 914 (2000).

[4] In the instant case, there is no dispute that the amended complaint does not directly raise a federal question. Instead, Defendant argues that Plaintiff's requested relief amounts to a request for this Court to order a recall, [FN4] see Defendant's Opp. to Remand at 4, and that Congress has completely preempted the field with respect to the initiation and conduct of motor vehicle and tire recalls. *Id.* at 10, The Court must agree.

> FN4. Plaintiff asserts that the "only cost efficient manner in which to make the consumer whole is to replace any and all

225 F.Supp.2d 582                                                                                                                Page 3
**(Cite as: 225 F.Supp.2d 582, 2001 WL 327886 (D.Md.))**

Cooper Tires manufactured during the time period in which this awl puncture procedure was performed." Amended Complaint at ¶ 39. Plaintiff later claims that an alternative remedy might be to have all tires xrayed and replace only those found to be defective. *Id.* at ¶ 56. Either of these are, however, in substance, a recall as both provide prospective relief and both require the same administrative acts that would be necessary to effectuate a full-scale recall.

The National Traffic and Motor Vehicle Safety Act of 1966 ("Safety Act"), as amended and now codified at 49 U.S.C. § 30101 *et seq.,* vests authority over matters regarding motor vehicle safety in the Secretary of Transportation or his delegate. The Secretary has delegated this authority to the National Highway Traffic Safety Administration ("NHTSA"). *See* 49 C.F.R. § 1.50. A portion of the Safety Act deals specifically with the ordering and administration of a motor vehicle or product recall based on a defect impacting safety. *See* 49 U.S.C. §§ 30118-30120. The NHTSA has exclusive authority to make a determination that the "vehicle or equipment contains a defect related to motor safety or does not comply with an applicable motor vehicle safety standard prescribed under" the Safety Act. 49 U.S.C. § 30118. In making this determination, the NHTSA must give the manufacturer, as well as any interested party, the opportunity to present information, views, and argument. *Id.* If the NHTSA decides that the vehicle or equipment contains a defect or does not comply with a safety standard, the NHTSA shall order the manufacturer to give notification to all purchasers and to remedy the defect or noncompliance. *Id.* Section 30119 outlines detailed procedures for making the actual notification and section 30120 provides a list of the available remedies. The effect of sections 30118-30120 is to completely preempt the area of vehicle and equipment recalls. [FN5] This complete ***585** preemption renders Plaintiff's claim "necessarily federal in character" and gives this Court jurisdiction over the matter.

FN5. This remains true even in the case of a manufacturer's voluntary recall. In such a case, the manufacturer must comply with the requirements contained in sections 30118-30120 and the recall remains under the jurisdiction and control of the NHTSA.

**\*\*3** Having decided that the matter is properly before the Court, the Court also determines that a stay in proceedings pending the determination of the MDL Panel is appropriate. A stay is necessary to ensure that, in the event consolidation of all cases for pre-trial litigation is ordered, there is consistent treatment of the numerous lawsuits and that judicial resources are not wasted. *See* 28 U.S.C. § 1407(a) (stating that consolidation is "for the convenience of the parties and witnesses and will promote the just and efficient conduct of such actions").

For the foregoing reasons, Defendant's motion will be granted and Plaintiff's motion will be denied. A separate order will issue.

### *ORDER*

Pursuant to the foregoing memorandum, and for the reasons stated therein, IT IS this day of February 2001, by the United States District Court for the District of Maryland, hereby ORDERED:

1. That Defendant's Motion to Stay (Paper No. 12) is hereby GRANTED;

2. That Defendant's Motion to Dismiss (Paper No. 18) is hereby DENIED without prejudice;

3. That Plaintiff's Motion to Remand (Paper No. 13) is hereby DENIED;

4. That the Clerk of the Court shall mail or transmit copies of the foregoing memorandum and this order to all counsel of record.

225 F.Supp.2d 582, 2001 WL 327886 (D.Md.)

END OF DOCUMENT

Copr. © West 2003 No Claim to Orig. U.S. Govt. Works