IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| PATRICIA A. DAFFIN, | : | Case No. C-1-00-458 |
| | : | |
| Plaintiff, | : | Judge Susan J. Dlott |
| | : | |
| v. | : | |
| | : | **MEMORANDUM OF PLAINTIFF** |
| FORD MOTOR COMPANY, INC., | : | **AS TO JURISDICTIONAL ISSUES** |
| | : | **PURSUANT TO ORDER OF THE** |
| Defendant. | : | **COURT DATED NOVEMBER 6, 2003** |
| | : | **(DOC. #81)** |

Pursuant to the November 6, 2003 Order of the Court (Doc. #81), Plaintiff submits this supplemental memorandum directed to the subject matter jurisdiction issues raised by the Court as set forth in its October 31, 2003 Order (Doc. #80). Below, each issue raised by the Court is addressed in the same sequential order.

**I.** **The jurisdictional effect of a certain averment in Plaintiff's complaint, to wit, that contained in paragraph 10: "Federal jurisdiction over this action does not exist. The amount in controversy as to each plaintiff and putative class member does not exceed $75,000. The damages, attorney's fees and costs of individual class members may not be aggregated to meet the jurisdictional amount."**

The Court may still retain subject matter jurisdiction. At the time Ford removed this action, the operative complaint contained the language set forth above (Doc. #1). At the time she filed the original complaint, Plaintiff certainly pled in good faith that she did not believe the amount in controversy for herself or the class members exceeded $75,000 each, and thus federal diversity jurisdiction did not exist. Although later this language was removed in the First Amended Complaint (Doc. #34), courts nonetheless consider the complaint at the time of removal. When Ford removed, it contended that the jurisdictional threshold for diversity jurisdiction under 28 U.S.C. §1332(a) was satisfied. Plaintiff did not oppose the removal.

{00009002; 1}

The Court previously requested supplemental briefing from the parties as to the existence of subject matter jurisdiction, which both parties provided. See (Doc. #48) Mem. of Plaintiff; and (Doc. #47) Mem. of Ford. Plaintiff's analysis in her prior memoranda still remains applicable to the Court's review of subject matter jurisdiction here.

With regard to the specific considerations raised and authority given by the Court, from the outset it is clear that the analysis in *Gafford v. Gen. Elec. Co.*, 997 F.2d 150 (6th Cir. 1993) applies, including *Gafford's* reliance on *St. Paul Mercury Indemn. Co. v. Red Cab Co.*, 303 U.S. 283 (1938). Second, as to the effect of Ohio Civ. R. 54(C), despite Plaintiff's original allegations, *Gafford* instructs that the inquiry does not end since the amount of recovery obtained may be "far in excess of the federal requirement" because under Rule 54(c) the actual recovery can exceed amounts disclaimed or prayed for in the complaint. *Id* at 158-59.

*Gafford* further instructs that in order to retain jurisdiction, the burden is on Ford (the removing party) to show by a preponderance of evidence that Plaintiff here intends to seek a recovery in excess of the $75,000 amount-in-controversy requirement. *Id.* at 158. Additionally, it must also be determined from which party's viewpoint – either or both – the relief should be considered, and then whether the relief should be aggregated. These specific issues are treated below as they are germane to the subsequent issues raised by the Court.

**II.   The effect of Plaintiff's request for an injunction on the amount in controversy.**

As Plaintiff pointed out in her prior jurisdictional briefing (*see* Doc. #48 at pp. 4-11) the Court has ample footing to retain subject matter jurisdiction. In the time since that briefing was filed in November 2001, neither the Sixth Circuit nor Supreme Court have ruled on the "viewpoint issue", and in particular, whether from the viewpoint of a defendant the cost of injunctive relief can be used to exceed the amount-in-controversy requirement. As Plaintiff

advised previously (Doc. #48 at pp. 4-11), the Court still has ample authority in which to retain jurisdiction by valuing the aggregate value of injunctive relief to the class from the viewpoint of Ford. This is supported by fellow Sixth Circuit trial court rulings, some of which have been rendered since the prior briefing. Specifically, the Court is referred to *Gavriles v. Verizon Wireless*, 194 F.Supp.2d 674, 683 (S.D. Mich. 2002); *Durant v. Service Master Co. Trugreen, Inc.*, 147 F.Supp.2d 744, 750-51 (S.D. Mich. 2001) (aggregation of class claims appropriate in applying the equitable remedy of unjust enrichment due to the undivided interests of the class members in the recovery); *In Re Cardizem C.D. Antitrust Litigation*, 90 F.Supp.2d 819, 834-35 (E.D. Mich. 1999) (diversity jurisdiction existed as the court could value the injunctive relief from either the viewpoint of the plaintiff or defendant for determining the jurisdictional threshold); *Bidell v. H.R.T. Ltd.*, 522 F.Supp. 732 (E.D. Ky. 1981) (adopting the defendant's viewpoint).

As for the Court's reference to *McIntire v. Ford Motor Co.*, 142 F.Supp.2d 911, 921 (S.D. Ohio 2001), Plaintiff respectfully disagrees with its conclusion that the Sixth Circuit adopted the plaintiff's "viewpoint" approach in *Goldsmith v. Southerland*, 426 F.2d 1395 (6th Cir. 1970) and *Pennsylvania R. Co. v. City of Girard*, 210 F.2d 437 (6th Cir. 1954). Neither of these decisions instruct ***how*** to value the rights asserted – that is, through whose eyes, the plaintiff or defendant, or both. *Perotti v. Black & Decker (U.S.), Inc.*, 205 F.Supp.2d 813 (N.D. Ohio 2002) suffers the same infirmity since the district court there follows *McIntire's* improper conclusion that the Sixth Circuit settled this issue in *Girard* and *Goldsmith*.

As noted, the "viewpoint" issue remains an open one, and district courts within the Sixth Circuit are obviously in disagreement. However, the Court has ample basis and reason to retain

jurisdiction here. Here, the aggregate injunctive relief for the class well exceeds the diversity jurisdiction threshold, and that relief may be appropriately valued from the perspective of Ford.

**III.    The jurisdictional effect of Ohio Revised Code Section 1345.09(B)'s provision that a consumer may not recover treble damages under the Consumer Sales Practices Act in a class action.**

In view of recent Ohio authority addressing treble damages in class actions under the Ohio CSPA, Plaintiff agrees with the Court that the CSPA does not allow treble damages here. *Washington v. Spitzer Management,Inc.*, 2003 Ohio 1735, *P32, 2003 Ohio App. LEXIS 1640, *14-15 (Cuyahoga Cty. April 3, 2003) *juris denied* 99 Ohio St.3d 1543, 795 N.E. 2d 682 (2003)(attached as Exh. 1)(CSPA limits damages in class actions to actual damages). Importantly, however, with regard to treble damages, the Court should remain mindful that Plaintiff is requesting injunctive relief as expressly conferred by the CSPA. Therefore, to answer the Court's query, there is no jurisdictional effect regarding treble damages.

**IV.    The effect of the Judicial Improvements Act of 1990, amending 28 U.S.C. §1367, on whether this Court could exercise supplemental jurisdiction over the putative class members whose claims do not meet the amount in controversy.**

In brief, the answer is that the non-aggregation rule in *Zahn v. International Paper Co.*, 414 U.S. 291, 301 (1973) applies only to Rule 23(b)(3) class actions, not to 23(b)(2) actions seeking injunctive relief. Second, although not necessary since *Zahn* is inapplicable to Rule 23(b)(2), the Court also has good reason to find that 28 U.S.C. §1367 (as amended by the Judicial Improvements Act of 1990) tacitly overrules *Zahn*.

Courts within the Sixth Circuit disagree over the application of *Zahn* and the effect of §1367. The authority cited by the Court as to this issue, *Knauer v. Ohio State Life Ins. Co.*, 102 F.Supp.2d 443 (N.D. Ohio 2000); *Krieger v. Gast*, 197 F.R.D. 310 (W.D. Mich. 2000); *Crosby v. Am. Online, Inc.*, 967 F.Supp. 257 (N.D. Ohio 1997), find subject matter jurisdiction lacking.

But *equally* relevant and persuasive is the fact that other district courts within the Sixth Circuit have issued well-reasoned rulings that support finding subject matter jurisdiction here. Discussed *supra, see Gavriles v. Verizon Wireless*, 194 F.Supp.2d 674 (S.D. Mich. 2002); *Durant v. Service Master Co. Trugreen, Inc.*, 147 F.Supp.2d 744 (S.D. Mich. 2001), and *In Re Cardizem C.D. Antitrust Litigation*, *supra*, 90 F.Supp.2d 819 (S.D. Mich. 1999).

The key question to be answered at the outset is whether the *Zahn* non-aggregation rule is even applicable in the context of a Rule 23(b)(2) class where the predominant relief is injunctive. The answer is no. This is because *Zahn* expressly limits its non-aggregation holding to Rule 23(b)(3) classes: "Each plaintiff in a Rule 23(b)(3) class action must satisfy the jurisdictional amount, and any plaintiff who does not must be dismissed from the case." 414 U.S. at 301; *see also Crosby v. Am. Online, Inc., supra,* at 262-63 (although reaching the wrong conclusion, the court did recognize this basic distinction). And it follows that even though the Supreme Court and the Sixth Circuit have yet to weigh in on the viability of *Zahn* under 28 U.S.C. §1367 (as amended), the outcome is inconsequential to a Rule 23(b)(2) class. Therefore, the query ends here and the Court need not look further.

Even if the Court were to consider the potential impact of *Zahn* on a Rule 23(b)(2) class, it should nevertheless conclude that 28 U.S.C. §1367 tacitly overrules *Zahn's* non-aggregation rule, and thus jurisdiction here remains proper. This is because Sixth Circuit guidance for proper statutory construction (shown below) is clear that a basic reading of §1367 compels this result. But first, as background, presently the majority of federal circuit courts to consider this issue -- the Fourth, Fifth, Seventh and Ninth Circuits – find that §1367 tacitly overrules *Zahn* because, as a matter of basic statutory construction, §1367(b) *fails* to list class actions as an exception to the express grant of supplemental jurisdiction in §1367(a)(which allows for all claims involving the

"joinder or intervention of additional parties.")[1] Thus, the Seventh Circuit, in *Stromberg Metal Works, Inc. v. Press Mechanical, Inc.*, 77 F.3d 928, 932 (7th Cir. 1996) held that the express language of §1367 controls despite quibbling over Congressional intent: "whether §1367(b) is a model drafting exercise may be doubted, but the language draws an important line." On the other hand, a minority, the Third, Eighth and Tenth Circuits hold that *Zahn* remains intact since the legislative history of the 1990 amendments to §1367 lends support to the notion that Congress did not intend *Zahn* to be overruled.[2]

Upon considering statutory construction guidance on this issue from the Sixth Circuit, the Court should follow the lead of the Fourth, Fifth, Seventh and Ninth Circuits, and find that 28 U.S.C. §1367 overrules *Zahn*. In *Dorris v. Absher*, 179 F.3d 420, 429 (6th Cir. 1999) the Sixth Circuit instructs:

> "In all cases of statutory construction**,** the starting point is the language employed by Congress." *Appleton v. First Nat'l Bank of Ohio,* 62 F.3d 791, 801 (6th Cir. 1995). Where "the statute's language is plain, 'the sole function of the courts is to enforce it according to its terms.'" *United States v. Ron Pair Enter., Inc.,* 489 U.S. 235, 241, 103 L. Ed. 2d 290, 109 S. Ct. 1026 (1989) (quoting *Caminetti v. United States,* 242 U.S. 470, 485, 61 L. Ed. 442, 37 S. Ct. 192 (1917)). A court should look beyond the language of the statute only when the text is ambiguous or when, although the statute is facially clear, a literal interpretation would lead to internal inconsistencies, an absurd result, or an interpretation inconsistent with the intent of Congress. *See United States v. Turkette,* 452 U.S. 576, 580, 69 L. Ed. 2d 246, 101 S. Ct. 2524 (1981) (holding that RICO applies to both legitimate and illegitimate enterprises because the statute refers only to "enterprises").

---

[1] *See In re Abbott Labs.,* 51 F.3d 524, 529 (5th Cir. 1995), *aff'd by equally divided court,* 529 U.S. 333, 146 L. Ed. 2d 306, 120 S. Ct. 1578 (2000); *Rosmer v. Pfizer, Inc.,* 263 F.3d 110, 114-119 (4th Cir. 2001), *rehearing en banc denied,* 272 F.3d 243 (4th Cir. 2001), *cert. dismissed,* 536 U.S. 979, 123 S. Ct. 14, 153 L.Ed. 2d 878 (2002); *In re Brand Name Prescription Drugs Antitrust Litig.,* 123 F.3d 599, 607 (7th Cir. 1997); *Gibson v. Chrysler Corp.,* 261 F.3d 927, 933-940 (9th Cir. 2001).

[2] *See Meritcare, Inc. v. St. Paul Mercury Ins. Co.,* 166 F.3d 214, 218-222 (3d Cir. 1999); *Trimble v. Asarco, Inc.,* 232 F.3d 946, 960-962 (8th Cir. 2000); *Leonhardt v. Western Sugar Co.,* 160 F.3d 631, 637-641 (10th Cir. 1998).

Thus, based on the plain language of §1367, *Zahn* is overruled, and the inquiry ends. This Court should hold accordingly; that is, **even if** *Zahn* were to apply to a Rule 23(b)(2) class, which as discussed above it clearly does not, §1367 overrules *Zahn*.

Third, even if the Court were to find otherwise on both of these issues -- that *Zahn is **not*** overruled, **and** that the non-aggregation rule applies to Rule 23(b)(2) -- there ***still*** remains solid ground upon which this Court can retain subject matter jurisdiction. This is because the object of the relief demanded here is singular and uniform to the class as a whole. And it follows then that *Zahn's* non-aggregation rule is inapplicable to injunctive relief since the amount in controversy is measured by the overall value of the object sought in the action. The Supreme Court has recognized that *Zahn* is limited in this regard. In *Hunt v. Wash. State Apple Adv. Comm'n*, 432 U.S. 333 (1977), after acknowledging *Zahn*, the Court clarified:

> In actions seeking declaratory ***or injunctive relief***, it is well established that the amount in controversy is measured ***by the value of the object of the litigation***. *E.g., McNutt* v. *General Motors Acceptance Corp.,* 298 U.S. 178, 181 (1936); *Glenwood Light & Water Co.* v. *Mutual Light, Heat & Power Co.,* 239 U.S. 121, 126 (1915); *Hunt* v. *New York Cotton Exchange,* 205 U.S. 322, 336 (1907); 1 J. Moore, Federal Practice PP0.95, 0.96 (2d ed. 1975); C. Wright, A. Miller, & E. Cooper, Federal Practice & Procedure § 3708 (1976).

*Id*. at 396 (emphasis added). The Sixth Circuit also recognizes this limitation in *Sellers v. O'Connell*, 701 F.2d 575, 579 (6th Cir. 1975); *see also In Re Cardizem C.D. Antitrust Litigation*, *supra,* 90 F. Supp. at 824, 826 and 834-835; *Durant, supra,* 147 F.Supp.2d at 750-51; and *Gavriles v. Verizon Wireless, supra,* 194 F.Supp.2d at 682-83. Indeed, *Gavriles* should be particularly persuasive since the district court pointed out that had the plaintiffs sought injunctive relief under Michigan's Consumer Protection Act, jurisdiction would have been appropriate, but since they did not, the court dismissed the action. In contrast, Ms. Daffin is specifically seeking

injunctive relief under the Ohio CSPA, and therefore, *Gavriles* supports subject matter jurisdiction here.

As noted, in this case the class is united in demanding indivisible injunctive relief and the "value of the object of the litigation exceeds the amount in controversy threshold." *Hunt* at 396. This is because the injunctive relief requires Ford to provide lifetime replacement of the throttle body assembly, or to pay the equivalent cost to the class members for doing so themselves. The relief is across-the-board and applies equally without benefiting one class member to the detriment of another. *Zahn* therefore is irrelevant.

**V.    Conclusion**

Plaintiff brought this action in the spring of 2000; the case has been pending since its removal on June 12, 2000. At every step, Plaintiff and her counsel have painstakingly and thoroughly prosecuted this action. As shown, the Court has a very solid basis upon which it is assured that subject matter jurisdiction exists. Plaintiff urges the Court to maintain jurisdiction and to allow her to proceed under Rule 23(b)(2) so that she is positioned to successfully prosecute this case on the merits against Ford on behalf of the class. The record is extremely developed and ripe for proper certification. It has been shown that there is a real and dangerous problem with the throttle bodies which must be redressed here in Ohio. The Court is empowered to provide the demanded relief to address this problem -- and it should employ these powers aggressively.

Respectfully submitted,

      s/John C. Murdock
John C. Murdock (0063749)
Jeffrey S. Goldenberg (0063771)
Theresa L. Groh (0029806)
Murdock Goldenberg Schneider & Groh, LPA
700 Walnut Street, Suite 400
Cincinnati, Ohio 45202-2011
(513) 345-8291 Telephone
(513) 345-8294 Facsimile
**Counsel for Plaintiff**

Sean R. Matt, Esq.
Steve W. Berman, Esq.
Hagens Berman
1301 Fifth Avenue, Suite 2900
Seattle, Washington 98101
(206) 224-9327 Telephone
(206) 623-0594
**Co-Counsel Admitted Pro Hac Vice for Plaintiff**

CERTIFICATE OF SERVICE

    I hereby certify that on November 14, 2003, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: Gary M. Glass, Esq., Thompson Hine, LLP, 312 Walnut Street, Suite 1400, Cincinnati, Ohio 45202, and I hereby certify that I have mailed the document by United States Postal Service to the following non CM/ECF participant: John F. Niblock, Esq., O'Melveny & Myers LLP, 555 13th Street, N.W., Suite 500, Washington, D.C. 20004-1109.

      s/John C. Murdock