4 of 4 DOCUMENTS

LISA WASHINGTON, et al., Plaintiffs-appellees v. SPITZER MANAGEMENT, INC., et al., Defendants-appellants

NO. 81612

COURT OF APPEALS OF OHIO, EIGHTH APPELLATE DISTRICT, CUYAHOGA COUNTY

*2003 Ohio 1735; 2003 Ohio App. LEXIS 1640*

April 3, 2003, Date of Announcement of Decision

**SUBSEQUENT HISTORY:** Discretionary appeal not allowed by *Wash. v. Spitzer Mgt, 2003 Ohio LEXIS 2292 (Ohio, Sept. 10, 2003)*

**PRIOR HISTORY:** [**1] CHARACTER OF PROCEEDING: Civil appeal from Common Pleas Court. Case No. CV-414549.

**DISPOSITION:** Affirmed in part and dismissed in part.

**LexisNexis (TM) HEADNOTES - Core Concepts:**

**COUNSEL:** For Plaintiffs-appellees: David M. Paris, Brenda M. Johnson, Nurenberg, Plevin, Heller & McCarthy Co., L.P.A., Cleveland, Ohio.

For Defendants-appellants: Steven J. Hupp, Patrick J. Quallich, Timothy G. Sweeney, Bonezzi, Switzer, Murphy & Polito Co., L.P.A., Cleveland, Ohio, Robert A. Poklar, Poklar & Associates, LLP, Brecksville, Ohio.

**JUDGES:** TIMOTHY E. McMONAGLE, JUDGE. COLLEEN CONWAY COONEY, P.J., AND ANTHONY O. CALABRESE, J., CONCUR.

**OPINIONBY:** TIMOTHY E. McMONAGLE

**OPINION:** JOURNAL ENTRY AND OPINION

TIMOTHY E. McMONAGLE, J.:

[*P1] Defendants-appellants, Spitzer Management, Inc., Spitzer Motor Center, Inc., and Spitzer Buick, Inc. ("Spitzer") appeal from the order of the trial court certifying a class action brought by plaintiffs-appellees Lisa Washington and Carol Ann Violand, on behalf of themselves and others similarly situated, alleging that Spitzer's practice of imposing a $ 97.50 "dealer overhead" charge in conjunction with the sale or lease of motor vehicles to consumers violates *Ohio's Consumer Sales Practices Act* ("CSPA") and constitutes fraud [**2] and negligent misrepresentation. Appellants also appeal the trial court's order denying their motion for summary judgment regarding appellees' claims of fraud and negligent misrepresentation and for punitive damages. For the reasons stated below, we affirm the class certification and dismiss appellants' appeal regarding the denial of their motion for summary judgment for lack of a final appealable order.

[*P2] The record reflects that appellees entered into vehicle purchase agreements with Spitzer dealerships that were memorialized in form "buyer's agreements" prepared by Spitzer. The buyers' agreements both included a pre-printed $ 97.50 charge for "dealer overhead," a charge that appellees contend was imposed in addition to the price of the vehicle, sales tax, and license and documentation fees that were otherwise charged in conjunction with the transactions.

[*P3] On July 18, 2001, appellees filed their Second Amended Complaint, in which they alleged that imposing a $ 97.50 "dealer overhead" charge in conjunction with the sale or lease of motor vehicles to consumers violates Ohio's Consumer Sales Practices Act, *R.C. 1345.01 et seq.*, and OAC 109:4-3-16(B)(21) [**3] in particular. Appellees also alleged that it is an unfair and deceptive practice for Spitzer to include this charge as a pre-printed entry in a form contract, since including the charge as a pre-printed entry implies that the charge is both proper and non-negotiable. Finally, appellees alleged that

Spitzer knows or should know that this charge is illegal and, therefore, Spitzer's representation to consumers that the charge was customary and permissible by including it as a pre-printed entry in a form contract also constitutes fraud, or, at a minimum, negligent misrepresentation. Appellees seek a refund of the $ 97.50 "dealer overhead" fee, an order prohibiting Spitzer from charging such a fee in the future, and punitive damages.

[*P4]  On July 3, 2002, the trial court granted appellees' motion to certify a class consisting of:

[*P5]  "All consumers who, between August 7, 1996 and the present, have purchased or leased new or used vehicles from Spitzer Management or any of its affiliates, subsidiaries, franchisees and/or dealerships that it owns, manages, directs and/or controls and have been charged, in conjunction with such lease or purchase, a fee for "dealer overhead" [**4]  in excess of the advertised price, sales tax and document and title fees, and any other fee permitted under Ohio law to be charged to a consumer in a motor vehicle sale or lease transaction." This class could include nearly 60,000 members.

[*P6]  Subsequently, the trial court entered an order denying appellants' motion for summary judgment regarding appellees' claims for fraud, negligent misrepresentation, and punitive damages.

[*P7]  Appellants timely appealed, raising five assignments of error for our review.

[*P8]  In assignments of error one through four, appellants contend that the trial court abused its discretion in certifying the class because: 1) the class is not identifiable or unambiguous; 2) appellees' claims are not typical of those of the class; 3) appellees do not fairly and adequately represent the interests of the class; and 4) appellees failed to satisfy the requirements of Civ.R. 23(B) regarding class certification.

STANDARD OF REVIEW

[*P9]  At the outset, we are mindful that a trial judge is given broad discretion when deciding whether to certify a class action. *In re Consol. Mtge. Satisfaction Cases, 97 Ohio St.3d 465, 2002 Ohio 6720, P5, 780 N.E.2d 556,* [**5]  citing *Marks v. C.P. Chem. Co., Inc. (1987), 31 Ohio St.3d 200, 31 Ohio B. 398, 509 N.E.2d 1249,* syllabus; *Schmidt v. Avco Corp. (1984), 15 Ohio St.3d 310, 312-313, 15 Ohio B. 439, 473 N.E.2d 822.* "Absent a showing of abuse of discretion, a trial court's determination as to class certification will not be disturbed." Id. The appropriateness of applying the abuse-of-discretion standard in reviewing class action determinations is grounded not in credibility assessment, but in the trial court's special expertise and familiarity with case-management problems and its inherent power to manage its own docket. *Hamilton v. Ohio Savings Bank (1998), 82 Ohio St. 3d 67, 70, 1998 Ohio 365, 694 N.E.2d 442,* citing *Marks, supra; In re Nlo, Inc.(C.A.6, 1993), 5 F.3d 154, 157.* Nevertheless, the trial court's discretion is not unlimited and must be bound by and exercised within the framework of Civ.R. 23. Thus, "the trial court is required to carefully apply the class action requirements and conduct a vigorous analysis into whether the prerequisites of Civ.R. 23 have been satisfied." *Holznagel v. Charter One Bank (Dec. 14, 2000), Cuyahoga App. No. 76822, 2000 Ohio App. LEXIS 5877,* citing [**6] *Hamilton, supra.* Seven requirements must be satisfied before a court may certify a case as a class action pursuant to Civ.R. 23: 1) an identifiable class must exist and the definition of the class must be unambiguous; 2) the named representatives must be members of the class; 3) the class must be so numerous that joinder of all members is impractical; 4) there must be questions of law or fact common to the class; 5) the claims or defenses of the representative parties must be typical of the claims or defenses of the class; 6) the representative parties must fairly and adequately protect the interests of the class; and 7) one of the three Civ.R. 23(B) requirements must be met. Civ.R. 23(A) and (B); *Warner v. Waste Mgt., Inc. (1988), 36 Ohio St. 3d 91, 96-98, 521 N.E.2d 1091.*

[*P10]  In its opinion and order dated July 3, 2002 granting appellees' motion for class certification, the trial court found that all seven requirements were satisfied in this case. Appellants challenge nearly every finding made by the trial court.

IDENTIFIABLE CLASS

[*P11]  "The requirement that there be a class will not be deemed satisfied unless the description of it is sufficiently [**7]  definite so that it is administratively feasible for the court to determine whether a particular individual is a member." *Hamilton, supra, 82 Ohio St.3d at 72,* citing 7a Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure (2 Ed. 1986), 120-121, Section 1760. Thus, the class definition must be precise enough "to permit identification within a reasonable effort." *Warner, supra, 36 Ohio St.3d at 96.*

[*P12]  In their first assignment of error, appellants contend that the trial court abused its discretion in certifying the class because it is neither identifiable nor unambiguous.

[*P13]  According to appellants, the class definition is overbroad because it includes persons whose claims are barred by the two-year statute of limitations applicable to CSPA claims. Appellees' allegations, however, are not limited to CSPA violations alone. Appellees have also alleged fraud and negligent misrepresentation, both of which are subject to the four-year statute of limitations set

forth in *R.C. 2305.09*. Thus, given the causes of action alleged by appellees, a four-year period is an appropriate class [**8] definition.

[*P14] Appellants also claim that the class is not readily identifiable because identifying class members will require highly individualized determinations into such matters as the purpose behind each member's transaction (i.e., whether the person acquiring the motor vehicle intended to use it for personal or commercial purposes) and whether each class member relied on advertisements or other specific representations in connection with the transaction.

[*P15] The Ohio Supreme Court considered and rejected a similar argument, however, in *Hamilton, supra*. In *Hamilton*, the plaintiffs sought certification with respect to groups of bank customers who had obtained residential mortgage loans from the defendant bank and been charged interest at rates other than those set forth in the loan agreements. As is the case here, the proposed classes were defined in terms of the charges imposed on customers. The defendant-bank claimed, however, that the proposed class definition was indefinite because it would be necessary to make individual inquiries about each individual class member's subjective intent and awareness of his or her loan terms in order to determine [**9] whether the individual was part of the class. The Ohio Supreme Court rejected this argument, stating:

[*P16] "The focus at this stage is on how the class is defined. 'The test is whether the means is specified at the time of certification to determine whether a particular individual is a member of the class.' The question as to whether there are differing factual and legal issues 'does not enter into the analysis until the court begins to consider the Civ.R. 23(B)(3) requirements of predominance and superiority.'" *Hamilton, supra, 82 Ohio St.3d at 74*. (Citations omitted.) Accordingly, the Supreme Court concluded that the class was appropriately defined by reference to the defendant-bank's conduct.

[*P17] Likewise, in this case, as the trial court determined:

[*P18] "The court need only look to the actions or practices of Spitzer to determine whether an individual is a member of the proposed class. Spitzer used a form 'buyer's agreement' with respect to the sale and lease of its vehicles, and this form 'buyer's agreement' included a pre-printed charge for 'dealer overhead' in the amount of $ 97.50. Spitzer has records of all individuals who previously [**10] signed such 'buyer's agreements' and paid the $ 97.50 fee. As such, it would be administratively feasible to determine whether a particular person is a member of the class. Accordingly, plaintiffs have satisfied the requirement of showing that the class is sufficiently identifiable."

[*P19] Appellants' first assignment of error is therefore overruled.

TYPICALITY

[*P20] In their second assignment of error, appellants contend that the trial court abused its discretion in certifying the class because appellees' claims are not typical of those of other class members.

[*P21] Civ.R. 23(A) provides that "one or more members of a class may sue or be sued as representative parties on behalf of all only if *** 3) the claims or defenses of the representative parties are typical of the claims or defenses of the class."

[*P22] The requirement of typicality serves the purpose of protecting absent class members and promotes the economy of class action by ensuring that the interests of the named plaintiffs are substantially aligned with those of the class. *Baughman v. State Farm Mut. Auto Ins. Co., 88 Ohio St.3d 480, 2000 Ohio 397, 727 N.E.2d 1265*, citing [**11] 5 Moore's Federal Practice (3 Ed. 1977), 23-92 to 23-93, Section 23.24[1].

[*P23] "Typicality" does not mean, however, that the class representative's claims must be identical to those of all class members. Rather, a representative's claim "is typical if it arises from the same event or practice or course of conduct that gives rise to the claims of other class members, and if his or her claims are based on the same legal theory. When it is alleged that the same unlawful conduct was directed at or affected both the named plaintiff and the class sought to be represented, the typicality requirement is usually met irrespective of varying fact patterns which underlie individual claims." *Baughman, supra, 88 Ohio St.3d at 485*, quoting 1 Newberg on Class Actions (3 Ed. 1992), 3-74 to 3- 77, Section 3.13.

[*P24] Here, it is apparent that appellees' claims arise from the same conduct, and are based on the same legal theories, that underlie the claims of other class members: Spitzer's practice of imposing a $ 97.50 "dealer overhead" charge in its consumer transactions through the use of a form "buyer's agreement" that includes the charge as a pre-printed entry. [**12] As the trial court noted, "Plaintiffs' situation is exactly that of other members of the class."

[*P25] Spitzer argues, however, that appellees may not have been subjected to, and thus may not have relied on, the same precise representations that were made to other class members, and, therefore, their claims are not typical of those of other class members. As the Ohio Supreme Court noted in *Baughman*, however, "generally a defense of non-reliance is not destructive of typicality. *** 'Defenses asserted against a class representative

should not make his or her claims atypical. Defenses may affect the individual's ultimate right to recover, but they do not affect the presentation of the case on the liability issues for the plaintiff class.'" *Baughman, supra, 88 Ohio St.3d at 486*, quoting 1 Newberg on Class Actions, supra, at 3-90-3093, Section 3.16.

[*P26] In short, Spitzer has provided no basis for its argument that appellees will "advance claims that are not of interest to some class members and will not pursue issues that are pertinent to others" and we find nothing in the record to support such a claim. Appellants' second assignment of error is therefore [**13] overruled.

ADEQUATE REPRESENTATION

[*P27] In their third assignment of error, appellants contend that the trial court abused its discretion in certifying the class because appellees have failed to demonstrate that they will fairly and adequately represent the interests of the class.

[*P28] A class representative is considered adequate as long as its interest is not antagonistic to the interest of other class members. *Hamilton, supra, 82 Ohio St.3d at 77-78.*

[*P29] Appellants first claim that appellees are inadequate representatives because, since their claims are not barred by the two-year statute of limitations applicable to the CSPA, they will have no incentive to litigate this issue on behalf of other class members whose claims may be barred. This argument was rejected, however, by the Ohio Supreme Court in *Hamilton*:

[*P30] "That a statute of limitations may bar the claims of some, but not all, class members does not compel a finding that individual issues predominate over common ones. *** Rather, as long as there is a sufficient nucleus of common issues, differences in the application of a statute of limitations to individual [**14] class members will not preclude certification under Rule 23 (B)(3)." *Hamilton, supra, 82 Ohio St.3d at 84*, quoting 5 Moore's Federal Practice (3 Ed. 1997) 23-210 to 23-211, Section 23.46[3].

[*P31] Moreover, although a two-year statute of limitations applies to claims for actual damages under the CSPA, a four-year statute of limitations applies to appellees' fraud and negligent misrepresentation claims. Appellants have not provided any basis for their assertion that appellees will not advance the claims of all class members within the broadest applicable statute of limitations.

[*P32] Appellants next argue that appellees are not adequate representatives because class members would be entitled to seek treble damages and perhaps rescission in individual suits, whereas such damages are not available in class actions brought pursuant to the CSPA. The fact that the CSPA limits the damages available in class actions to actual damages, while at the same time permitting recovery of treble damages in individual actions, however, does not make appellees inadequate representatives. First, Ohio's CSPA specifically authorizes consumer class actions. *R.C. 1345.09(B)* [**15] . Moreover, as the trial court noted in its order certifying the class, "Ohio's CSPA specifically authorizes class actions and limits damages in class actions to *protect defendants* from huge damage awards in class actions. By doing so, the CSPA essentially encourages class certification where appropriate." (Emphasis added.)

[*P33] Finally, appellants contend that in order for a consumer to demonstrate that a supplier has committed a deceptive consumer sales practice in violation of *R.C. 1345.02* as it relates to an advertisement, the consumer must establish reliance on such an advertisement. Appellants argue that appellees cannot establish such reliance, thereby rendering them inadequate representatives of the class. Appellants also contend that individual proof is necessary to determine whether each class member relied on such an advertisement. We disagree.

[*P34] As alleged by appellees in their Second Amended Complaint, appellees' claims are based on Spitzer's practice of making representations through the use of form documents that are routinely used in all of Spitzer's consumer transactions. Such forms were used in Spitzer's transactions [**16] with appellees. As the Ohio Supreme Court has noted, "class action treatment is appropriate where the claims arise from standardized forms or routinized procedures, notwithstanding the need to prove reliance." *Hamilton, supra, 82 Ohio St.3d at 84.* Moreover, the Supreme Court has stated that in such cases, "the existence of common misrepresentations obviates the need to elicit individual testimony as to each element of a fraud or misrepresentation claims, especially where written misrepresentations or omissions are involved. *** If a fraud was accomplished on a common basis, there is no valid reason why those affected should be foreclosed from proving it on that basis." *Cope v. Metropolitan Life Ins. Co. (1998), 82 Ohio St.3d 426, 430, 696 N.E.2d 1001.* In such cases, "reliance *** may be sufficiently established by inference or presumption." *Hamilton, supra, 82 Ohio St.3d at 84.* Thus, appellants' argument that individualized proof of reliance is necessary is without merit.

[*P35] Finally, we note that even if there were a real question as to this point, any doubts about adequate representation, potential conflicts, or class affiliation [**17] should be resolved in favor of upholding the class, subject to the trial court's authority to amend or adjust its certification order as developing circumstances demand,

including the augmentation or substitution of representative parties. *Hamilton, supra,* 82 Ohio St.3d at 87.

[*P36] Appellants' third assignment of error is therefore overruled.

THE REQUIREMENTS OF CIV.R. 23(B)(3)

[*P37] Once it has been ascertained that the threshold requirements of Civ.R. 23(A) have been met, it is necessary to determine if the class action can be maintained under one of the provisions of Civ.R. 23(B). In their fourth assignment of error, appellants argue that the trial court abused its discretion in certifying the class because appellees did not satisfy any of the requirements of Civ.R. 23(B). Because the trial court certified the class solely pursuant to Civ.R. 23(B)(3), however, and because we conclude that it did not abuse its discretion in doing so, we will not address appellants' arguments regarding Civ.R. 23(B)(1) and (2).

[*P38] Civ.R. 23(B)(3) provides that in order to certify a class in an action for damages, the trial court must make two findings. [**18] First, it must find that questions of law or fact common to the members of the class predominate over any questions affecting only individual members; and second, the court must find that a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

[*P39] As the Ohio Supreme Court has stated, "It is not sufficient that common questions merely exist; rather, the common questions must represent a significant aspect of the case and they must be able to be resolved for all members of the class in a single adjudication. And, in determining whether a class action is a superior method of adjudication, the court must make a comparative evaluation of the other procedures available to determine whether a class action is sufficiently effective to justify the expenditure of judicial time and energy involved therein." *Schmidt v. Avco Corp. (1984), 15 Ohio St.3d 310, 313, 15 Ohio B. 439, 473 N.E.2d 822.*

[*P40] Appellants contend that appellees failed to establish that common questions of law and fact predominate over questions affecting individual class members and, further, that a class action is not a superior method of adjudication [**19] because a separate inquiry is necessary to decide the merits of each class member's claim. We disagree.

[*P41] The Ohio Supreme Court has noted on several occasions that class certification is warranted in situations where the questions of law and fact arise from identical or similar form documents, such as those used by Spitzer in this case.

[*P42] In *Cope v. Metropolitan Life Ins. Co. (1998), 82 Ohio St.3d 426, 696 N.E.2d 1001,* for example, the plaintiff-consumers alleged that defendant-life insurance companies had omitted a required disclosure from form documents in furtherance of their scheme to obtain higher commissions by selling existing MetLife policyholders policies that were classified as new when, in fact, the policies were replacement policies that should have been classified and charged for as such. The trial court and the court of appeals found that the plaintiffs had failed to satisfy Civ.R. 23(B)'s predominance and superiority requirements because an individual scrutiny of each transaction would be required to determine what the plaintiffs were told by their respective agents.

[*P43] The Ohio Supreme Court rejected this argument, [**20] however, noting that "it is now well established that 'a claim will meet the predominance requirement when there exists generalized evidence which proves or disproves an element on a simultaneous, class-wide basis, since such proof obviates the need to examine each class member's individual position.'" *Id.,* quoting *Lockwood Motors, Inc. v. Gen. Motors Corp. (D.Minn.1995), 162 F.R.D. 569, 580.* The court also noted that courts "generally find that a wide variety of claims may be established by common proof in cases involving similar form documents or the use of standardized procedures and practices." *Id. at 430.* Accordingly, the court concluded that the trial court had abused its discretion in denying class certification, stating, "Indeed, we cannot imagine a case more suited for class action treatment than this one. This case involves the use of form documents, standardized practices and procedures, common omissions spelled out in written contracts, and allegations of a widespread scheme to circumvent statutory and regulatory disclosure requirements ***." *Id. at 437.*

[*P44] Likewise, in *In re Consol. Mtge. Satisfaction Cases, supra,* 97 Ohio St.3d at 465, [**21] the defendants were mortgage lenders alleged to have systematically failed to timely file satisfactions of mortgages on behalf of residential borrowers whose loans had been fully paid. The plaintiffs sought recovery of statutory damages on behalf of themselves and others similarly situated. The defendants opposed class certification, arguing, as Spitzer does here, that individual issues predominated:

[*P45] "[Class defendants] contend, and the court of appeals found, that class certification is inappropriate because to determine liability *** 'each [class member] must establish his status as a residential mortgagor, the fact and the date of the satisfaction of the indebtedness, and the date that the satisfaction of the mortgage was recorded.' Thus, the appellate court concluded that the standard for compliance with the predominance requirement of Civ.R. 23(B)(3) could not be met because

'the proof of these elements requires a separate evidentiary showing on the part of each [class member]." *Id. at 468*.

[*P46] As in *Cope*, the Supreme Court rejected that argument, finding:

[*P47] "Clearly, the claims brought by each plaintiff invoke a common question of law: [**22] whether a particular lender violated its duty to record a satisfaction of mortgage. In resolving this common question, the trial court of course will be presented with different evidence relating to each lender's failure to record a satisfaction of a residential mortgage. While appellees assert that sifting through these facts in a class action suit will be arduous, we are not compelled to agree. The mere existence of different facts associated with the various members of a proposed class is not by itself a bar to certification of that class. If it were, then a great majority of motions for class certification would be denied. Civ.R. 23(B)(3) gives leeway in this regard and permits class certification when there are facts common to the class members." *Id. at 468*. Thus, the Supreme Court made clear that where the plaintiff's claims invoke a common question of law, the mere fact that evidence as to each transaction would have to be gathered did not preclude the finding of a common question of law or fact, nor did it preclude class certification.

[*P48] Here, as the trial court found, "the common questions of law and fact arise from the same form "buyer's agreement" with the pre-printed [**23] charge. The essence of each putative class member's complaint is the same and relates to the alleged improper charge made by Spitzer." Appellees allege a common scheme that can be proven through the use of form documents and standardized procedures, thus demonstrating a factual commonality among class members. Accordingly, the fact that some individual evidence will need to be gathered regarding each transaction does not preclude a finding that common questions predominate.

[*P49] We next consider whether a class action is the superior method to be utilized in achieving a fair and efficient adjudication of this controversy. As noted by the Ohio Supreme Court in *Hamilton*, "the purpose of Civ.R. 23(B)(3) was to bring within the fold of maintainable class actions cases in which the efficiency and economy of adjudication outweigh the interests of individual autonomy." Thus, the court noted, "this portion of the rule also was expected to be particularly helpful in enabling numerous persons who have small claims that might not be worth litigating in individual actions to combine their resources and bring an action to vindicate their collective rights." *Id., 82 Ohio St.3d at 80,* [**24] citing Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure (2 Ed. 1986), 518, Section 1777. The key to Civ.R. 23(B)(3) "should be whether the efficiency and economy of common adjudication outweigh the difficulties and complexity of individual treatment of class members' claims." *Carder Buick-Olds Co., Inc. v. Reynolds & Reynolds, Inc. (2002), 148 Ohio App.3d 635, 2002 Ohio 2912, 775 N.E.2d 531*, quoting *Blumenthal v. Medina Supply Co. (2000), 139 Ohio App.3d 283, 292, 743 N.E.2d 923*. In *Hamilton*, which, like this case, involved a defendant's practice of imposing allegedly improper costs on consumers through a standardized practice involving the use of form contracts, the Ohio Supreme Court described the reason for certification of the class as follows:

[*P50] "In this case, questions of law and fact which have already been shown to be common to [the class] arise from identical or similar form contracts. The gravamen of every complaint within [the class] is the same and relates to the use of standardized procedures and practices. No individual has attempted to institute a parallel action or to intervene in this action, and it is unlikely [**25] that any new suits will be filed given the relatively small individual recoveries and the massive duplication of time, effort and expense that would be involved. While the class is numerically substantial, it is certainly not so large as to be unwieldy. Class action treatment would eliminate any potential danger of varying or inconsistent judgments, while providing a forum for the vindication of rights of groups of people who individually would be without effective strength to litigate their claims. This appears to present the classic case for treatment as a class action, and cases involving similar claims or similar circumstances are routinely certified as such." *Hamilton, supra, 82 Ohio St.3d at 80*.

[*P51] Likewise, in this case, the claims of putative class members arise from form contracts and standardized procedures. It does not appear that any other actions respecting Spitzer's practices have been brought by individual class members, nor has any individual class member sought to intervene in this action. The potential recovery on an action brought individually would be relatively limited and expensive, whereas a forum for collective vindication would give [**26] class members a method to economically assert their rights. Finally, while the class is numerically substantial, it is not so large as to be unwieldy. Accordingly, the trial court did not abuse its discretion in finding that appellees had met the requirements of Civ.R. 23(B)(3) and certifying this as a class action.

[*P52] Appellants' fourth assignment of error is overruled.

APPELLANTS' MOTION FOR SUMMARY JUDGMENT

[*P53] Spitzer also appeals the trial court's order denying its motion for summary judgment regarding appellees' claims of fraud and negligent misrepresentation and for punitive damages. Appellees have moved to dismiss appellants' appeal regarding the denial of its motion for summary judgment, arguing that this court lacks jurisdiction to review the trial court's order because the trial court's order was not a final, appealable order.

[*P54] Section 3(B)(2), Article IV of the Ohio Constitution, states that "an appellate court shall have such jurisdiction as may be provided by law to review and affirm, modify or reverse judgments or final orders of the courts of record inferior to the court of appeals." To this end, *R.C. 2505.02* [**27] provides, in pertinent part:

[*P55] "(B) An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:

[*P56] "(2) An order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment[.]"

[*P57] "Substantial right" means "a right that the United States Constitution, the Ohio Constitution, a statute, the common law, or a rule of procedure entitles a person to enforce or protect." *R.C. 2505.02(A)(1)*.

[*P58] "Special proceeding" means "an action or proceeding that is specially created by statute and that prior to 1853 was not denoted as an action at law or a suit in equity." *R.C. 2505.02(A)(2)*.

[*P59] Relying upon *Deegan & McGarry v. Med-Cor (1998), 125 Ohio App.3d 449, 708 N.E.2d 1029*, appellants contend that appellees' underlying action, a claim for violation of the CSPA, is a special proceeding. Appellants further allege that "the substantial financial and labor resources that must be expended to defend against [appellees'] class action" are property [**28] interests that implicate a substantial right. Accordingly, appellants contend that the trial court's order denying their motion for summary judgment is a final, appealable order. We disagree.

[*P60] First, the "dispositive issue" presented in *Deegan* was whether an order granting class certification was a final, appealable order, not whether actions brought pursuant to the CSPA are actions brought in a special proceeding. *Deegan, 125 Ohio App.3d at 451*. Although the dissenting judge noted that a suit for money damages under the CSPA "is in the nature of a special proceeding that is conferred solely by statute," the majority dismissed the appeal, finding that the grant of class certification was not a final appealable order because class action suits were known at common law and, therefore, were not special proceedings as required by *R.C. 2505.02*. n1 Thus, *Deegan* does not stand for the proposition that actions brought pursuant to the CSPA are "special proceedings."

> n1 *R.C. 2505.02* has since been amended to provide that "an order that determines than an action may or may not be maintained as a class action" is a final, appealable order.

[**29]
[*P61] Even assuming, however, without deciding, that appellees' claims for violation of the CSPA are brought in a "special proceeding," it is apparent that the trial court's order denying appellants' motion for summary judgment did not affect a "substantial right." Although a party to litigation may incur substantial expenses, avoiding the potential payment of such expenses is not a "legal right entitled to enforcement and protection by law" nor did the trial court's order denying appellants' motion for summary judgment "deprive [appellants] of a remedy which [they] would otherwise possess." *Chef Italiano Corp. v. Kent State Univ. (1989), 44 Ohio St.3d 86, 88, 541 N.E.2d 64*.

[*P62] It is well-established that an order denying a motion for summary judgment is an interlocutory order not subject to immediate appeal. See, e.g., *Celebrezze v. Netzley (1990), 51 Ohio St.3d 89, 90, 554 N.E.2d 1292; State ex rel. Overmeyer v. Walinski (1966), 8 Ohio St.2d 23, 222 N.E.2d 312; McCabe/Marra Co. v. City of Dover (1995), 100 Ohio App.3d 139, 652 N.E.2d 236*.

[*P63] Lacking a final appealable order pursuant [**30] to *R.C. 2505.02* and Civ.R. 54(B), we have no jurisdiction to consider appellant's assignment of error regarding the trial court's order denying its motion for summary judgment and, therefore, we dismiss that portion of Spitzer's appeal.

Affirmed in part; dismissed in part.

It is ordered that appellees recover of appellants costs herein taxed.

The court finds there were reasonable grounds for this appeal. It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

TIMOTHY E. McMONAGLE

JUDGE

COLLEEN CONWAY COONEY, P.J. AND

ANTHONY O. CALABRESE, J. CONCUR.

N.B. This entry is an announcement of the court's decision. See App.R. 22(B), 22(D) and 26(A); Loc.App.R. 22. This decision will be journalized and will become the judgment and order of the court pursuant to App.R. 22(E) unless a motion for reconsideration with supporting brief, per App.R. 26(A), is filed within ten (10) days of the announcement of the court's decision. The time period for [**31] review by the Supreme Court of Ohio shall begin to run upon the journalization of this court's announcement of decision by the clerk per App.R. 22(E). See, also, S.Ct.Prac.R. II, Section 2(A)(1).

LEXSEE

Washington v. Spitzer Mgt., Inc.

2003-0975.

SUPREME COURT OF OHIO

*99 Ohio St. 3d 1543; 2003 Ohio 4671; 795 N.E.2d 682; 2003 Ohio LEXIS 2292*

**September 10, 2003, Decided**

**NOTICE:** [*1]   DECISION WITHOUT PUBLISHED OPINION

**PRIOR HISTORY:** Cuyahoga App. No. 81612, *2003 Ohio 1735. Washington v. Spitzer Mgmt., 2003 Ohio 1735, 2003 Ohio App. LEXIS 1640 (Ohio Ct. App., Cuyahoga County, Apr. 3, 2003)*

**JUDGES:** Lundberg Stratton, J., dissents.

**OPINION:**

   **APPEAL NOT ACCEPTED FOR REVIEW**

   Lundberg Stratton, J., dissents.