# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

PATRICIA DAFFIN            :     Case No. C-1-00 458

                    Plaintiff,    :     Judge Dlott

           v.                    :

                            :     **DECLARATION OF**

FORD MOTOR COMPANY    :     **THOMAS A. KUCZAJDA**

                   Defendant.    :

I, Thomas A. Kuczajda, declare as follows:

1.  I am an associate of O'Melveny & Myers LLP, and I am appearing in this action on behalf of defendant Ford Motor Company. I have personal knowledge of the following facts unless otherwise stated and could and would competently testify to them if called to do so in a court of law.

2.  Attached hereto as Tab 1 is a true and correct copy of the Settlement Agreement in *Meyer v. Nissan North America*, No. BC263136 (Cal. Super. Ct. July 25, 2003).

I declare under penalty of perjury that the foregoing is true and correct.

Executed on November 21, 2003 at Washington, DC.

_____
Thomas A. Kuczajda

DC1:568237.1

**TAB 1**

1   KEVIN P. RODDY (State Bar No. 128283)
    AMANDA L. HORN (State Bar No. 213891)
2   HAGENS BERMAN LLP
    700 South Flower Street, Suite 2940
3   Los Angeles, CA  90017-4101
    Telephone: (213) 330-7150
4           -and-
    STEVE W. BERMAN
5   SEAN R. MATT
    HAGENS BERMAN LLP
6   1301 Fifth Avenue, Suite 2900
    Seattle, WA  98101
7   Telephone: (206) 623-7292

8   JEFFREY S. GOLDENBERG
    JOHN C. MURDOCK
9   MURDOCK GOLDENBERG SCHNEIDER & GROH, LPA
    700 Walnut Street, Suite 400
10  Cincinnati, Ohio 45202
    Telephone:  (513) 345-8291

11

    Attorneys for Plaintiffs
12

**ORIGINAL FILED**

JUN 2 5 2003

**LOS ANGELES
SUPERIOR COURT**

13              SUPERIOR COURT OF THE STATE OF CALIFORNIA

14                   FOR THE COUNTY OF LOS ANGELES

15                   CENTRAL CIVIL WEST COURTHOUSE

16  ROBERT MEYER, Individually and on Behalf   )   Case No. BC263136
    of Himself and All Others Similarly Situated,  )
17                                              )   <u>CLASS ACTION</u>
                                  Plaintiff,    )
18                                              )   **SETTLEMENT AGREEMENT**
          v.                                    )
19                                              )
    NISSAN NORTH AMERICA, INC.,                 )
20                                              )   **Date:** August 14, 2003
                                  Defendant.    )   **Time:** 1:30 p.m.
21                                              )   **Dep't: 324 [Judge Victoria G. Chaney]**
                                                )   **Complaint Filed:** 12/06/2001
22

23          Plaintiff Robert Meyer ("Plaintiff"), on behalf of himself and the Settlement Class (as

24  defined below), and Defendant Nissan North America, Inc. ("NNA"), by and through their

25  respective counsel, hereby enter into this Settlement Agreement on this 25 day of July, 2003,

26  subject to the approval of the Court in *Meyer v. Nissan North America, Inc.*, Case No. BC263136

27  (Cal. Super. Ct.).

28

---

SETTLEMENT AGREEMENT

1    **WHEREAS** on December 6, 2001, Plaintiff filed against NNA, in the Superior Court of the

2    State of California for the County of Los Angeles, an action captioned *Meyer v. Nissan North*

3    *America, Inc.*, Case No. BC263136, seeking to represent a nationwide class of all persons in the

4    United States who own or lease 1999 and 2000 model-year Nissan Quest minivans, and alleging

5    that NNA breached the terms of the express warranty and the contract provided to such persons and

6    violated California's Unfair Competition Law, Consumers Legal Remedies Act, Song-Beverly

7    Consumer Warranty Act, and False Advertising Statute ("the Action");

8    **WHEREAS** the Court in the Action has ordered dismissed Plaintiff's claims under the

9    Consumer Legal Remedies Act, the Song-Beverly Consumer Warranty Act, and the False

10   Advertising Statute;

11   **WHEREAS** NNA's third demurrer and fourth and fifth motions to strike addressed to

12   Plaintiff's Second Amended Complaint are pending before the Court in the Action;

13   **WHEREAS** NNA has denied and continues to deny all claims alleged by Plaintiff in the

14   Action and any wrongdoing or liability of any kind;

15   **WHEREAS** Plaintiff, by and through his attorneys of record in the Action, has conducted

16   extensive discovery and a thorough examination and investigation of the facts and law relating to

17   all matters set forth in Plaintiff's Complaint, First Amended Complaint, and Second Amended

18   Complaint in the Action;

19   **WHEREAS** the parties to this Settlement Agreement have concluded that settlement is

20   desirable to avoid the time, expense, and inherent uncertainties of prosecuting and defending

21   protracted litigation and to resolve finally and completely the pending and potential claims of

22   Plaintiff and all persons in the Settlement Class (as defined below) relating to or arising out of the

23   matters alleged in Plaintiff's pleadings in the Action;

2

SETTLEMENT AGREEMENT

**WHEREAS** extensive arm's-length settlement negotiations have taken place between Class Counsel (as defined below) and NNA and, as a result, the parties to this Settlement Agreement have now reached an agreement, subject to Court approval, providing for a nationwide resolution of the claims relating to or arising out of the matters alleged in Plaintiff's pleadings in the Action; and

**WHEREAS** Plaintiff and Class Counsel (as defined below) have examined and considered the benefits to be provided to the Settlement Class (as defined below) by this Settlement Agreement and believe that the settlement offers significant and meaningful benefits to all persons in the Settlement Class and is fair, reasonable, adequate, and in the best interest of all persons in the Settlement Class, taking into account the risks of litigation and the length of time that would be required to complete the litigation, including any appeals;

**NOW, THEREFORE**, Plaintiff and NNA agree as follows:

I.    **DEFINITIONS**

As used in this Settlement Agreement, and solely for the purpose of consummating and implementing this Settlement Agreement, the following terms shall have the meanings set forth below.

A. **Action**.  "Action" shall mean the lawsuit that Plaintiff commenced against NNA on December 6, 2001, in the Superior Court of the State of California for the County of Los Angeles, Case No. BC263136.

B. **Applicable Warranty Period**.    "Applicable Warranty Period" shall mean the following: (1) For all 1999 and 2000 model year Nissan Quests owned or leased by persons who, when they seek or sought warranty service, are or were residents of states other than California, the 5-year or 60,000-mile Powertrain Limited Warranty; (2) for 1999 and 2000 model year Nissan Quests owned or leased by persons who, when they seek or sought warranty service, are or were

3

SETTLEMENT AGREEMENT

residents of the State of California, the 7-year or 70,000-mile California Emission Long-Term Defect Warranty; (3) if a Settlement Class Member (as defined below) purchased from NNA an NNA extended warranty (called the Security Plus Vehicle Protection Plan), the time and mileage provided for in the plan purchased, if the extended warranty provides coverage greater than the otherwise Applicable Warranty Period as defined in this paragraph I.B.

C. **Claim Form and Instructions.** "Claim Form and Instructions" shall mean the form attached hereto as Exhibit "A," to be approved by the Court and thereafter made available to Settlement Class Members (as defined below) to provide them with instructions and for them to complete, sign under penalty of perjury, and submit to the Settlement Administrator (as defined below) to request a reimbursement payment for a Cleaning Procedure (as defined below) or a throttle body assembly replacement in accordance with paragraph IV.B of this Settlement Agreement.

D. **Class Counsel.** "Class Counsel" shall mean the law firms of Murdock Goldenberg Schneider & Groh, LPA, by John C. Murdock and Jeffrey S. Goldenberg, and Hagens Berman LLP, by Steve W. Berman, Sean R. Matt, and Kevin P. Roddy.

E. **Class Settlement.** "Class Settlement" shall mean the settlement provided by the totality of all terms and conditions in this Settlement Agreement.

F. **Cleaning Procedure.** "Cleaning Procedure" shall mean the cleaning procedure that is described in NNA Technical Service Bulletin dated October 17, 2000 (Reference NTB00-083), and is intended to remove deposits from the throttle body assembly in a 1999 or 2000 model year Nissan Quest.

G. **Court.** "Court" shall mean Department 324 of the Superior Court of the State of California for the County of Los Angeles.

4

SETTLEMENT AGREEMENT

H. **Effective Date.** "Effective Date" shall mean the first date after all the following have occurred: (i) The Court has entered both the Preliminary Approval Order (as defined below) and the Final Approval Order (as defined below); (ii) the time for all objections, appeals, and other challenges, both in the Court and on appeal, to the Class Settlement, the Final Approval Order (as defined below), and the judgment in the Final Approval Order has elapsed; and (iii) the Class Settlement, Final Approval Order, and judgment in the Final Approval Order have become final, either because no timely objection, appeal, or other challenge was made to them or because every timely challenge has been finally adjudicated and rejected and no further appeal to any court, including by writ of certiorari or other extraordinary writ, can be taken.

I. **Fairness Hearing.** "Fairness Hearing" shall mean the final hearing, to be held after notice has been provided to the Settlement Class (as defined below) in accordance with paragraph IV.A of this Settlement Agreement, (1) to determine whether to grant final approval to (a) the certification of the Settlement Class, (b) the designation of Plaintiff as the representative of the Settlement Class, (c) the designation of Class Counsel as counsel for the Settlement Class, and (d) the Class Settlement (as defined below); (2) to rule on Class Counsel's application for an award of attorneys' fees and reimbursement of expenses; and (3) to consider whether to enter the Final Approval Order (as defined below).

J. **Final Approval Order.** "Final Approval Order" shall mean the proposed Order Granting Final Approval to Class Settlement and Entry of Final Judgment to be entered by the Court in the form attached here to as Exhibit "B."

K. **Increased pedal resistance.** "Increased pedal resistance" shall mean a condition in which, to increase the speed of a 1999 or 2000 model year Nissan Quest minivan (including from a stop), the driver of the vehicle must apply greater force than is required in the same vehicle in the

5

---

SETTLEMENT AGREEMENT

absence of an accumulation of carbonous deposits, visible to the naked eye of any ordinary person, in the vehicle's throttle body assembly.

L. **NNA.** "NNA" shall mean Nissan North America, Inc., and its successors and assigns.

M. **Opt-Outs.** "Opt-Outs" shall mean persons in the Settlement Class who elect to be excluded from the Class Settlement in the manner described in paragraph V.A. of this Settlement Agreement.

N. **Opt-Out Period.** "Opt-Out Period" shall mean the period prescribed by the Court for persons to elect to be excluded from the Class Settlement in the manner described in paragraph V.A. of this Settlement Agreement.

O. **Parties.** "Parties" shall mean Plaintiff and NNA.

P. **Person.** "Person" shall mean any natural person, individual, corporation, partnership, business organization or association, or any other type of legal entity.

Q. **Plaintiff.** "Plaintiff" shall mean Robert Meyer, the named plaintiff in the Action.

R. **Preliminary Approval Order.** "Preliminary Approval Order" shall mean the proposed Order Granting Preliminary Approval to Class Settlement, to be entered by the Court in the form attached hereto as Exhibit "C."

S. **Released Claims.** "Released Claims" shall mean all claims, actions, causes of action, administrative claims, demands, debts, damages, costs, attorney's fees, obligations, judgments, expenses, compensation, or liabilities, in law or in equity, whether now known or unknown, contingent or absolute, other than claims for personal injury or wrongful death, that Plaintiff or any Person in the Settlement Class (as defined below) now has or, absent this Settlement Agreement, may in the future have had, against any of the Releasees (as defined below), by reason of any act, omission, harm, matter, cause, or event whatsoever that has occurred at any time up to and including the Effective Date, has been alleged or could have been alleged in the Action, and relates

6

SETTLEMENT AGREEMENT

to any act, omission, breach, defect, harm, matter, cause, or event whatsoever alleged in any pleading in the Action or arising out of the initiation, defense, or settlement of the Action.

T. **Releasees**. "Releasees" shall mean (a) NNA, together with its predecessors and successors in interest and its present and former parents, subsidiaries, affiliates, and assigns, whether foreign or domestic; (b) the respective past, present, and future officers, directors, agents, representatives, servants, employees, attorneys, and insurers, whether foreign or domestic, of each Person listed above in this paragraph I.T; and (c) all suppliers, distributors, wholesalers, dealers, retailers, licensors, licensees, franchisees, public relations firms, advertising and production agencies, and other entities, whether foreign or domestic, who were or are in, or played any role in, the chain of design, testing, manufacture, assembly, distribution, marketing, sale, lease, installation, or servicing of 1999 or 2000 model year Nissan Quests or their components.

U. **Settlement Administrator**. "Settlement Administrator" shall mean Rosenthal & Company LLC, 35 Leveroni Court, Suite 150, Novato, California 94949, the entity selected by the Parties to administer the Class Settlement in accordance with paragraphs III.B.5, IV, V, and VI of this Settlement Agreement.

V. **Settlement Agreement or Agreement**. "Settlement Agreement" or "Agreement" shall mean this Settlement Agreement and the exhibits attached hereto.

W. **Settlement Class**. "Settlement Class" shall mean all Persons in the United States (including the District of Columbia) who purchased or leased a 1999 or 2000 model year Nissan Quest on or before _____, 2003 [insert date 14 days prior to Court's entry of Preliminary Approval Order].

X. **Settlement Class Members**. "Settlement Class Members" shall mean all Persons in the Settlement Class who do not exclude themselves from the Class Settlement in the manner and time prescribed in paragraph V of this Settlement Agreement.

7

Y. **Settlement Notice.** "Settlement Notice" shall mean the proposed form of written notice that is attached hereto as Exhibit "D" and is to be approved by the Court and disseminated to the Settlement Class in the manner described in paragraph IV.A of this Settlement Agreement.

Z. **Settling Parties.** "Settling Parties" shall mean Plaintiff, the Settlement Class Members, and NNA.

AA.     **Valid Claim.** "Valid Claim" shall mean a Claim Form that is timely submitted by a Settlement Class Member in accordance with paragraph IV.B of this Settlement Agreement, is signed under penalty of perjury by that Settlement Class Member, and contains all of the information, statements, and declarations specified in paragraph IV.B of this Settlement Agreement.

BB.     **Vehicles.** "Vehicles" shall mean 1999 and 2000 model year Nissan Quest minivans.

II.     **CONDITIONAL CERTIFICATION OF NATIONWIDE SETTLEMENT CLASS**

A. Solely for the purpose of consummating and implementing this Settlement Agreement, NNA stipulates to the conditional certification of the nationwide Settlement Class in the Action as set forth in the Preliminary Approval Order.  If for any reason the Effective Date does not occur, NNA's stipulation to the certification of the Settlement Class, or to any other class or subclass, shall be null and void.

B. This Settlement Agreement shall become null and void, no obligation on the part of either of the Parties will accrue, and the Parties shall return to their respective positions in the Action as those positions existed immediately before their execution of this Settlement Agreement, if (1) the Court declines to certify the Settlement Class as provided in the Preliminary Approval Order; (2) the Court alters any term of this Settlement Agreement in a manner that NNA believes to be to NNA's detriment or that Class Counsel believes to be to the Settlement Class' detriment,

8

1  or fails to enter the Preliminary Approval Order or the Final Approval Order in the form submitted

2  by the Parties; or (3) the number of members of the Settlement Class who exclude themselves from

3  the Settlement Class exceeds the maximum number of such exclusions separately agreed upon by

4
   the Parties; provided, however, that NNA may, in its sole discretion, waive one or more of its
5
6  rights under this paragraph II.B by providing to Class Counsel a written waiver expressly stating

7  NNA's intention to waive one or more of its rights under this paragraph II.B.

8  **III.    REQUIRED EVENTS**

9      Promptly after the Parties have executed this Settlement Agreement:

10     A. Class Counsel shall take all steps that are necessary to obtain the Court's approval of

11
   the Settlement Agreement and the Class Settlement and shall take all steps that are consistent with
12
13  this Settlement Agreement and necessary to obtain final judicial approval of the Class Settlement

14  and dismissal with prejudice of the Action.

15     B. To effectuate the requirements of paragraph III.A of this Settlement Agreement, Class

16  Counsel shall submit this Settlement Agreement to the Court, and the Parties shall jointly move the

17  Court to enter the Preliminary Approval Order, which by its terms shall accomplish all of the

18  following:

19
       1.      Preliminarily approve the Class Settlement and this Settlement Agreement as
20
21  fair and reasonable to the Settlement Class;

22        2.      Conditionally certify the Settlement Class as a nationwide class;

23        3.      Designate Plaintiff as the representative of the Settlement Class;

24        4.      Designate the law firms of Murdock Goldenberg Schneider & Groh, LPA,

25  by John C. Murdock and Jeffrey S. Goldenberg, and Hagens Berman LLP, by Steve W. Berman,

26  Sean R. Matt, and Kevin P. Roddy, as counsel for the Settlement Class;

27

28

SETTLEMENT AGREEMENT

5.    Designate Rosenthal & Company LLC as the administrator of the Class Settlement (the "Settlement Administrator") and instruct the Settlement Administrator to perform the following functions in accordance with the terms of this Settlement Agreement, the Preliminary Approval Order, and the Final Approval Order:

a.    Disseminate, in accordance with paragraph IV.A.1 of this Settlement Agreement, the Settlement Notice and the Claim Form and Instructions.

b.    Receive, evaluate, and either approve as meeting the requirements of paragraph IV.B of this Settlement Agreement or disapprove as failing to meet those requirements, Claim Forms sent by Persons seeking to receive reimbursement payments, all in accordance with paragraph IV.B of this Settlement Agreement.

c.    Provide to NNA and Class Counsel (i) a list of the names and addresses of all Settlement Class Members who have submitted Claim Forms and whose Claim Forms the Settlement Administrator has determined to be Valid Claims; (ii) a separate list of the names and addresses of all Persons who have submitted Claim Forms and whose Claims Forms the Settlement Administrator has determined not to be Valid Claims, together with a brief statement of the basis for each denial; and (iii) within 14 days following the date specified in the Preliminary Approval Order as the last date by which Claim Forms must be postmarked or received by the Settlement Administrator, copies of all Claim Forms, together with all documents (*e.g.*, receipts or similar supporting evidence referred to in paragraph IV.B below) submitted therewith by the claimants, all in accordance with paragraph IV.B. of this Settlement Agreement.

d.    Mail, to each Person who has submitted a Claim Form that, in accordance with paragraph IV.B of this Settlement Agreement, the Settlement Administrator has determined not to be a Valid Claim, a Notice of Claim Denial in the form attached hereto as Exhibit E, all in accordance with paragraph IV.B of this Settlement Agreement.

10

SETTLEMENT AGREEMENT

e.  Mail, to each Person who has submitted a Claim Form that, in accordance with paragraph IV.B of this Settlement Agreement, has been finally determined by the Court not to be a Valid Claim, a Final Notice of Claim Denial in the form attached hereto as Exhibit F, all in accordance with paragraph IV.B of this Settlement Agreement.

f.  Process requests for exclusion from the Class Settlement in accordance with paragraph V of this Settlement Agreement.

g.  Process objections to the Class Settlement in accordance with paragraph VI of this Settlement Agreement.

6.  Approve the form, contents, and method of notice to be given to the Settlement Class as set forth in paragraph IV.A.1 of this Settlement Agreement, and direct NNA to provide, and cause to be provided, such notice and to file with the Court a declaration of compliance with those notice requirements, as set forth in paragraph IV.A.5 of this Settlement Agreement;

7.  Establish procedures and schedule deadlines for Persons in the Settlement Class to object to the Class Settlement or certification of the Settlement Class, to exclude themselves from the Class Settlement, and to submit Claim Forms to the Settlement Administrator, all consistent with paragraphs IV.B, V, and VI of this Settlement Agreement;

8.  Schedule the Fairness Hearing for a date approximately, but no fewer than, 150 days after the date of the Preliminary Approval Hearing; and

9.  Schedule deadlines for the filing of (a) papers in support of final approval of the Settlement Class, designation of Plaintiff as the representative of the Settlement Class, appointment of Class Counsel as counsel for the Settlement Class, and the Class Settlement; (b) Class Counsel's application for an award of attorneys' fees and reimbursement of expenses; and (c) objections to certification of the Settlement Class, to the designation of Plaintiff as the

11

SETTLEMENT AGREEMENT

1   representative of the Settlement Class, to the appointment of Class Counsel as counsel for the

2   Settlement Class, or to the Class Settlement.

3           C.  At the Fairness Hearing the Parties will jointly request the Court to enter the Final

4
    Approval Order, which (1) grants final approval of the certification of the Settlement Class,
5
    designation of Plaintiff as the representative of the Settlement Class, and designation of Class
6
7   Counsel as counsel for the Settlement Class, all as conditionally approved in the Preliminary

8   Approval Order; (2) grants final approval of the Class Settlement and this Settlement Agreement as

9   fair, reasonable, and adequate to the Settlement Class; (3) provides for the release of all Released

10  Claims and enjoins Settlement Class Members from prosecuting any of the Released Claims in the

11
    future; (4) orders the dismissal with prejudice of all claims, causes of action, and counts alleged in
12
    the Action, and incorporates the releases and covenant not to sue stated in this Settlement
13
14  Agreement, with each of the Parties to bear its or his own costs and attorneys' fees, except as

15  provided in paragraph IV.E below; and (5) preserves the Court's continuing jurisdiction over the

16  administration of the Class Settlement and enforcement of this Settlement Agreement.

17          D.  Plaintiff, Class Counsel, and NNA will cooperate and take all reasonable actions to

18  accomplish the above.  If the Court fails to enter either the Preliminary Approval Order or the Final

19
    Approval Order, Plaintiff, Class Counsel, and NNA will use all reasonable efforts that are
20
    consistent with this Settlement Agreement to cure any defect identified by the Court.  If, despite
21
22  such efforts, the Court does not enter the Preliminary Approval Order and Final Approval Order,

23  the Parties will return to their prior positions in the Action, in accordance with paragraph II of this

24  Settlement Agreement.

25  IV.     SETTLEMENT TERMS

26          A.  Class Notice

27

28

---

12

SETTLEMENT AGREEMENT

1            1.      As soon as practicable, but no later than 75 days after the Court's entry of

2    the Preliminary Approval Order, NNA shall cause to be sent by the Settlement Administrator, by

3    first-class United States Mail, to every Person in the Settlement Class who reasonably can be

4     
5    identified in NNA's records of original and current purchasers and lessees of Vehicles and in

6    supplemental vehicle-registration information to be obtained by NNA from R.L. Polk & Co., a copy

7    of the Settlement Notice and one Claim Form and one set of Instructions.  Before the Settlement

8    Administrator mails such copies of the Settlement Notice, Claim Forms, and Instructions, NNA

9    shall provide to Class Counsel information describing the scope of its owner/lessee records and the

10   R.L. Polk & Co. information used to determine the addressees and how those records are maintained

11   and updated.  Before mailing such notices, Claim Forms, and Instructions, the Settlement

12    
13   Administrator will obtain address updates utilizing a National Change of Address database.  In

14   mailing such notices, Claim Forms, and Instructions, the Settlement Administrator will utilize any

15   updated addresses thus obtained.  A copy of the Settlement Notice, Claim Form, and Instructions

16   also will be posted on Class Counsel's website, www.hagens-berman.com, and linked to NNA's

17   website, www.nissanusa.com.

18           2.      The Parties agree that the Settlement Notice provides to the Settlement Class

19    
20   information sufficient to inform Persons in the Settlement Class of the essential terms of this

21   Settlement Agreement; appropriate means for obtaining additional information regarding the

22   Settlement Agreement and the Action; appropriate information about the procedures for Persons in

23   the Settlement Class to object to the Class Settlement or to exclude themselves from the Class

24   Settlement, if they should wish to do so; and appropriate means for and information about

25   submitting a Claim Form.

26           3.      The Parties agree that the dissemination of the Settlement Notice by mail

27   and world-wide web in the manner specified above in paragraph IV.A.1 satisfies the notice

28    

13

1   requirements of due process and California law and would, if the Action had been brought in a

2   federal court, satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure.

3       4.      The Parties will jointly request the Court to approve, in the Preliminary

4   Approval Order, the dissemination of the Settlement Notice, one Claim Form, and one set of

5   Instructions as set forth above in paragraph IV.A.1.

6

7       5.      Within 85 days after the Court's entry of the Preliminary Approval Order,

8   NNA will file with the Court, and provide to Class Counsel a copy of, a declaration of compliance

9   with this plan of notice, including a statement of the number of persons to whom the Settlement

10  Notice, one Claim Form, and one set of Instructions were mailed.

11      B.  Compensation to Settlement Class Members

12      1.      NNA will compensate each Settlement Class Member who (a) during a

13  period in which the Settlement Class Member owned or leased a Vehicle that was still within the

14

15  Applicable Warranty Period for that Vehicle, and both before the date on which the Settlement

16  Class Member received the Settlement Notice and on or before the date that is 85 days after the date

17  the Court enters the Preliminary Approval Order, paid for either a Cleaning Procedure or the

18  installation of a new throttle body assembly necessitated by increased pedal resistance resulting

19  from a build-up of deposits in the throttle body assembly; and (b) submits to the Settlement

20  Administrator, within the time specified in the Preliminary Approval Order, a properly completed

21  and signed Claim Form and copies of receipts or similar documentary evidence, such as work

22

23  orders, showing the exact amount the Settlement Class Member paid for that Cleaning Procedure or

24  replacement throttle body assembly (including any tax for which the Settlement Class Member

25  seeks to be reimbursed).  If, during a period in which the Settlement Class Member owned or leased

26  a Vehicle that was still within the Applicable Warranty Period for that Vehicle, the Settlement Class

27

28  Member paid for more than one Cleaning Procedure, or for the installation of more than one new

14

SETTLEMENT AGREEMENT

throttle body assembly, necessitated by increased pedal resistance resulting from a build-up of deposits in the throttle body assembly, NNA will compensate the Settlement Class Member for each such payment as to which the Settlement Class Member timely meets the requirements set forth in this paragraph IV.B.1.

2.    Each Settlement Class Member who, during a period in which the Settlement Class Member owned or leased a Vehicle that was still within the Applicable Warranty Period for that Vehicle, and both before the date on which the Settlement Class Member received the Settlement Notice and on or before the date that is 85 days after the date the Court enters the Preliminary Approval Order, paid for either a Cleaning Procedure or for the installation of a new throttle body assembly necessitated by increased pedal resistance resulting from a build-up of deposits in the throttle body assembly, but who does not provide copies of receipts or similar documentary evidence, such as work orders, showing the exact amount paid for each such service, shall be eligible to receive from NNA one settlement check, in a sum of no more than $75.00, as payment in full for the aggregate of all such Cleaning Procedures or replacements for which the Settlement Class Member claims to have paid, but for which the Settlement Class Member fails to submit receipts or similar documentary evidence as described in paragraph IV.B.1 of this Settlement Agreement.

3.    To receive a settlement reimbursement payment pursuant to paragraph IV.B.2 of this Settlement Agreement, a Settlement Class Member meeting the requirements of that paragraph must execute and submit to the Settlement Administrator, for each such Cleaning Procedure or replacement, within the time specified in the Preliminary Approval Order, (a) a properly completed and signed Claim Form; and (b) on the Claim Form, the name, address, and telephone number of the service facility that performed each such cleaning or replacement; the year and approximate month in which each such cleaning or replacement was performed; the

15

SETTLEMENT AGREEMENT

1  approximate mileage on the vehicle when each such throttle body cleaning or replacement was

2  performed; and the amount the Settlement Class Member claims to be his or her best recollection of

3  the amount actually paid for each such cleaning or replacement.

4          4.      Within 14 days following the date specified in the Preliminary Approval

5  Order as the last date by which Claim Forms must be postmarked or received by the Settlement

6  Administrator, the Settlement Administrator shall provide to NNA's counsel and to Class Counsel

7  copies of all Claim Forms, together with all documents (*e.g.*, receipts and similar evidence as

8  referred to in paragraph IV.B.1 above) submitted therewith by the claimants.  The Settlement

9  Administrator also shall provide to NNA's counsel and Class Counsel, no more than every other

10 month, regular updates, at the request of either NNA's counsel or Class Counsel, as to the number

11 of Claim Forms received and whether any administrative problems have arisen.

12         5.      If, after 60 days from the entry by the Court of the Final Approval Order and

13 the judgment therein, no notice of appeal of the judgment or any order in the Action has been filed,

14 the time provided for in Rule 2 of the California Rules of Court to take any such appeal has expired,

15 and any right to take any such appeal has been waived or otherwise lost, or if each such appeal that

16 has been taken has been finally adjudicated and the judgment and Final Approval Order have been

17 upheld in all respects by each such final adjudication, the Settlement Administrator, shall, as soon

18 thereafter as reasonably practicable, do each of the following:  (1) Adjudicate all claims submitted

19 in Claim Forms in connection with the Class Settlement; and (2) after all claims have been

20 adjudicated by the Settlement Administrator as being either Valid Claims or not Valid Claims, do

21 each of the following:  (a) Send to NNA's counsel and Class Counsel, by first-class United States

22 Mail, a list of all claims (*i.e.*, claimant's name, address, and Vehicle Identification Number)

23 determined by the Settlement Administrator to be Valid Claims ("the Valid Claims List") and a

24 separate list of the names and addresses of all Persons who have submitted Claim Forms and whose

1   Claims Forms the Settlement Administrator has determined not to be Valid Claims, including a brief

2   statement of the basis for each such denial ("the Disapproved Claims List"); and (b) mail, by first-

3   class United States Mail, to all claimants whose claims have been determined by the Settlement

4   Administrator not to be Valid Claims, notice, in the form of the Notice of Claim Denial in Exhibit E

5   hereto, that their claims have been denied by the Settlement Administrator.

6

7          6.      If any claimant whose claim the Settlement Administrator has denied wishes

8   to challenge the denial, the claimant may commence a review of the denial by mailing to Class

9   Counsel, by first-class United States Mail, within 30 days after the Settlement Administrator has

10  mailed to the claimant a Notice of Claim Denial, a copy of the claim and the Notice of Claim

11  Denial. Class Counsel shall then promptly attempt to resolve the disputed claim with NNA. If,

12  within 14 days after having received the claim documents from the claimant, Class Counsel have

13  been unable to resolve the dispute through good-faith negotiation with NNA, Class Counsel shall,

14  within 21 days after having received the claim from the claimant, so notify the claimant by first-

15  class United States Mail and, with the notification, inform the claimant that (i) the claimant may,

16

17  within 14 days after Class Counsel have mailed the notification, file with the Court a motion for

18  judicial review of the Settlement Administrator's denial; (ii) any such motion must be accompanied

19  by a written statement of the basis for challenging the Settlement Administrator's denial, together

20  with any documentary evidence supporting the challenge; and (iii) copies of the motion and

21  accompanying materials must be mailed to Class Counsel and counsel for NNA, by first-class

22  United States Mail, within 14 days after Class Counsel have mailed the notification to the claimant.

23  Within 14 days after a claimant has mailed any such motion and accompanying materials to Class

24  Counsel and counsel for NNA, NNA may file a written opposition to the motion, together with any

25  documentary evidence supporting the opposition, and Class Counsel may file a written

26

27  memorandum in support, together with any supporting documentary evidence. The Court will rule

28

17

SETTLEMENT AGREEMENT

1  on the motion based solely on the written motion and statement, the written opposition, any

2  memorandum in support submitted by Class Counsel, and any documentary evidence submitted

3  with any of them.  The resolution of any claims by this process shall not affect the finality of the

4  Final Approval Order or the judgment therein.

5

6        7.        NNA may object to any claim made by a Settlement Class Member and

7  approved by the Settlement Administrator as a Valid Claim, if the claim appears to NNA to be

8  fraudulent or not in compliance with the requirements of this Settlement Agreement.  To challenge

9  the Settlement Administrator's approval of any claim as a Valid Claim, NNA must, within 30 days

10  after NNA has received from the Settlement Administrator the Valid Claims List pursuant to

11  paragraph IV.B.5 above, mail to Class Counsel, by first-class United States Mail, written notice of

12  NNA's objection.  NNA and Class Counsel will attempt in good faith to resolve each such

13  objection.  If NNA and Class Counsel are unable to resolve an objection within 20 days after NNA

14  has mailed to Class Counsel the written notice of NNA's objection, NNA will, within 30 days after

15  having mailed to Class Counsel the written notice of NNA's objection, file with the Court a motion

16  for judicial review of the Settlement Administrator's approval of the disputed claim.  Any such

17  motion shall be accompanied by a written statement of NNA's basis for challenging the Settlement

18  Administrator's approval, together with any documentary evidence supporting the challenge.  NNA

19  shall serve on the claimant and Class Counsel, by first-class United States Mail, copies of the

20  motion and accompanying materials.  Within 20 days after NNA has mailed the motion and

21  accompanying materials to Class Counsel, the claimant (on his own behalf, by separate counsel, or

22  by Class Counsel on the claimant's behalf) may file and serve on NNA's counsel a written

23  opposition to NNA's motion, together with any documentary evidence supporting the opposition.

24  The Court will rule on the motion based solely on the written motion and statement, the written

25  opposition, and any documentary evidence submitted with either of them.  The resolution of any

26

27

28

18

SETTLEMENT AGREEMENT

1  claim by this process shall not affect the finality of the Final Approval Order or the judgment

2  therein.

3          8.      Each payment required to be made to a claimant pursuant to paragraphs

4  IV.B.1 through IV.B.7 shall be made by NNA by sending, or causing to be sent, a check to the

5  claimant, by first-class United States Mail, (a) within 40 days after NNA's receipt from the

6

7  Settlement Administrator of written notice stating that the Settlement Administrator or the Court has

8  approved the claimant's claim and stating the amount to be paid to the claimant, if NNA has not

9  timely notified Class Counsel of an objection pursuant to paragraph IV.B.7 above, or (b) within 10

10  days after NNA receives notice that the Court has denied NNA's motion and objections pursuant to

11  paragraph IV.B.7 above. If the Court denies a claim pursuant to paragraph IV.B.6 or IV.B.7, NNA

12  shall promptly send to the Settlement Administrator written notice of the denial, and the Settlement

13  Administrator shall send to the claimant, within 10 days after the Settlement Administrator receives

14  from NNA notice of the Court's decision denying payment, a Final Notice of Claim Denial in the

15  form attached hereto as Exhibit F.

16

17          9.      If any notice of an appeal from the Final Approval Order or judgment

18  therein is timely filed by any party, objector, claimant, or other Person, the Class Settlement shall

19  not be or become final or effective, and NNA shall have no obligation to make any payment to any

20  Settlement Class Member, until ten business days after each such appeal has been finally

21  adjudicated and the Final Approval Order and the judgment therein have been upheld in all respects

22  by that final adjudication.

23

24      C.  Cleaning Procedures During Applicable Warranty Period

25          1.      If a Settlement Class Member presents to an authorized NNA dealership a

26  Vehicle owned or leased by that Settlement Class Member and informs the authorized NNA

27  dealership that the Vehicle is experiencing increased pedal resistance, and if the authorized NNA

28

19

---

SETTLEMENT AGREEMENT

dealership confirms that the Vehicle is within its Applicable Warranty Period and performs the Cleaning Procedure, NNA shall cover the Cleaning Procedure under warranty.

2.    NNA shall provide to all of NNA's authorized Nissan dealerships throughout the United States a notice, in the form attached hereto as Exhibit G, instructing them that, when the conditions set forth in paragraph IV.C.1 of this Settlement Agreement are satisfied, future Cleaning Procedures are to be performed under warranty at no charge to Settlement Class Members during the Applicable Warranty Period.

3.    If a Settlement Class Member directly informs NNA, by contacting NNA's Customer Assistance Request Department or calling a toll-free number provided in the warranty section of the owner's manuals for 1999 or 2000 model year Nissan Quests, that the Settlement Class Member's Vehicle is experiencing increased pedal resistance, NNA shall inform the Settlement Class Member that (1) the Vehicle may need a Cleaning Procedure, and (2) NNA's authorized Nissan dealerships will perform the Cleaning Procedure under warranty at no cost to the Settlement Class Member if the Vehicle is within its Applicable Warranty Period.

4.    In the manner shown in Exhibit D, the Settlement Notice shall inform the Settlement Class that future Cleaning Procedures performed by authorized Nissan dealers are to be covered under warranty during the Vehicles' Applicable Warranty Period.

5.    Beginning on July 15, 2004, and continuing through January 15, 2008, NNA shall provide to Class Counsel a semi-annual update of warranty claims that were made pursuant to the terms of the Settlement Agreement and this Order and were recorded in NNA's warranty database in the six-month period preceding the update.

D.  Settlement Administrator

1.    NNA shall pay all fees and costs of the Settlement Administrator for services rendered by the Settlement Administrator in performing the tasks assigned to it by this Settlement

1  Agreement.  If NNA disputes the reasonableness of any invoice submitted to it by the Settlement

2  Administrator and the dispute is not resolved by NNA and the Settlement Administrator, either of

3  them may submit the dispute to the Court for a ruling by the Court applying its own Preliminary

4  Approval Order and Final Approval Order.

5
6          2.          The Settlement Administrator shall make available a web site that Settlement

7  Class Members can visit to obtain additional Claim Forms.  The Settlement Administrator also shall

8  establish a toll-free number that Settlement Class Members can call to obtain additional Claim

9  Forms and information about the Claims Forms.

10     E.   Attorneys' Fees and Costs

11          1.          NNA shall pay attorneys' fees and costs to Class Counsel in an amount to be

12  agreed upon by NNA and Class Counsel in further good-faith negotiations.  Any such agreed

13  amount will be subject to Court approval, which approval shall be stated in an order of the Court.

14
15          2.          If NNA and Class Counsel are unable to reach agreement on the amount of

16  attorney's fees and costs to be paid to Class Counsel by NNA, the Court will determine, approve,

17  and order the payment of that amount pursuant to an application by Class Counsel for fees and costs

18  and an evidentiary hearing.  At any such hearing, the Court will determine the monetary value of the

19  settlement to the Settlement Class, which monetary value as so determined shall be neither less than

20  $1,480,000 nor greater than $8,560,000.

21
22          3.          NNA shall not appeal the amount of any award of attorneys' fees and costs

23  agreed upon by NNA and Class Counsel or determined by the Court pursuant to the evidentiary

24  hearing referred to in paragraph IV.E.2 of this Settlement Agreement.

25          4.          If, after 60 days from the entry by the Court of the Final Approval Order and

26  the judgment therein, no notice of appeal of the judgment or any order in the Action has been filed,

27  the time provided for in Rule 2 of the California Rules of Court to take any such appeal has expired,

28

21

SETTLEMENT AGREEMENT

and any right to take any such appeal has been waived or otherwise lost, or if each such appeal that has been taken has been finally adjudicated and the judgment and Final Approval Order have been upheld in all respects by each such final adjudication, NNA shall, as soon as practicable, but within no more than ten additional days, pay to Class Counsel, in accordance with the terms of the Court's order granting Class Counsel's application for an award of attorneys' fees and expenses pursuant to paragraph IV.E.1 or IV.E.2 of this Settlement Agreement, the sum so awarded and approved by the Court. NNA shall make this payment by depositing through a wire exchange, into a Murdock Goldenberg Schneider & Groh, LPA account with Key Bank's location in downtown Cincinnati, Ohio, the sum so awarded and approved by the Court. Class Counsel shall provide to NNA in a timely manner all wiring and account information necessary to enable NNA to make such a deposit within the time required.

　　　　5.　　　　If any notice of an appeal from the Final Approval Order or from the judgment therein is timely filed by any party, objector, claimant, or other Person, the Class Settlement shall not be or become final or effective, and NNA shall not be obliged to make any payment to Class Counsel, until ten days after each such appeal has been finally adjudicated and the Final Approval Order and the judgment therein have been upheld in all respects by each such final adjudication.

F.　Payment to Class Representative

　　　　1.　　　　If, after 60 days from the entry by the Court of the Final Approval Order and the judgment therein, no notice of appeal of the judgment or any order in the Action has been filed, the time provided for in Rule 2 of the California Rules of Court to take any such appeal has expired, and any right to take any such appeal has been waived or otherwise lost, or if each such appeal that has been taken has been finally adjudicated and the judgment and Final Approval Order have been upheld in all respects by each such final adjudication, NNA shall, as soon as practicable, but within

22

SETTLEMENT AGREEMENT

ten additional days, pay to Plaintiff, as the class representative, an incentive award in an amount to be set by the Court. The amount awarded shall not exceed $5,000.00. NNA shall make this payment by depositing through a wire exchange, into the Murdock Goldenberg Schneider & Groh, LPA account specified in paragraph IV.E.4 above, in trust for the benefit of Plaintiff, the sum so awarded and approved by the Court. Class Counsel shall provide to NNA in a timely manner all wiring and account information necessary to enable NNA to make such a deposit within the time required.

        2.    If any notice of an appeal from the Final Approval Order or from the judgment therein is timely filed by any party, objector, claimant, or other Person, the Class Settlement will not be or become final or effective, and NNA shall not be obliged to make any payment to Plaintiff, until ten days after each such appeal has been finally adjudicated and the Final Approval Order and the judgment therein have been upheld in all respects by that final adjudication.

    G. Additional Termination Right

    Unless NNA provides to Class Counsel a waiver as described in paragraph II.B of this Settlement Agreement, no obligation on the part of NNA under this Settlement Agreement will accrue, and the Class Settlement will not be effective if either (a) the Court does not certify the Settlement Class or (b) the Court changes any of the terms of this Settlement Agreement submitted by the Parties for the Court's approval. In addition to whatever other termination rights are set forth in this Settlement Agreement, NNA has a right to terminate this Settlement Agreement in accordance with the terms reflected in Exhibit H hereto, which will be filed under seal.

**V.    REQUESTS FOR EXCLUSION FROM THE CLASS SETTLEMENT**

    A. Any Person in the Settlement Class may request exclusion from the Class Settlement by mailing or delivering to the Settlement Administrator a written request for exclusion from the Class Settlement ("Request for Exclusion"). All Requests for Exclusion must be postmarked or delivered

SETTLEMENT AGREEMENT

no later than the date specified in the Preliminary Approval Order. Such requests shall state the name, address, and telephone number of the Person requesting exclusion and a clear statement that the Person elects to be excluded from the Class Settlement and from any judgment entered pursuant to the Class Settlement.

B. Persons in the Settlement Class who submit timely Requests for Exclusion (such Persons are hereinafter referred to as "Opt-Outs") need not file an objection to the Class Settlement and shall be deemed to have waived any rights or benefits under this Settlement Agreement.

C. Commencing no later than ten business days following the completion of the mailing of the Settlement Notice as specified in paragraph IV.A.1 above, the Settlement Administrator shall provide to Class Counsel and NNA's counsel weekly written updates stating the number of Opt-Outs.

D. Not later than ten business days after the deadline for submission of Requests for Exclusion, the Settlement Administrator shall provide to Class Counsel and NNA's counsel a written list of the names of all Opt-Outs (the "Opt-Out List") and copies of the Requests for Exclusion. Class Counsel and NNA shall jointly report in writing to the Court, no less than three days before the Fairness Hearing, the names of all Opt-Outs.

## VI.    OBJECTIONS TO THE CLASS SETTLEMENT

A. The Preliminary Approval Order shall provide that any Person in the Settlement Class who wishes to object to the fairness, reasonableness, or adequacy of the Class Settlement or any aspect of the certification of the Settlement Class, the designation of Plaintiff as the representative of the Settlement Class, the appointment of Class Counsel as counsel for the Settlement Class, the Class Settlement, the Settlement Agreement, or Class Counsel's petition for an award of attorneys' fees and expenses, must file with the Court and serve on Class Counsel and NNA's counsel, at least 40 days before the date of the Final Approval Hearing, a written objection ("Objection").

Each Person in the Settlement Class making any such Objection ("Objector") must (1) include in the Objection the Objector's name, address, and telephone number, (2) state in an accompanying writing all Objections and the reasons therefore, and (3) attach all materials on which the Objector intends to rely in support of each Objection

B. The Preliminary Approval Order also shall provide that any Person wishing to appear at the Final Approval Hearing, either in person or by counsel, for the purpose of objecting to any aspect of the certification of the Settlement Class, the designation of Plaintiff as the representative of the Settlement Class, the appointment of Class Counsel as counsel for the Settlement Class, the Class Settlement, the Settlement Agreement, or Class Counsel's petition for an award of attorneys' fees and expenses, must file with the written Objection and serve, on Class Counsel and NNA's counsel, a notice of that Person's intention to appear and a summary of the nature and source of any evidence that Person intends to present at the Final Approval Hearing. Any Person in the Settlement Class who does not timely file such a written Objection and notice of intent to appear at the Fairness Hearing shall not be permitted to object at the Fairness Hearing to any aspect of the certification of the Settlement Class, the designation of Plaintiff as the representative of the Settlement Class, the appointment of Class Counsel as counsel for the Settlement Class, the Class Settlement, the Settlement Agreement, or Class Counsel's petition for an award of attorneys' fees and expenses. Any Person who does not timely file a written Objection shall be foreclosed from seeking review of any such matter, order, or judgment, by appeal or otherwise.

C. The Preliminary Approval Order also shall provide that any papers in response to any Objection filed regarding any matter to be heard at the Final Approval Hearing shall be filed with the Court and served on all Parties and on the objecting Person at least 10 days before the Final Approval Hearing.

## VII.    RELEASE, DISMISSAL AND JURISDICTION OF COURT

A.  By executing this Settlement Agreement, the Parties acknowledge that, upon entry of the Final Approval Order by the Court, the Action shall be dismissed with prejudice, an order of dismissal with prejudice shall be entered, and all Released Claims shall thereby be conclusively settled, compromised, satisfied, and released as to the Releasees.  The Final Approval Order shall provide for and effect the full and final release, by Plaintiff and all Settlement Class Members, of all Released Claims.

B.  The Released Claims include all known and unknown claims, actions, and causes of action, other than for personal injury and wrongful death, and this Settlement Agreement is expressly intended to cover and include all such claims, actions, and causes of action, for losses, injuries, or damages of any type other than personal injuries.  Settlement Class Members hereby expressly, knowingly, and voluntarily waive the provisions of Section 1542 of the California Civil Code, which provides as follows:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor.

Settlement Class Members expressly waive and relinquish all rights and benefits that they may have under, or that may be conferred upon them by, the provisions of Section 1542 of the California Civil Code, to the fullest extent that they may lawfully waive such rights or benefits pertaining to the Released Claims.  In connection with such waiver and relinquishment, the Settlement Class Members hereby acknowledge that they are aware that they or their attorneys may hereafter discover facts or non-personal-injury or non-wrongful-death claims or facts in addition to or different from those which they now know or believe to exist with respect to the Released Claims, but that it is their intention to hereby fully, finally, and forever settle and release all of the Released Claims, known or unknown, suspected or unsuspected, that they have against

26

Releasees, except for any personal injury or wrongful death claims. In furtherance of such intention, the release herein given by the Settlement Class Members to the Releasees shall be and remain in effect as a full and complete general release of all non-personal-injury and non-wrongful-death claims notwithstanding the discovery or existence of any such additional different claims or facts.

C. Upon entry by the Court of the Final Approval Order, Plaintiff and Class Counsel shall take all actions necessary to ensure that the Action is immediately dismissed with prejudice as to NNA.

D. Notwithstanding the above, the Court shall retain jurisdiction over the Parties and the Settlement Agreement with respect to the future performance of the terms of the Settlement Agreement, and to assure that all settlement payments are properly made.

E. Upon entry of the Final Approval Order by the Court, (i) enforcement of the Settlement Agreement shall be the exclusive remedy for Settlement Class Members with respect to all Released Claims of Settlement Class Members; and (ii) the Releasees shall not be subject to liability or expense of any kind to any of the Settlement Class Members, all of whom shall be permanently barred and enjoined from initiating, asserting, or prosecuting against any of the Releasees, in any federal or state court or tribunal, any Released Claim.

## VIII.  COVENANT NOT TO SUE

Plaintiff, on behalf of himself and the Settlement Class Members, (1) covenants and agrees that neither Plaintiff nor any of the Settlement Class Members, nor anyone authorized to act on behalf of any of them, will commence, authorize, or accept any benefit from any judicial or administrative action or proceeding, other than as expressly provided for in this Settlement Agreement, against Releasees, or any of them, in either their personal or corporate capacity, with respect to any claim, matter, or issue that in any way arises from, is based on, or relates to any

27
SETTLEMENT AGREEMENT

alleged loss, harm, or injury allegedly caused by Releasees, or any of them, in connection with the Released Claims; (2) waive and disclaim any right to any form of recovery, compensation, or other remedy in any such action or proceeding brought by them or on their behalf; and (3) agree that this Settlement Agreement shall be a complete bar to any such action or proceeding.

## IX.    REPRESENTATIONS, WARRANTIES AND COVENANTS

A.  Class Counsel who are signatories hereof represent and warrant that they have the authority, on behalf of Plaintiff, to execute, deliver, and perform this Settlement Agreement and to consummate the transactions contemplated hereby.  This Settlement Agreement has been duly and validly executed and delivered by Class Counsel and Plaintiff and constitutes their legal, valid, and binding obligation.

B.  NNA represents and warrants that it has authority to execute, deliver and perform this Settlement Agreement and to consummate the transactions contemplated hereby.  The execution, delivery, and performance by NNA of this Settlement Agreement, and the consummation by it of the actions contemplated hereby, have been duly authorized by all necessary corporate action on the part of NNA.  This Settlement Agreement has been duly and validly executed and delivered by NNA and constitutes its legal, valid, and binding obligation.

C.  Each of the Parties has had the opportunity to receive, and has received, independent legal advice from his or its attorneys regarding the advisability of making the Class Settlement, the advisability of executing this Settlement Agreement, and the legal and income-tax consequences of this Settlement Agreement, and fully understands and accepts the terms of this Settlement Agreement.

D.  Plaintiff represents and warrants that no portion of any claim, right, demand, action, or cause of action against any of the Releasees that Plaintiff has or may have arising out of the Action or pertaining to the design, manufacture, testing, marketing, purchase, use, sale, lease servicing, or

28

SETTLEMENT AGREEMENT

disposal of Vehicles or otherwise referred to in this Settlement Agreement, and no portion of any recovery or settlement to which Plaintiff may be entitled, has been assigned, transferred, or conveyed by or for Plaintiff in any manner; and no Person other than Plaintiff has any legal or equitable interest in the claims, demands, actions, or causes of action referred to in this Settlement Agreement as those of Plaintiff himself.

E.  Neither of the Parties relies or has relied on any statement, representation, omission, inducement, or promise of any other party (or any officer, agent, employee, representative, or attorney for any other party) in executing this Settlement Agreement, or in making the Settlement provided for herein, except as expressly stated in this Settlement Agreement.

F.  Each of the Parties has investigated the facts pertaining to the Settlement and this Settlement Agreement, and all matters pertaining thereto, to the full extent deemed necessary by that Party and his or its attorneys.

G.  Each of the Parties has carefully read, and knows and understands, the full contents of this Settlement Agreement and is voluntarily entering into this Settlement Agreement after having had the opportunity to consult with, and having in fact consulted with, his or its attorneys.

H.  Each term of this Settlement Agreement is contractual and not merely a recital.

## X.   MISCELLANEOUS PROVISIONS

A.  Neither this Settlement Agreement, approved or not approved, nor any exhibit, document, or instrument delivered hereunder, nor any statement, transaction, or proceeding in connection with the negotiation, execution, or implementation of this Settlement Agreement, is intended to be or shall be construed as or deemed to be evidence of any admission or concession by NNA of any liability or wrongdoing or of the truth of any allegation in any of Plaintiff's pleadings in the Action, for any purpose in any judicial or administrative action or proceeding, whether in

law or in equity, regardless of whether this Settlement Agreement and the Class Settlement ultimately become effective.

B.  The headings of the sections and paragraphs of this Settlement Agreement are included for convenience only and shall not be deemed to constitute part of this Settlement Agreement or to affect its construction.

C.  None of the terms of this Settlement Agreement is severable from the others.  If a court should rule that any term is void, illegal, or unenforceable for any reason, however, NNA, in its sole discretion, and Plaintiff, in his sole discretion (but acting in accord with his duties and obligations as representative of the Settlement Class), may elect to waive any such deficiency and proceed with the Settlement under the terms and conditions ultimately approved by the Court.

D.  This Settlement Agreement, including all appendices and exhibits attached hereto may not be modified or amended except in writing signed by both Parties hereto.

E.  This Settlement Agreement may be executed in one or more counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument.

F.  This Settlement Agreement shall be governed by and construed in accordance with the substantive laws of the State of California, without giving effect to any of its conflict of laws provisions.

G.  All of the Exhibits of this Settlement Agreement are material and integral parts hereof, and are fully incorporated herein by reference.

H.  This Settlement Agreement and the Exhibits hereto constitute the entire, fully integrated agreement among the Settling Parties and cancel and supersede all prior written and unwritten agreements and understandings pertaining to the settlement of the Action.  Except as otherwise stated in paragraph II above, each of the Parties, including Plaintiff on behalf of himself and the Settlement Class, expressly accepts and assumes the risk that, if facts or laws pertinent to matters

SETTLEMENT AGREEMENT

covered by this Settlement Agreement are hereafter found to be other than as now believed or assumed by that Party to be true or applicable, this Settlement Agreement shall nevertheless remain effective.

I.   The Parties reserve the right, subject to the Court's approval, to make any reasonable extension of time that might be necessary to carry out any of the provisions of this Settlement Agreement.

J.   Any notice, request, instruction, or other document to be given by any Party to this Settlement Agreement to any other Party to this Settlement Agreement (other than class notification) shall be in writing and delivered personally or sent by registered or certified mail, postage prepaid as follows:

To NNA:

Malcolm E. Wheeler                          G. Leland Dutcher, Jr.
Wheeler Trigg & Kennedy, P.C.               Senior Counsel
1801 California Street, Suite 3600          Nissan North America, Inc.
Denver, Colorado 80202-2617                 990 West 190th LStreet, M-8-A
                                            Torrance, California 90502

To Class Counsel:

Jeffrey S. Goldenberg                       Sean R. Matt
Murdock Goldenberg Schneider & Groh, LPA    Hagens Berman
700 Walnut Street, Suite 400                1301 Fifth Avenue; Suite 2900
Cincinnati, Ohio 45202-2011                 Seattle, Washington 98101

K.   All applications for Court approval or Court orders required or permitted under this Settlement Agreement shall be made with reasonable prior notice to both Parties.

L.   The determination of the terms of, and the drafting of, this Settlement Agreement including its exhibits, has been by mutual agreement after negotiation, with consideration by and participation of both Parties and their respective counsel. Because this Settlement Agreement was drafted with the participation of all Parties and their respective counsel, the presumption that ambiguities shall be construed against the drafter does not apply.   Each of the Parties was

31

SETTLEMENT AGREEMENT

represented by competent and effective counsel throughout the course of settlement negotiations and in the drafting and execution of this Settlement Agreement, and there was no disparity in bargaining power among the parties to this Settlement Agreement.

M. This Settlement Agreement is binding on, and shall inure to the benefit of, the Parties and their respective agents, employees, representatives, officers, directors, parents, subsidiaries, assigns, executors, administrators, insurers, and successors in interest. All Releasees other than NNA, which is one of the Parties, are intended to be and shall be deemed to be third-party beneficiaries of this Settlement Agreement.

**IN WITNESS WHEREOF,** the Parties and their respective counsel have executed this Settlement Agreement as of the date(s) indicated on the lines below.

_____        Date:  July 18 , 2003
Jeffrey S. Goldenberg
MURDOCK GOLDENBERG SCHNEIDER
& GROH, LPA


_____        Date:  July ___, 2003
Sean R. Matt
HAGENS BERMAN, LLP

**Counsel for Plaintiff and Settlement Class**


_____        Date:  July ___, 2003
Malcolm E. Wheeler
WHEELER TRIGG & KENNEDY, P.C.

_____        Date:  July ___, 2003
G. Leland Dutcher, Jr.
NISSAN NORTH AMERICA, INC.

**Counsel for Defendant Nissan North America, Inc.**

SETTLEMENT AGREEMENT

1  represented by competent and effective counsel throughout the course of settlement negotiations

2  and in the drafting and execution of this Settlement Agreement, and there was no disparity in

3  bargaining power among the parties to this Settlement Agreement.

4
   M. This Settlement Agreement is binding on, and shall inure to the benefit of, the Parties

5
   and their respective agents, employees, representatives, officers, directors, parents, subsidiaries,

6
7  assigns, executors, administrators, insurers, and successors in interest.  All Releasees other than

8  NNA, which is one of the Parties, are intended to be and shall be deemed to be third-party

9  beneficiaries of this Settlement Agreement.

10    **IN WITNESS WHEREOF,** the Parties and their respective counsel have executed this

11  Settlement Agreement as of the date(s) indicated on the lines below.

12

13

14  _____                    Date:   July ___, 2003
    Jeffrey S. Goldenberg
15  MURDOCK GOLDENBERG SCHNEIDER
     & GROH, LPA
16

17

18  _____                    Date:   July 25, 2003
    Sean R. Matt
19  HAGENS BERMAN, LLP

20  **Counsel for Plaintiff and Settlement Class**

21

22  _____                    Date:   July ___, 2003
    Malcolm E. Wheeler
23  WHEELER TRIGG & KENNEDY, P.C.

24

25  _____                    Date:   July ___, 2003
    G. Leland Dutcher, Jr.
26  NISSAN NORTH AMERICA, INC.

27  **Counsel for Defendant Nissan North America, Inc.**

28

                              32

1    represented by competent and effective counsel throughout the course of settlement negotiations

2    and in the drafting and execution of this Settlement Agreement, and there was no disparity in

3    bargaining power among the parties to this Settlement Agreement.

4        M. This Settlement Agreement is binding on, and shall inure to the benefit of, the Parties

5    and their respective agents, employees, representatives, officers, directors, parents, subsidiaries,

6    assigns, executors, administrators, insurers, and successors in interest.  All Releasees other than

7

8    NNA, which is one of the Parties, are intended to be and shall be deemed to be third-party

9    beneficiaries of this Settlement Agreement.

10       **IN WITNESS WHEREOF,** the Parties and their respective counsel have executed this

11   Settlement Agreement as of the date(s) indicated on the lines below.

12

13

14   _____          Date:  July ___, 2003
     Jeffrey S. Goldenberg
15   MURDOCK GOLDENBERG SCHNEIDER
      & GROH, LPA
16

17

18   _____          Date:  July ___, 2003
     Sean R. Matt
19   HAGENS BERMAN, LLP

20   **Counsel for Plaintiff and Settlement Class**

21

22   _Malcolm E. Wheeler_                  Date:  July 24, 2003
23   Malcolm E. Wheeler
     WHEELER TRIGG & KENNEDY, P.C.
24
     _[signature]_                        Date:  July 18, 2003
25   G. Leland Dutcher, Jr.
     NISSAN NORTH AMERICA, INC.
26

27   **Counsel for Defendant Nissan North America, Inc.**

28