Not Reported in N.E.2d                                                                                                           Page 1
**(Cite as: 1983 WL 6736 (Ohio App. 7 Dist.))**

Only the Westlaw citation is currently available.

CHECK OHIO SUPREME COURT RULES FOR REPORTING OF OPINIONS AND WEIGHT OF LEGAL AUTHORITY.

Court of Appeals of Ohio, Seventh District, Jefferson County.

ROBERT T. VAHALIK Plaintiff-Appellee,
v.
JEEP CORPORATION Defendant-Appellant.

**CASE NO. 82 J 22.**

January 12, 1983.

THOMAS P. KEMP of FIRMIN & SPRAGUE CO., L.P.A., 301 East Main Street, Findlay, Ohio 45840 Attorney for Plaintiff-Appellee.

CHARLES S. IANZ and THOMAS J. TRAVERS, JR., of MANCHESTER, BENNETT, POWERS & ULLMAN CO., L.P.A., Bank One Building, Youngstown, Ohio 44503 Attorneys for Defendant-Appellant.

OPINION

BROGAN, J. (By Assignment)

**\*1** This appeal arises from a summary judgment rendered in the Jefferson County Court in favor of the plaintiff-appellee.

In its complaint plaintiff asserts that on January 8, 1979, plaintiff purchased a new 1979 Jeep Cherokee (hereinafter "Jeep"), manufactured by the appellant, Jeep Corporation. At the time of the sale, plaintiff was given a written express warranty which reads as follows:
> When you buy a new 1979 Jeep vehicle from an authorized Jeep Vehicle dealer, Jeep Corporation warrants to you that for 12 months or 12,000 miles from the date of delivery or first use, whichever comes first it will . . . pay for the repair or replacement of any part it supplies which proves defective in material or workmanship under normal use and service . . . . (Emphasis added).
> *No other express warranty is given or authorized by Jeep Corporation. Jeep Corporation disclaims any implied warranty of MERCHANTABILITY or FITNESS for any period beyond the express warranty . . . .*

Appellee further states that on or about November 28, 1979, and continuing thereafter, he discovered that the transmission and left motor mount of the Jeep were defective and/or improperly designed or installed. Plaintiff further alleges that he subsequently brought this vehicle to Guess Motors, Inc. a dealership for Jeep Corporation on numerous occasions for repairs at a total cost of $2,237.46.

Plaintiff also asserts that the express warranty failed of its essential purpose and that appellant, by manufacturing and distributing the Jeep for resale to the public, warranted that it was merchantable and reasonably fit and suitable for the purpose of its intended use, and upon which breached warranty appellee relied.

The defendant filed a timely answer generally denying the allegation in the complaint and setting out as a defense that any injury suffered by the plaintiff occurred after the expiration of the express warranty and that the plaintiff failed to properly maintain the vehicle in contrary to the requirements of the written warranty.

On April 5, 1982, plaintiff moved for a summary judgment and filed along with his motion an affidavit in support of his motion. The affidavit stated in pertinent part that plaintiff purchased a new 1979 Jeep Cherokee, and since plaintiff has had the vehicle it has continually failed to operate properly. Plaintiff states he has been required to deliver or have it towed to Guess Motors, Inc. a Jeep Dealer, for numerous repairs or replacements of the left motor mount and transmission. Affiant further states that true and correct copies of the invoices which I received from Guess Motors, Inc. for repairs or replacements of the left motor mount and transmission and towing are attached. Affiant states he was required to pay the sum of $2237.46 to Guess Motors, Inc.

An examination of the attached invoices indicate the first work order was dated September 20, 1979 and indicates mileage on the vehicle to be 18,496 miles.

The defendant did not file anything in response to plaintiff's motion for summary judgment; and on June 21, 1982 the trial court granted summary judgment in favor of the plaintiff, finding there to be no genuine issue of material fact either as to liability or amount of damages.

**\*2** On July 19, 1982, defendant filed a motion for

Not Reported in N.E.2d                                                                                                              Page 2
**(Cite as: 1983 WL 6736 (Ohio App. 7 Dist.))**

relief from judgment contending that while he filed no opposing affidavits or evidence, the trial court inappropriately entered a summary judgment for plaintiff as plaintiff's own affidavit and attached invoices indicating the warranty period had expired relieving defendant of any liability. The trial court overruled the motion for relief and defendant filed a timely appeal to this court.

Rule 56(C) of the Ohio Rules of Procedure provides that summary judgment shall be rendered only if the record shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Rule 56(C) further provides that:
> ...(S)ummary judgment shall not be rendered unless it appears from such evidence or stipulation and only therefrom, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence construed most strongly in his favor.

Rule 56(E) also states in pertinent part:
> ...(W)hen a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleadings, but his response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him. (Emphasis added).

Plaintiff's affidavit and accompanying repair work invoices which he swears to be true and correct indicate that when the initial repair work was performed on his Jeep vehicle the express warranty period had already expired. The vehicle when brought in for repair on September 20, 1979 had already been driven 18,496 miles and by the time plaintiff alleges the vehicle's transmission and motor mount began to malfunction, the vehicle had been driven 22,762 miles.

Plaintiff contends that defendant's express warranty failed of its essential purpose and that the defendant has breached its implied warranties of merchantability and fitness for a particular purpose. Under present methods of merchandising and because of the complexity of goods which are sold, the buyer has little or no opportunity to examine goods or is not in a position to adequately test the goods to determine their quality. A merchant dealing in such goods is in a much better position than a buyer to make a thorough examination of the goods or to make tests to determine their quality. Thus, in the interest of trade certain responsibilities are imposed on the seller, especially if he is a merchant dealing in such goods, relative to their quality, character, and suitability of the goods sold.

This responsibility is not assumed by the seller, either by express promise or by the making of representations relative to the goods, but is imposed on him by operation of law. Uniform Commercial Code 2-314 provides that unless excluded or modified, a warranty that the goods shall be merchantable is implied in a contract for their sale if the seller is a merchant with respect to goods of that kind. Goods to be merchantable must be at least such as "are fit for the ordinary purposes for which such goods are used." R.C. 1302.27(B)(3). See also Lonzrick v. Republic Steel Corp. (1966), 6 Ohio St. 2d 227.

**\*3** The responsibility is not absolute. It attaches only under certain circumstances and the seller may contract against it. The courts, however, favor implied warranties, and if the seller wishes to relieve himself from the responsibility imposed upon him by the implied warranties attaching to a sale, it must be clearly established that the parties to the sale did not intend it to attach. R.C. 1302.29(B) reads as follows:
> (B) Subject to division. (C) of this section, to exclude or modify the implied warranty of merchantability or any part of it the language must mention merchantability and in case of a writing must be conspicuous, and to exclude or modify any implied warranty of fitness the exclusion must be by a writing and conspicuous. Language to exclude all implied warranties of fitness is sufficient if it states for example, that "There are no warranties which extend beyond the description on the face hereof."

See also U.C.C. 2-316(2).

U.C.C. 1-201(10) defines "Conspicuous" as "so written that a reasonable person against whom it is to operate ought to have noticed it. Language in the body of a form is 'conspicuous' if it is in larger or other contrasting type or color. Whether a term or clause is 'conspicuous' or not is for decision by the court." In a number of cases under the U.C.C., a seller's disclaimer of a warranty has been held ineffective because it is not conspicuously within the meaning of Code 2-316(2). See 17 A.L.R. 3d 1078.

In the matter sub judice the disclaimer of the implied warranty of merchantability was contained in a smaller but contrasting type but does mention

Not Reported in N.E.2d                                                                                                                          Page 3
**(Cite as: 1983 WL 6736 (Ohio App. 7 Dist.))**

prominently in bold type "merchantability." R.C. 1302.30(C) states that express warranties displace inconsistent implied warranties other than implied warranty of fitness for a particular purpose. See also U.C.C. 2- 317(C). To give rise to an implied warranty of fitness for a particular purpose, the seller must at the time of contracting have reason to know the particular purpose for which the goods are required by the buyer and that the buyer is relying on the seller to select goods suitable for that purpose. However, warranties for a particular purpose may also be disclaimed by the seller in a writing which is conspicuous. R.C. 1302.29(B). The warranty submitted by plaintiff contains a disclaimer with the "fitness" in bold type.

While we have been referring to the word "seller" above, the warranty obligation also extends to the manufacturer although there may not be any privity of contract between the manufacturer and buyer of the product. Rogers v. Toni Home Permanent Co. (1958), 167 Ohio St. 244; Inglis v. American Motors Corp. (1965), 3 Ohio St. 2d 132. The dealer is simply a way station, a conduit on its trip from manufacturer to consumer. Inglis, supra, at p. 139.

Finally, plaintiff contends, relying on the case of Eckstein v. Cummins (1974), 41 Ohio App. 2d 1, 70 Ohio Op. 2d 10, that defendant's express warranty failed of its essential purpose and/or was unconscionable. The court in Eckstein, however, was presented with a different situation than the one at bar. In Eckstein, the plaintiff returned his vehicle to the dealership on numerous occasions during the year following its sale for the repair of an unremedied defect. Despite numerous attempts to do so, the dealership and manufacturer failed to correct the problem in the plaintiff's vehicle. Nevertheless, the manufacturer contended that the plaintiff's remedy was limited to the repair of the vehicle pursuant to the strict terms of the warranty extended to the plaintiff. Both the trial court and the court of appeals in Eckstein, however, felt that to limit the plaintiff's remedy to the repair of a vehicle which, in fact, the defendant was unable to repair, was unconscionable.

*4 As noted by the court in Eckstein,
Where, as here, the seller was unable to cure the defects in plaintiff's automobile, the express warranty, and its disclaimer which provided for a contractual modification and limitation of the rights and remedies of the buyer, failed of its essential purpose and the "circumstances caused an exclusive or limited remedy to fail of its essential purpose" within the meaning of R.C. 1302.93(B), and cannot be deemed the exclusive remedy. 41 Ohio App. 2d 1 at syllabus 4.

In Eckstein, the Court held that where a vehicle, still under warranty, could not be adequately repaired, it would be unconscionable and would cause the warranty to fail of its essential purpose to limit the purchaser's remedy to the repair of the vehicle as provided for under the terms of the written warranty.

In this case, however, unlike in Eckstein, the plaintiff's vehicle was no longer covered by the warranty extended to plaintiff, since it had been driven more than 12,000 miles. Thus, assuming plaintiff's vehicle could not be adequately repaired, this fact is irrelevant, since the only evidence in the record indicates that the transmission and motor mount failed to operate after the period during which plaintiff's vehicle was under warranty had expired.

Had plaintiff's vehicle been driven less than 12,000 miles when the problems alleged by plaintiff first arose, and defendant insisted on the repair of the plaintiff's vehicle despite numerous previously unsuccessful attempts to do so, the situation would be like that in Eckstein, the enforcement of the strict terms of the warranty would arguably deprive plaintiff of the benefit of the warranty and be unconscionable. However, in this case, the strict terms of the warranty extended to plaintiff being enforced are not those limiting plaintiff's remedy to the repair of the vehicle, but rather those which provided that plaintiff's vehicle is only warranted for 12,000 miles and that defendant is not obligated to pay for the repair of defects which occur after that time.

The express warranty does not fail of its essential purpose under R.C. 1302.93, since the purpose of the warranty was to provide appellant with a 12 month/12,000 mile warranty. There was no evidence submitted by plaintiff in the trial court to indicate the period of warranty was unconscionable. Plaintiff was free to investigate other warranties available in the industry and to purchase a vehicle with a more comprehensive protection.

Therefore, we conclude the trial court committed error when it granted summary judgment for the plaintiff-appellee. While the appellant presented no evidence contra the motion, the evidence submitted by the appellee clearly indicates it was not "appropriate" under Civil Rule 56(E) to have granted summary judgment for plaintiff. The evidence produced by plaintiff suggests reasonable minds could conclude that plaintiff's vehicle was beyond the warranty period when he sought repair of his vehicle

Copr. © West 2003 No Claim to Orig. U.S. Govt. Works

Not Reported in N.E.2d   Page 4
**(Cite as: 1983 WL 6736 (Ohio App. 7 Dist.))**

and reasonable minds certainly conclude the warranty was not unconscionable or failed of its essential purpose and did exclude implied warranties for the period beyond the express warranty. Plaintiff was not entitled to a judgment as a matter of law, nor could reasonable minds come to one conclusion, and that conclusion adverse to the party against whom the motion for summary judgment was made. Williams v. Church (1974), 37 Ohio St. 2d 150.

***5** The assignment of error is well taken.

The judgment of the trial court is reversed and remanded to the trial court for trial on the merits and/or further proceedings in accordance with law.

O'NEILL and DONOFRIO, J.J., concur.

(Judge James A. Brogan of the Court of Appeals, Second Appellate District, sitting by assignment of the Chief Justice of the Supreme Court of Ohio).

1983 WL 6736 (Ohio App. 7 Dist.)

END OF DOCUMENT

Copr. © West 2003 No Claim to Orig. U.S. Govt. Works