IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| Patricia A. Daffin | : |
| | :    Case No. C-1-00-458 |
|          Plaintiff | : |
| | :    District Judge Susan J. Dlott |
| v. | : |
| | :    ORDER DENYING |
| Ford Motor Co. | :    DEFENDANT'S MOTION FOR |
| | :    RECONSIDERATION |
|          Defendant | : |

      This matter comes before the Court on Defendant Ford Motor Company ("Ford")'s Motion for Reconsideration (doc. #94). Ford seeks a reconsideration of the conclusions reached by this Court in its order of July 15, 2004 granting certification of a statewide class of plaintiffs under Federal Rule of Civil Procedure 23(b)(3). (Doc. #93.) An order certifying a class may be altered or amended before final judgment. Fed. R. Civ. P. 23(c)(1)(B).

      The facts of this case were set forth in detail in the Court's July 15 order (doc. #93) and will not be repeated here. Ford continues to argue, as it did in its opposition to Plaintiff Patricia A. Daffin's motion for class certification, that "non-incident" owners[1] cannot pursue a breach of express warranty claim. As explained in the order granting class certification, however, the

---

[1] Ford used this term in its opposition to Daffin's motion for class certification to mean drivers who have not experienced accelerator sticking.

injury alleged by Plaintiffs is not accelerator sticking but economic loss resulting directly from the allegedly defective piece of equipment. Whether those owners have truly experienced economic loss is a different question, one not properly decided at this juncture. When a district court considers whether a suit is properly maintainable as a class action under Federal Rule of Civil Procedure 23, "the relative merits of the underlying dispute are to have no impact upon the determination of the propriety of the class action." Thompson v. County of Medina, Ohio, 29 F.3d 238, 241 (6th Cir. 1994) (quoting Marx v. Centran Corp., 747 F.2d 1536, 1552 (6th Cir. 1984)). A district court may resolve a motion to dismiss or for summary judgment prior to ruling on a motion for class certification, see id. (citing Wright v. Schock, 742 F.2d 541, 544-46 (9th Cir. 1984)), but Ford has never moved to dismiss Plaintiffs' complaint or moved for summary judgment on their claims. Resolution of the merits of Plaintiffs' claims is therefore not proper at this time.

Ford is correct, however, that the class should be limited to owners who purchased their cars within the warranty period, and the Court amends the class definition to so reflect. Ford also raises a number of arguments that were before this Court on Daffin's motion for class certification. Ford has advanced no intervening change of controlling law nor the availability of new evidence to support its suggestion that the Court reconsider its prior ruling  The Court therefore **DENIES** Ford's motion for reconsideration (doc. #96) and **AMENDS** the class definition to: all Ohio residents who lease or own a model year 1999 or 2000 Villager that was bought or leased during the warranty period, excluding the defendant, any entity that has a controlling interest in defendant along with defendant's employees, officers, directors, legal representatives and all of their respective heirs, successors, and assignees and any entity alleging

a personal injury claim against Ford arising from the facts of this case.

    IT IS SO ORDERED.

                                              ___s/Susan J. Dlott_____
                                              Susan J. Dlott
                                              United States District Judge