RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit Rule 206

File Name: 06a0305p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

FOR YOUR INFORMATION

PATRICIA A. DAFFIN, on behalf of herself and all others similarly situated,

*Plaintiff-Appellee,*

v.

FORD MOTOR COMPANY,

*Defendant-Appellant.*

No. 05-3545

Appeal from the United States District Court
for the Southern District of Ohio at Cincinnati.
No. 00-00458—Susan J. Dlott, District Judge.

Argued: June 7, 2006

Decided and Filed: August 18, 2006

Before: MARTIN, MOORE, and ROGERS, Circuit Judges.

---

## COUNSEL

**ARGUED:** Brian C. Anderson, O'MELVENY & MYERS, Washington, D.C., for Appellant. John C. Murdock, MURDOCK, GOLDENBERG, SCHNEIDER & GROH, Cincinnati, Ohio, for Appellee. **ON BRIEF:** Brian C. Anderson, O'MELVENY & MYERS, Washington, D.C., Gary Glass, THOMPSON HINE, Cincinnati, Ohio, for Appellant. John C. Murdock, MURDOCK, GOLDENBERG, SCHNEIDER & GROH, Cincinnati, Ohio, for Appellee.

---

## OPINION

---

ROGERS, Circuit Judge. In this interlocutory appeal of class certification under Federal Rule of Civil Procedure 23, we affirm the district court's certification of a class of all 1999 or 2000 Mercury Villager owners and lessees who owned or leased their vans during their van's initial warranty period. The class seeks damages for a defective throttle body assembly that causes the accelerator to stick. Although the class includes those owners who never actually experienced a manifestation of the alleged defect, the class certification was not an abuse of discretion because the class and the named plaintiff meet the elements of Federal Rule of Civil Procedure 23(a) and 23(b)(3).

## I. Background

Plaintiff Daffin owns a 1999 Mercury Villager minivan. The accelerator in Daffin's Villager has stuck in place. To overcome the accelerator's sticking, Daffin had to stomp on the accelerator. Ford repaired the throttle body assembly by cleaning it, but Daffin's accelerator sticking persisted. According to Daffin's expert, the accelerator sticking is caused by carbon buildup in the throttle body assembly. The throttle body assembly translates the driver's pressure on the accelerator to an increase or decrease in the mixture of fuel and air that makes the Villager accelerate. Daffin alleges that the throttle body is defective. According to plaintiff's expert, the throttle body either needs to be treated with a substance that will resist carbon buildup or a totally different throttle body must be installed. Plaintiff's expert also opined that Daffin's throttle body is the same throttle body that is in all 1999 or 2000 Villagers.

Ford offers a standard "repair or replace" warranty for three years or 36,000 miles. The terms of this warranty require Ford to repair or replace parts found to be "defective in materials or workmanship." The warranty reads as follows:

> During this coverage period ["three years or 36,000 miles"], authorized Ford Motor Company dealers will repair, replace, or adjust all parts on your vehicle (except tires) that are defective in factory-supplied materials or workmanship. Items or conditions that are not covered by the New Vehicle Limited Warranty are described on 7-9.

The throttle body assembly is not an item that is specifically excluded by the express terms of the warranty.

Daffin filed suit as an individual in state court. Ford removed the case to federal court, and Daffin sought class certification for a nationwide class on June 29, 2001. The district court certified a statewide class defined to include:

> all Ohio residents who lease or own a model year 1999 or 2000 Villager that was bought or leased during the warranty period, excluding the defendant, any entity that has a controlling interest in the defendant along with defendant's employees, officers, directors, legal representatives and all of their respective heirs, successors, and assignees and any entity alleging a personal injury claim against Ford arising from the facts of this case.

The district court reasoned that the class satisfied the numerosity element because the thousands of class members could not be practicably joined. Common questions of whether the throttle body assembly is defective predominate. The district court reasoned that Daffin's claim was typical because the same course of conduct (delivering a non-conforming vehicle) gave rise to the same legal claim that all other class members had. The district court found that Daffin's express warranty claim was typical of both owners whose cars manifested defects and owners whose cars did not. The district court found that Daffin was not typical of plaintiffs asserting an implied warranty. The district court concluded that Daffin had "satisfied the typicality prerequisite for at least one of her claims." Lastly, under Rule 23(a)'s adequacy prong, the district court found that Daffin had interests common to the class and was represented by able counsel who will vigorously prosecute.

The district court also found that, under Federal Rule of Civil Procedure 23(b)(3), common issues predominate. The district court refused to certify the class under Rule 23(b)(2) because the class seeks monetary relief rather than injunctive relief. Instead, the district court certified the class under Rule 23(b)(3) because the common issues of whether the throttle body is defective, how much the defect reduces the value of the car, and whether Ford is in breach predominate. The district court also reasoned that the proposed class was superior to other methods of adjudication.

The district, and subsequently this court, permitted interlocutory appeal pursuant to Federal Rule of Civil Procedure 23(f).

**II. Discussion**

The district court's determination to certify a class was not an abuse of discretion. *See McAuley v. Int'l Bus. Mach. Corp.*, 165 F.3d 1038, 1046 (6th Cir. 1999) (recognizing abuse of discretion as the scope of review).

Ford argues that this is a case of "certify now, worry later." Ford argues that the district court did not perform the rigorous analysis necessary to determine whether the plaintiffs could prove the elements of a breach-of-express-warranty claim on a class-wide basis. Ford argues that by certifying an express warranty class, the district court's order implicitly held that it is possible for Ohio plaintiffs to recover under breach of a "repair or replace" warranty for a defect that never manifested itself. In sum, Ford argues that, because the class as a whole cannot recover, the district court abused its discretion by certifying a statewide express warranty class.

Daffin argues that the district court properly applied Ohio law and that Ford wants this court to "rule on the merits" of the class. Daffin points out that whether the class members will ultimately be successful in their claims is not a proper basis for reviewing a certification of a class action. Daffin argues that the elements of Rule 23 are met and that the district court accurately and sufficiently analyzed those elements.

Daffin has the better of the argument at this stage of the litigation. The district court did not abuse its discretion when certifying a class of all Ohio owners and lessees of a 1999 or 2000 Villager. The district court properly determined that the elements of Federal Rule of Civil Procedure 23(a) and Rule 23(b)(3) are met.

The numerosity element is satisfied. *See* Fed. R. Civ. P. 23(a)(1). The proposed class includes thousands of individuals. In *In re Am. Med. Sys.*, 75 F.3d 1069, 1079 (6th Cir. 1996), we recognized that while there is no strict numerical test, "substantial" numbers usually satisfy the numerosity requirement. Ford argues that, due to state law, Daffin is only typical of those owners who experienced a manifested defect and did not obtain a satisfactory cure from Ford. Thus, Ford argues, the number of owners for which Daffin is typical does not number in the thousands. Because we determine below that Daffin is typical of the thousands of 1999 or 2000 Villager owners who assert express warranty claims, the class satisfies the numerosity element.

The commonality element is satisfied. *See* Fed. R. Civ. P. 23(a)(2). Common questions of law and fact are present. First, the question of whether the throttle body is defective is common to all 1999 or 2000 Villager owners because they all have the same throttle body and warranty. *See In re Teletronics*, 168 F.R.D. 203, 213 (S.D. Ohio 1996) (holding that there was commonality where the plaintiffs used two "virtually identical" pacemaker models and the issue was whether the defendant's conduct caused metal-fatigue failure); *cf. In re Am. Med. Sys.*, 75 F.3d at 1081 (holding that there was no commonality where class members received ten different penile implants). Second, the legal question of whether the warranty contract is properly read to contain a promise to repair the type of common 'defect' in all the 1999 or 2000 throttle body assemblies (regardless of whether or not manifested during the warranty period) is also common to the class.

The typicality element is also satisfied. *See* Fed. R. Civ. P. 23(a)(3). Daffin's claim is typical of the class because the class members' theory is that Ford breached its express warranty by providing vehicles with defectively designed throttle body assemblies, causing Daffin and other class members to receive vehicles worth less than vehicles that conform to the promises allegedly contained in the warranty agreement. Daffin is typical because her car has the same defective throttle

No. 05-3545             *Daffin v. Ford Motor Company*                           Page 4

body assembly as the other class members. *See Ilhardt v. A.O. Smith Corp.*, 168 F.R.D. 613, 618 (S.D. Ohio 1996) (typicality satisfied where all plaintiffs bought structures with bottom unloader door and where issue was whether the bottom unloader design was defective). The mere fact that Daffin's throttle body assembly stuck, while other class members' throttles have not stuck, does not render Daffin atypical. *See Senter v. Gen. Motors Corp.*, 532 F.2d 511, 525 n.31 (6th Cir. 1979). Daffin and the other class members' claims arise from the same practice (delivery of non-conforming vehicle), the same defect (the allegedly defective throttle body assembly), and are based on the same legal theory (breach of express warranty). Typicality is satisfied despite the different factual circumstances regarding the manifestation of the accelerator sticking and Ford's attempts to remedy manifested sticking.

Ford argues that an owner who has not experienced accelerator sticking and has not sought repair for the problem cannot "prove" an express warranty claim under the "repair or replace" warranty. The court may ultimately accept or reject this reading of the contract, but a court should not "conduct a preliminary inquiry into the merits of a suit in order to determine whether it may be maintained as a class action." *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 177-78 (1974). Thus, whether the class members can win on the merits of the issue common to the class is not a factor in determining whether Daffin's claim is typical.

Whether the district court applying Ohio law could find that Ford's warranty permits an owner to recover damages for loss resulting from the alleged defect in the throttle body assembly is a merits issue. Ford, referring to *Alkire v. Irving*, 330 F.3d 802, 819-21 (6th Cir. 2003), suggests that performing the "rigorous analysis" required to certify a class necessarily includes determining whether class members could "prove" an Ohio breach of warranty claim if they did not experience accelerator sticking. But Daffin has the same Villager with the same throttle body assembly as all the other class members. The question that forms the basis for Ford's argument is one of contract interpretation: whether Ford's express warranty promises to cover the alleged defect in the throttle body assembly even if no sticking occurs during the warranty period. This is an issue that can be decided on the merits so as to bind both Ford and the class. Daffin's claim is typical despite the fact that Daffin has experienced sticking and other class members have not, as long as Daffin has a viable claim regardless of defect manifestation.

Daffin also meets the requirement that she will adequately protect the interests of the class. *See* Fed. R. Civ. P. 23(a)(4). Ford argues to the contrary because Daffin has experienced accelerator sticking, while a majority of other class members have not. Ford thus suggests that Daffin does not have the same injury as the other class members and will not adequately represent the interests of the other class members. This argument again disregards the fact that Daffin has the same throttle body assembly as the other class members and asserts the same claim for diminution in value of the Villager due to delivery of a non-conforming vehicle. *See generally Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 625-27 (1997) (describing the adequacy requirement). In part, the adequacy of representation inquiry serves to uncover conflicts of interest between the named parties and the class they seek to represent. *Id.* No such conflict is apparent as long as the claims litigated by the class are based on the presence of a defect regardless of manifestation during the warranty period. *See generally Senter*, 532 F.2d at 525; *see also In re Am. Med. Sys.*, 75 F.3d at 1083. Thus, the district court did not abuse its discretion in finding that the class meets the elements of Federal Rule of Civil Procedure 23(a).

Lastly, the district court did not abuse its discretion when certifying the class under Rule 23(b)(3) because common issues predominate and class treatment is the superior method of adjudication. The issues that predominate include: (1) whether the throttle body assembly is defective, (2) whether the defect reduces the value of the car, and (3) whether Ford's express "repair or replace" warranty covers the latent defect at issue in this case. As the district court pointed out, this is not a case like *Amchem*, 521 U.S. at 624, in which different class members were exposed to

different products such that the uncommon issue of causation predominated over the lesser shared issues. This is a case in which, assuming the throttle body is the same in every car, class members all have the same express warranty claim. *See Chandler v. Southwest Jeep-Eagle*, 162 F.R.D. 302, 310 (N.D. Ill. 1995) (predominance requirement satisfied where all consumers received the same service contract and the principal question was whether the service contract violated consumer protection laws). The class members' claims do not differ based on whether there has been actual accelerator sticking because they all allege that Ford delivered a good that did not conform to Ford's written warranty.

Finally, class litigation is the superior method of adjudication. *See* Fed. R. Civ. P. 23(b)(3). The threshold issue of whether Ford's warranty promise can reasonably be read to cover the alleged defect at issue in this case, regardless of manifestation during the warranty period, is better litigated in the class context. Permitting individual owners and lessees of 1999 or 2000 Villagers to litigate their cases is a vastly inferior method of adjudication when compared to determining threshold issues of contract interpretation that apply equally to the whole class. Additionally, the difference in value between conforming and non-conforming goods is better litigated in a class-wide context.

If at a subsequent point in the litigation the district court determines that the express warranty is limited to defects that manifest themselves within the warranty period, the district court may consider at that point whether to modify or decertify the class. *See* Fed. R. Civ. P. 23(c)(1)(C); *see* Rules Advisory Comm. notes to 2003 amends. to Fed. R. Civ. P. 23(c)(1); *see also Gen. Tel. Co. of the Southwest v. Falcon*, 457 U.S. 147, 160 (1982) (trial judge is free to modify certification order in light of subsequent developments in the litigation).

Our affirmance is limited to the judge's order insofar as the order certifies a class to litigate the express warranty provision. The briefs on this appeal reveal that the parties may differ as to whether the district court's order permits the class to litigate other claims.[1] We recommend that the district court consider clarification of the order in this regard.

### III. Conclusion

The district court's order certifying the class is AFFIRMED.

---

[1] This likely results from the fact that the district court did not make it clear for which claim(s) Daffin is typical. The district court reasoned that Daffin is typical of those plaintiffs asserting an express warranty claim, is not typical of those plaintiffs asserting an implied warranty claim, and may be typical of those plaintiffs asserting a claim under the Ohio Consumer Protection Act. The district court then stated, "Daffin has satisfied the typicality prerequisite for at least one of her claims." Our analysis is based on Daffin's being typical of those plaintiffs asserting an express warranty claim.