THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| PATRICIA DAFFIN, <br><br> Plaintiff, <br><br> v. <br><br> FORD MOTOR COMPANY, <br><br> Defendant. | Case No. C-1-00 458 <br><br> Judge Dlott <br><br> **DEFENDANT FORD MOTOR COMPANY'S MOTION FOR CLARIFICATION AND MEMORANDUM IN SUPPORT** |

Defendant Ford Motor Company ("Ford"), by and through counsel, hereby moves the Court to clarify that its July 15, 2004 Order Granting Plaintiff's Motion for Class Certification certified only Plaintiff's express warranty claim, and no other claim, for class-wide treatment. The reasons for such clarification are contained in the accompanying Memorandum.

October 5, 2006

Respectfully Submitted,

s/Gary M. Glass
Gary M. Glass (0042417)
THOMPSON HINE LLP
Suite 1400
312 Walnut Street
Cincinnati, Ohio  45202-4089
Telephone:  (513) 352-6700

Brian C. Anderson  (pro hac vice)
O'MELVENY & MYERS LLP
1625 Eye Street, N.W.
Washington, DC  20006
Telephone:  (202) 383-5300
Facsimile:  (202) 383-5414

Attorneys for Defendant Ford Motor Company

**MEMORANDUM IN SUPPORT**

In accordance with Rule 23(c)(1)(B) of the Federal Rules of Civil Procedure and the recommendation of the United States Court of Appeals for the Sixth Circuit in its August 18, 2006 opinion affirming this Court's July 15, 2004 Order Granting Plaintiff's Motion for Class Certification ("Certification Order"), Defendant Ford Motor Company ("Ford") respectfully requests that this Court clarify its Certification Order and explicitly state which claims are certified for class-wide adjudication.

The Certification Order explicitly grants permission to Plaintiff Patricia Daffin to pursue her express warranty claim for breach of Ford's limited written "repair-or-replace" warranty on a class-wide basis. The class, on whose behalf Ms. Daffin may pursue that claim, has been defined as:

> [A]ll Ohio residents who lease or own a model year 1999 or 2000 Villager that was bought or leased during the warranty period, excluding the defendant, any entity that has a controlling interest in defendant along with defendant's employees, officers, directors, legal representatives and all of their respective heirs, successors, and assignees and any entity alleging a personal injury claim against ford arising from the facts of this case.

(Order Denying Defendant's Motion for Reconsideration ("Reconsideration Order"), at 2-3 (Dec. 8, 2004).)

On its face, the Certification Order appears limited to Ms. Daffin's express warranty claim. However, as the Sixth Circuit noted in its recent opinion affirming the Certification Order, there is still some confusion on that point stemming from the fact that Ms. Daffin's operative complaint also asserts claims for breach of the implied warranty of merchantability, common law negligent design and negligent manufacture, and violations of the Ohio Consumer Sales Practices Act ("CSPA").

This Court limited the certified class to only those current Ohio Villager owners who

bought or leased their vehicles during the vehicles' express warranty period, which would only make sense if this Court intended to limit its Certification Order to the express warranty claim. Further, the Sixth Circuit only reviewed this Court's Certification order "insofar as the order certifies a class to litigate the express warranty provision." *Daffin v. Ford Motor Co.*, No. 05-3545, slip op. at 5 (6th Cir. Aug. 18, 2006). Despite all of this, Ms. Daffin contends that this Court's order implicitly certifies some or all of her other claims for class treatment.

To eliminate confusion going forward, Ford respectfully requests that (1) the Court clarify what claims have been certified, and (2) declare that class litigation will pertain only to the express warranty claim.

**I.     THE COURT SHOULD CLARIFY WHICH CLAIMS HAVE BEEN CERTIFIED FOR CLASS LITIGATION.**

The Federal Rules of Civil Procedure mandate that "[a]n order certifying a class action must define the class and class claims, issues or defenses." Fed. R. Civ. P. 23(c)(1)(B). This Court's Certification Order explicitly defines a class, but does not explicitly identify the "class claims, issues or defenses." With this Court's Certification Order affirmed by the Sixth Circuit, and with both parties beginning preparation for trial, all participants in this proceeding need to know now which claims the Court intended to certify for class treatment.

As an initial matter, the class representative, *i.e.*, Ms. Daffin, must soon "direct appropriate notice to the class" of the existence of this action and its potential effect on their rights, so class members can appear through counsel or opt out if they so choose. Fed. R. Civ. P. 23(c)(2). That "notice must concisely and clearly state in plain, easily understood language. . . the class claims, issues, or defenses." Fed. R. Civ. P. 23(c)(2)(B). Otherwise, class members who may want to pursue certain claims individually if they are not certified will not know whether to opt out of the class. *See BreMiller v. Cleveland Psychiatric Inst.*, 898 F. Supp. 572,

581 (N.D. Ohio 1995). Hence, before this litigation can proceed any further, the Court must resolve what the "class claims" are.

In addition, the parties need to know what claim, or claims, will be litigated on a class-wide basis so that they can determine what (if any) additional discovery must occur, what pretrial motions should be filed, and how the trial should be conducted (including what jury instructions and verdict forms/questionnaires should be prepared).

II.     **THIS COURT ONLY CERTIFIED PLAINTIFF'S EXPRESS WARRANTY CLAIM FOR CLASS-WIDE TREATMENT.**

In Ford's view, the only reading of the Court's Certification Order is that it certifies just Ms. Daffin's express warranty claim for class treatment. Its analysis of the propriety of *en masse* litigation is confined to the issues presented by the express warranty claim; there is no analysis suggesting that the factual and legal issues presented by Ms. Daffin's other claims qualify for class treatment. To the contrary, as discussed below, the Certification Order identifies persuasive reasons why those other claims are ***not*** susceptible to class litigation.

*The Court did not certify Ms. Daffin's implied warranty claim for class-wide adjudication.* In concluding that Ms. Daffin had an actionable express warranty claim, the Court inherently precluded her from pursuing an implied warranty claim on a class-wide basis, since an implied warranty claim would conflict with the notion that an express warranty existed. *See* Certification Order at 5 (citing *Inglis v. Am. Motors Corp.*, 209 N.E.2d 583, 588 (Ohio 1965) and *Rogers v. Toni Home Permanent Co.*, 147 N.E.2d 612, 616 (Ohio 1958)). As the Court noted, "[s]ince Daffin has an express warranty from Ford, she is not typical of plaintiffs who would require the Court to imply a warranty." *Id.* Having found the sole class representative "not typical" of absent class members who would assert implied warranty claims, this Court could not have meant to certify Ms. Daffin's implied warranty claim for class treatment.

4

*The Court did not certify Ms. Daffin's negligence claims for class-wide adjudication.*
In its Certification Order, the Court emphasized that Ms. Daffin was "typical of owners who have experienced sticking accelerators and owners who have not experienced sticking accelerators *only so long as Ohio law allows recovery for purely economic loss resulting from a defective Villager being worth less than a defect-free Villager*." (Certification Order at 4 (emphasis added).) However, Ohio's economic loss rule bars negligence claims for the economic loss Ms. Daffin alleges here. *See Corporex Dev. & Constr. Mgmt. v. Shook, Inc.*, 835 N.E.2d 701, 704 (Ohio 2005) ("The economic-loss rule generally prevents recovery in tort of damages for purely economic loss. . . . [A] plaintiff who has suffered only economic loss due to another's negligence has not been injured in a manner which is legally cognizable or compensable.") (citations omitted). Hence, under the Court's reasoning, Ms. Daffin would not be a typical representative of the large majority of class members whose throttle body mechanisms have not malfunctioned, and therefore could not be appointed to represent those people in a class action.

*The Court did not certify Ms. Daffin's CSPA claim for class-wide adjudication.* Unlike a UCC cause of action for breach of express warranty, the CSPA applies only to transactions that "are primarily personal, family, or household." Ohio Rev. Code § 1345.01(A). Here, only those class members who bought a Mercury Villager primarily for a "personal, family, or household" purpose (in contrast to a commercial purpose) can potentially assert a claim under the CSPA. Determining the purpose for which someone bought his or her vehicle is an inherently individualized exercise, requiring claimant-specific discovery (including depositions) and jury trials to resolve disputes. Indeed, Ms. Daffin's own situation illustrates this point because there is evidence that she bought and used her vehicle primarily for the commercial purpose of

5

transporting materials to and from trade shows. The need for individualized discovery, and potentially trials on this threshold element of a CSPA claim (*i.e.*, the purpose for buying the vehicle), undermines any bid to litigate the CSPA claims of these class members on a class basis. In its Certification Order, the Court acknowledged this very problem, noted that the issue of Ms. Daffin's personal status was "a question of fact," and decided that it need not be resolved in the context of a class certification motion because Ms. Daffin had "satisfied the typicality prerequisite for at least one of her claims," *i.e.,* the express warranty claim. Certification Order at 5-6. Based upon these comments, it is clear that the Court did not certify the CSPA claim for class treatment.

There is further evidence that this Court only certified Ms. Daffin's express warranty claim. **First**, the analysis in the Certification Order of the propriety *vel non* of class treatment focuses on the issues presented by an express warranty claim, while making virtually no mention of the other claims. (*See* Certification Order at 7 (noting that Ms. Daffin's actions do not "affect [her] claim that Ford refused to honor its warranty by 'pretending' to fix the defect"); *id.* at 12-13 (noting an issue "[o]f most significance in this suit" is "whether Ford breached the terms of its express warranty").) **Second**, in its order addressing Ford's Motion for Reconsideration of the Certification Order, the Court acknowledged "that the class should be limited to owners who purchased their cars within the warranty period"—presumably because the express warranty is the lynchpin for Ms. Daffin's class claim. (Reconsideration Order at 2.) **Third**, the Sixth Circuit limited its review of the Certification Order "insofar as [it] certifie[d] a class to litigate the express warranty provision," because that was the only claim it could conclusively determine was certified for class treatment. *See Daffin* slip op. at 5 n.1 ("This [confusion] likely results from the fact that the district court did not make it clear for which claim(s) Daffin is typical. . . .

6

Our analysis is based on Daffin's being typical of those plaintiffs asserting an express warranty claim."). Accordingly, were this Court to now indicate that any claims other than Ms. Daffin's express warranty claim were certified for class treatment, it would represent a dramatic departure from the previous path of this litigation.

## **CONCLUSION**

For the reasons set forth above, Ford respectfully requests that the Court clarify that its July 15, 2004 Certification Order certified only Plaintiff's express warranty claim, and no other claim, for class-wide treatment.

October 5, 2006                                  Respectfully Submitted,

/s/ Gary M. Glass
Gary M. Glass (0042417)
THOMPSON HINE LLP
Suite 1400
312 Walnut Street
Cincinnati, Ohio 45404
Telephone: (513) 352-6700

Brian C. Anderson (pro hac vice)
O'MELVENY & MYERS LLP
1625 Eye Street, N.W.
Washington, DC 20006
Telephone: (202) 383-5300
Facsimile: (202) 383-5414

Attorneys for Defendant Ford Motor Company

**CERTIFICATE OF SERVICE**

      A copy of the foregoing Defendant Ford Motor Company's Motion for Clarification and Memorandum in Support was filed electronically on this 5th day of October, 2006. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

      /s/ Gary M. Glass
Gary M. Glass (0042417)
THOMPSON HINE LLP
Suite 1400
312 Walnut Street
Cincinnati, Ohio 45202-4089
Telephone: (513) 352-6700

Attorney for Defendant Ford Motor Company

607777.1