THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| PATRICIA DAFFIN,<br><br>        Plaintiff,<br><br>   v.<br><br>FORD MOTOR COMPANY,<br><br>        Defendant. | Case No. C-1-00-458<br><br>District Judge Susan J. Dlott<br><br>**DEFENDANT FORD MOTOR COMPANY'S REPLY MEMORANDUM IN SUPPORT OF ITS MOTION FOR CLARIFICATION** |

## INTRODUCTION

In her Memorandum in Response to Ford's Motion to Clarify Order for State-Wide Class Certification ("Opposition" [Dkt. # 110]), Plaintiff agrees with several of the points Ford made in its Motion for Clarification ("Clarification Motion" [Dkt. # 109]) of the Court's July 15, 2004 Order Granting Plaintiff's Motion for Class Certification ("Certification Order" [Dkt. # 93]). Plaintiff agrees that the Court should clarify which of her claims were certified for class-wide adjudication in the Certification Order, and she agrees that the Court did not certify all of her claims.

But the parties disagree on three issues: (1) whether the Court certified Plaintiff's CSPA claim in its July 15 Certification Order; (2) if not, whether the Court should now certify that claim with Ms. Daffin as the class representative; and (3) if not, whether Plaintiff and her counsel should be allowed leave to add a new, additional class representative if the Court determines she would not be a typical representative of a CSPA class.

As discussed below, the Court did not certify Plaintiff's CSPA claim in its Certification Order. Further, the Court cannot now belatedly certify a CSPA claim for *en masse* litigation because its procedural requirements and its inherently individualized nature in the context of this

case make it unsusceptible to class-wide litigation. This is true regardless whether Plaintiff Daffin or some as-yet unnamed claimant is put forward as a proposed class representative.

I. **THIS COURT'S CERTIFICATION ORDER DID NOT CERTIFY PLAINTIFF'S CSPA CLAIM FOR CLASS-WIDE TREATMENT.**

Fed. R. Civ. P. 23(c)(1)(B) provides that "[a]n order certifying a class action must define the class and the <u>class claims</u> . . . ." Despite this Court's occasional use of the plural term, "claims," the Certification Order explicitly referenced only Plaintiff's express warranty claim as the claim it was certifying for class-wide treatment. The Order did not state that it was certifying Plaintiff's CSPA claim.

Plaintiff nevertheless argues that "in certifying the express warranty claim, the Court certified the CSPA claims." (Opposition at 3.) There is no inherent reason why this should be so. Further, as this Court already suggested in its Certification Order, certifying an express warranty claim does not automatically result in certification of even a derivative CSPA claim. (*See* Certification Order at 5-6.) There are several reasons why the Court's certification of Plaintiff's express warranty claim does not inexorably lead to the certification of a CSPA claim.

***First,*** a successful claim for breach of warranty does not *ipso facto* result in a successful CSPA claim – a plaintiff must prove more to sustain the latter claim. It is not true that "a breach of contract is necessarily rooted in a deceptive act pursuant to [CSPA §] 1345.02." *Toth v. Spitzer*, No. 17178, 1998 Ohio App. LEXIS 6063, at *5 (Ohio Ct. App. Dec. 18, 1998). As the *Toth* court noted, "a contract can be breached in myriad ways that do not involve deception." *Id.* Without a showing of deception, reliance on that deception, or some other harm resulting from deception – none of which Plaintiff must show to prove her breach-of-warranty claim – she could not bring an actionable claim under the CSPA – even if a valid warranty claim exists. *See Breuer v. Freedom Movers*, No. 58038, 1990 Ohio App. LEXIS 567, at *6 (Ohio Ct. App.

Feb. 15, 1990) (holding that "for the CSPA to be applicable, defendants' conduct must have been deceptive or unconscionable," and that defendants' breach of contract did not automatically constitute a violation of the CSPA).

***Second,*** sustaining a CSPA claim in a class action requires a consumer to demonstrate that the supplier had prior notice that its conduct was wrongful. Specifically,

> a consumer may qualify for class status ***only when a supplier acted in the face of prior notice*** that its conduct was deceptive or unconscionable. The prior notice may be in the form of (1) a rule adopted by the Attorney General under R.C. 1345.05(B)(2) or (2) a court decision made available for public inspection by the Attorney General under R.C. 1345.05(A)(3).

*Marrone v. Phillip Morris USA, Inc.*, 850 N.E.2d 31, 34 (Ohio 2006) (emphasis added). Plaintiff has presented no evidence that Ford received this kind of prior notice in this case. Hence, the Court may not presume that a successful class claim for breach of express warranty would automatically translate into even a potential viable class CSPA claim; indeed, Plaintiff has failed to make the predicate showing required to certify a CSPA claim for class treatment.

***Third***, the definition of the class this Court certified is not consistent with certification of a CSPA claim. Currently, Plaintiff may bring her express warranty claim on behalf of a class of "***all Ohio residents*** who lease or own a model year 1999 or 2000 Villager that was bought or leased during the warranty period . . . ." (Order Denying Defendant's Motion for Reconsideration, at 2-3 (Dec. 8, 2004) [Dkt. # 101] (emphasis added).) In other words, all current Ohio residents who bought or leased a class vehicle during the relevant period are members of the class. Yet the CSPA by its terms only applies to deceptive sales practices that take place in the State of Ohio – in other words, this statute only governs vehicle sales that occur in Ohio. *See, e.g., Shorter v. Champion Home Builders Co.*, 776 F. Supp. 333, 338-39 (N.D. Ohio 1991). Inasmuch as the current class includes people who bought or leased their vehicles in other states and then moved to Ohio, it includes people to whom the CSPA does not apply.

This again is a sign that the Court did not intend to certify a CSPA claim for class treatment, and a reason why it cannot now inject that claim into the already-certified class action.

*Fourth*, as the Court already found, a CSPA claim involves issues requiring individualized inquiries that are not at issue in a claim for breach of express warranty. (Certification Order at 5.)

Most notably, the CSPA only regulates product purchases for "primarily personal, family or household" use. Determining whether someone bought a given vehicle for a "personal, family or household" use as opposed to a commercial/business use invariably requires individual discovery and fact-determinations. This issue would be especially pervasive in this case, which involves minivans that in many instances were purchased/leased for a primarily commercial use. Indeed, there is evidence from which a jury could reasonably find that Plaintiff Daffin bought her vehicle primarily for "commercial" use, meaning that she could not invoke the CSPA as to her individual purchase. (*See, e.g.*, Clarification Motion at 5-6.) Plaintiff contends that a jury would find that Daffin bought her minivan primarily for personal use, but this argument improperly asks the Court to base its certification analysis upon a determination of the merits of the case. *See Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 177-78 (1974). The point, for class certification purposes, is that a claimant's reason for buying the minivan is an inherently individualized issue that defeats class litigation of a claim under a statute that is expressly limited to those who bought a product for primarily personal purposes.

Plaintiff cannot escape this problem by saying that "whether [Plaintiff Daffin] purchased the vehicle for a purpose which is 'primarily personal'" is "a common question of fact" because one could ask the same question of all class members. (Opposition at 3.) A question is not common merely because it can be asked of all class members. A question is common only if the

*answer* to it must necessarily be the same as to all class members and, further, will necessarily be debated using evidence that is equally relevant to all class members.  Here, even if a jury decided (against the weight of the evidence) that Plaintiff Daffin bought *her* Villager for "personal use," it would still have to ask the same fact-intensive question of every other class member, and the answer to that question may be different as to different class members.

The question of "commercial use" is not the only individualized inquiry that must be answered to try a CSPA claim.  As noted previously, Plaintiff's claim under the CSPA is not actionable without some showing of deception or unconscionability.  Such a showing will necessarily involve a factual inquiry into the circumstances of each claimant's transaction with Ford to determine the presence of any deception.  *See, e.g.*, *Breuer*, 1990 Ohio App. LEXIS 567, at *6 (holding that the CSPA is not applicable where the factual circumstances of a particular transaction do not evidence deception or unconscionability).  And because a CSPA claim depends on a consumer's understanding of the underlying transaction, it requires inquiries into such individualized issues as the content of sales negotiations and the consumer's reliance on various representations.  *See, e.g.*, *Stout v. J.D. Byrider*, 228 F.3d 709, 717 (6th Cir. 2000) (denying certification of CSPA class action because "[p]laintiffs' claims rest on their understanding of the purchasing transaction and each buyer's understanding of the terms, and because some buyers did not purchase the extended service agreement").

Given these individualized questions, it is clear that the Court did not mean to certify Plaintiff's CSPA claim for class treatment, and that the Court cannot now certify that claim for class treatment.

## II. PLAINTIFF SHOULD NOT BE ALLOWED TO AMEND HER COMPLAINT TO ADD AN ADDITIONAL CLASS REPRESENTATIVE.

In a footnote at the end of her Opposition, Plaintiff makes an informal request for "leave to add an additional class representative" to bring a class-wide CSPA claim should the Court deem Plaintiff Daffin an atypical representative of the class with respect to that claim. (Opposition at 4 n.2.) Because Plaintiff has had ample opportunity to amend her complaint during the many years that this case has been pending, the Court is under no obligation to grant this belated request. *See D.E.&J. Ltd. Partnership v. Conaway*, 133 Fed. Appx. 994, 1001-02 (6th Cir. 2005) (denial of plaintiff's informal request to amend complaint was within district court's discretion where plaintiff had previously had the chance to amend complaint). Nor should it, because amending Plaintiff's complaint to add a new named plaintiff would take the Court and parties back to Square One in this case – requiring discovery of the newly added named plaintiff, and a new round of briefing to determine whether this person (whom Plaintiff does not identify) can represent a class with respect to a CSPA claim. *See, e.g., Rosania v. Taco Bell of America, Inc.*, 303 F. Supp. 2d 878, 882 (N.D. Ohio 2004) (in considering whether to grant leave to amend, court may consider, *inter alia*, "undue delay [or] the need for additional discovery"). Accordingly, Plaintiff's request for leave should be denied. *See Brumbalough v. Camelot Care Ctrs., Inc.*, 427 F.3d 996, 1008 (6th Cir. 2005) (futility proper ground to deny amendment).

## CONCLUSION

For the reasons set forth above, Ford respectfully requests that the Court clarify that its July 15, 2004 Certification Order certified only Plaintiff's express warranty claim, and no other claim for class-wide treatment.

6

November 9, 2006                                    Respectfully Submitted,


                                        /s/ Gary M. Glass
Gary M. Glass (0042417)
THOMPSON HINE LLP
Suite 1400
312 Walnut Street
Cincinnati, Ohio 45404
Telephone: (513) 352-6700

Brian C. Anderson (pro hac vice)
O'MELVENY & MYERS LLP
1625 Eye Street, N.W.
Washington, DC 20006
Telephone: (202) 383-5300
Facsimile: (202) 383-5414

Attorneys for Defendant Ford Motor Company

**CERTIFICATE OF SERVICE**

A copy of the foregoing Defendant Ford Motor Company's Reply Memorandum in Support of its Motion for Clarification and Memorandum in Support was filed electronically on this 9th day of November, 2006.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

    /s/  Gary M. Glass
Gary M. Glass (0042417)
THOMPSON HINE LLP
Suite 1400
312 Walnut Street
Cincinnati, Ohio  45404
Telephone:  (513) 352-6700

Attorney for Defendant Ford Motor Company

DC1:686784.5