LEXSEE 1990 OHIO APP. LEXIS 567

ANTHONY C. BREUER, Plaintiff-Appellant v. FREEDOM MOVERS, ET AL., Defendant-appellees

No. 58038

Court of Appeals of Ohio, Eighth Appellate District, Cuyahoga County

*1990 Ohio App. LEXIS 567*

**February 15, 1990, Decided**

**PRIOR HISTORY:** [*1]

CHARACTER OF PROCEEDING: Civil appeal from Shaker Heights Municipal Court Case No. 88-CVF-01766.

**DISPOSITION:**

JUDGMENT: AFFIRMED.

**COUNSEL:**

For Plaintiff-Appellant: MARY ANN O. RINI, Cleveland, Ohio.

For Defendant-Appellees: PETER F. FLETCHER, Northfield, Ohio

**JUDGES:**

BLANCHE KRUPANSKY, PRESIDING JUDGE, FRANCIS E. SWEENEY, JUDGE, THOMAS J. PARRINO, * JUDGE

* Judge Thomas J. Parrino, Retired, of the Eighth Appellate District, Sitting by Assignment.

**OPINION:**

JOURNAL ENTRY AND OPINION

PER CURIAM:

Plaintiff, Anthony C. Breuer, filed a complaint in the Shaker Heights Municipal Court, case number 01766, against defendants, Freedom Movers and William J. Bamber, alleging breach of contract, violation of the Consumer Sales Practices Act, and negligent infliction of emotional distress. On June 8, 1989 the trial judge found for plaintiff on his breach of contract claim and awarded plaintiff $ 844.41 his actual damages plus interest and costs. Plaintiff filed a timely notice of appeal.

The relevant facts follow:

Plaintiff hired defendants to move his family's household goods from one home in Shaker Heights to another home, also in Shaker Heights. Defendants estimated the cost for the move would be $ 394. One week before the scheduled [*2] move defendants attempted to contact plaintiff by phone. Although defendants tried numerous times each day, they were unable to reach plaintiff. On the day before the scheduled move defendants finally reached plaintiff and informed him defendants would be unable to perform the move. Defendants attempted to find a replacement service but were unable to do so. Plaintiff was forced to hire another moving service at a cost of $ 458. Plaintiff also incurred $ 780.41 of additional storage expense resulting from the delay.

Plaintiff's first and second assignments of error follow:

I. THE COURT ERRED IN FAILING TO HOLD THAT BREACH OF CONTRACT CONSTITUTES A DECEPTIVE OR UNCONSCIONABLE ACT UNDER

THE OHIO CONSUMER SALES PRACTICES ACT.

II. THE COURT ERRED IN FAILING TO AWARD TREBLE DAMAGES AND ATTORNEYS FEES WHEN A VIOLATION OF THE CSPA EXISTS.

Plaintiff's first and second assignments of error lack merit.

Plaintiff contends the trial court erred in not finding defendants' breach of contract violated *R.C. 1345.01* et seq., the Ohio Consumer Sales Practices Act (CSPA). Plaintiff further contends that under *R.C. 1345.09* he was entitled to treble damages and attorney's fees. Plaintiff argues **[*3]** the CSPA is applicable because defendant's conduct was deceptive and unconscionable. Plaintiff's argument is unpersuasive.

*R.C. 1345.02* provides in relevant part as follows:

(A) No supplier shall commit an unfair or deceptive act or practice in connection with a consumer transaction. Such an unfair or deceptive act or practice by a supplier violates this section whether it occurs before, during, or after the transaction.

(B) Without limiting the scope of division

(A) of this section, the act or practice of a supplier in representing any of the following is deceptive:

(1) That the subject of a consumer transaction has sponsorship, approval, performance characteristics, accessories, uses, or benefits that it does not have;

(2) That the subject of a consumer transaction is of a particular standard, quality, grade, style, prescription, or model, if it is not;

(3) That the subject of a consumer transaction is new, or unused, if it is not;

(4) That the subject of a consumer transaction is available to the consumer for a reason that does not exist;

(5) That the subject of a consumer transaction has been supplied in accordance with a previous representation, if it has not, except that the **[*4]** act of a supplier in furnishing similar merchandise of equal or greater value as a good faith substitute does not violate this section,

(6) That the subject of a consumer transaction will be supplied in greater quantity than the supplier intends;

(7) That replacement or repair is needed, if it is not;

(8) That a specific price advantage exists, if it does not;

(9) That the supplier has a sponsorship, approval, or affiliation that he does not have;

(10) That a consumer transaction involves or does not involve a warranty, a disclaimer of warranties or other rights, remedies, or obligations if the representation is false.

*R.C. 1345.03* provides in relevant part as follows:

(A) No supplier shall commit an unconscionable act or practice in connection with a consumer transaction. Such an unconscionable act or practice by a supplier violates this section whether it occurs before, during, or after the transaction.

(B) In determining whether an act or practice is unconscionable, the following circumstances shall be taken into consideration:

(1) Whether the supplier has knowingly taken advantage of the inability of the consumer reasonably to protect his interests because of his physical or mental **[*5]** infirmities, ignorance, illiteracy, or inability understand the language of an agreement;

(2) Whether the supplier knew at the time the consumer transaction was entered into that the price was substantially in excess of the price at which similar property or services were readily obtainable in similar consumer transactions by like consumers;

(3) Whether the supplier knew at the time the consumer transaction was entered into of the inability of the consumer to receive a substantial benefit from the subject of the consumer transaction;

(4) Whether the supplier knew at the time the consumer transaction was entered into that there was no reasonable probability of payment of the obligation in full by the consumer;

(5) Whether the supplier required the consumer to enter into a consumer transaction on terms the supplier

knew were substantially one-sided in favor of the supplier;

(6) Whether the supplier knowingly made a misleading statement of opinion on which the consumer was likely to rely to his detriment;

(7) Whether the supplier has, without justification, refused to make a refund in cash or by check for a returned item that was purchased with cash or by check, unless the supplier had [*6] conspicuously posted in the establishment at the time a sign stating the supplier's refund policy.

*R.C. 1345.02(B)* specifically enumerates some of the acts which the section declares deceptive, while *R.C. 1345.03(B)* sets forth circumstances which are to be considered in determining whether an act or practice is unconscionable. *Sinkfield v. Strong (1987), 34 Ohio Misc. 2d 19, 20.* The phrases used by the General Assembly indicate the desire to regulate and control suppliers, and not just completed transactions. *Brown v. Market Development (1974), 41 Ohio Misc. 57, 61.* It is significant that it is the activity of the supplier that is pivotal in making the determination of unconscionability, and not the character or nature of a completed transaction with a consumer, nor actual mental state of the consumer. *Id., at 62.*

In the case sub judice, defendants breached their contract with plaintiff. However, for the CSPA to be applicable, defendants' conduct must have been deceptive or unconscionable. Defendants' conduct is neither enumerated in *R.C. 1345.02* as being deceptive, nor does it meet the criteria of *R.C. 1345.03* a being unconscionable. Defendants attempted to notify [*7] plaintiff a full week in advance of the problem. Defendants also tried to find a suitable substitute. There is no indication that at the time the transaction was entered into defendants had any intention of not completing the contract.

In addition to the deceptive practices enumerated in *R.C. 1345.02(B)*, the Act provides in *R.C. 1345.02(B) (2)* that the director of commerce may adopt substantive rules defining acts or practices which violate *R.C. 1345.02* and *R.C. 1345.03*. *Clayten v. McCary (1976), 426 F. Supp. 248, 260. Ohio Adm. Code 109:4-3-09* provides for "failure to deliver; substitution of goods or services." There is nothing in this ruling to indicate defendants' conduct was deceptive.

Since defendants' conduct was neither deceptive nor unconscionable, the trial court did not err in finding defendants did not violate the CSPA. Consequently, the court also did not err in refusing to award treble damages under *R.C. 1345.09*. Accordingly, plaintiff's first and second assignments of error are not well taken and overruled.

Judgment is affirmed.

It is ordered that appellees recover of appellant costs herein taxed.

The Court finds there were reasonable grounds for this appeal. [*8]

It is ordered that a special mandate issue out of this Court directing the Shaker Heights Municipal Court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to *Rule 27 of the Rules of Appellate Procedure.* N.B. This entry is made pursuant to the third sentence of *Rule 22(D), Ohio Rules of Appellate Procedure.* This is an announcement of decision (see Rule 26). Ten (10) days from the date hereof, this document will be stamped to indicate journalization, at which time it will become the judgment and order of the court and time period for review will begin to run.