IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| PATRICIA DAFFIN, | : | Case No. 1:00-cv-458 |
| | : | |
| Plaintiff | : | District Judge Susan J. Dlott |
| | : | |
| v. | : | CLARIFICATION OF ORDER |
| | : | GRANTING CLASS CERTIFICATION |
| FORD MOTOR COMPANY, | : | |
| | : | |
| Defendant. | : | |

This matter is before the Court on Defendant's Motion for Clarification and Memorandum in Support (doc. 109), Plaintiff's Memorandum in Response (doc. 110), and Defendant's Reply (doc. 111).  For the reasons that follow, and pursuant to Federal Rule of Civil Procedure 23(c)(1)(C), the Court clarifies that the sole claim certified for class treatment is breach of express warranty.

## I.    BACKGROUND

Plaintiff Patricia Daffin claims that Ford Motor Company ("Ford") manufactured and sold minivans, specifically model year 1999 and 2000 Mercury Villager Estate Wagons, that contain a defective throttle body assembly.  Daffin filed a putative class action complaint against Ford in July 2001 alleging claims of breach of implied warranty, breach of express warranty, negligent design, negligent manufacture, and violation of the Ohio Consumer Sales Practices Act (CSPA).  (Doc. 34.)  The Court denied Daffin's motion to certify a nationwide plaintiff class but later granted her motion to certify a statewide plaintiff class under Rule 23(b)(3).  (Doc. 93, hereafter the "Order".)

Ford moved the Court for reconsideration of the Order arguing, *inter alia*, that the class should be limited to owners who purchased their cars within the warranty period. (Doc. 94.) Although it denied Ford's motion, the Court amended the class definition to the following: "All Ohio residents who lease or own a model year 1999 or 2000 Villager ***that was bought or leased during the warranty period***, excluding the defendant, any entity that has a controlling interest in defendant along with defendant's employees, officers, directors, legal representatives and all of their respective heirs, successors, and assignees and any entity alleging a personal injury claim against Ford arising from the facts of this case." (Doc. 101 (emphasis added).)

Ford filed an interlocutory appeal of the Court's Order (docket entry of May 27, 2005), and the Sixth Circuit Court of Appeals affirmed (doc. 104, *Daffin v. Ford*, 458 F.3d 549 (6th Cir. 2006)). However, the Sixth Circuit affirmed the Order only insofar as it certified a class to litigate the express warranty claim. *Id*. at 554. Noting that the Order lacked sufficient clarity on which claims were appropriate for class treatment, the Sixth Circuit recommended that this Court clarify the Order. Abiding by this recommendation, and in consideration of Ford's motion for clarification, the Court hereby clarifies that it certified a class to litigate the express warranty claim alone.

**II.     DISCUSSION**

The parties agree that the Court certified for class treatment Daffin's breach of express warranty claim and declined to certify her implied warranty claim. (Doc. 110 at 1.) However, the parties dispute whether the Court certified Daffin's CSPA or tort claims. (*Id*.) Daffin has declined to press the issue of class certification of the tort claims, conceding that "it is not necessary for the class to proceed with the negligent design and manufacture claims." (Doc. 110

at 2.) However, she asserts that the CSPA claim is critical and urges the Court to confirm that it certified the claim for class treatment.

While the Court touched upon Daffin's CSPA claim in its Certification Order, it found that Daffin satisfied the Rule 23(a) prerequisites *only* as to her express warranty claim.[1] Daffin suggests that the Court implicitly certified the CSPA claim for class treatment because it would be inconsistent to certify the express warranty claim without also certifying the CSPA claim.[2] However, as Ford correctly points out, certifying an express warranty claim does not automatically result in certification of even a derivative CSPA claim.

The CSPA states that "[n]o supplier shall commit an unfair or deceptive act or practice in connection with a consumer transaction." Ohio Rev. Code § 1345.02(A). The CSPA does not require that the consumer demonstrate that a supplier *intended* to be unfair or deceptive. *Frey v. Vin Devers, Inc.*, 80 Ohio App.3d 1, 6, 608 N.E.2d 796 (Ohio App. 1992). Rather, "[i]t is how the consumer views the act or statement which determines whether it is unfair or deceptive." *Id.* at 6, 608 N.E.2d at 800.

Daffin intends to pursue two theories of recovery under the CSPA: (1) that Ford failed to perform under or honor its express warranty, and (2) that Ford maintained a pattern of inefficiency, incompetency, or continually stalled and evaded its legal obligations to her as a

---

[1] "As Daffin has satisfied the numerosity, commonality, typicality and adequacy requirements for her express warranty claim, she has fulfilled the prerequisites of Rule 23(a)." (Doc. 93 at 7.)

[2] Daffin suggests that "in certifying the express warranty claim, the Court certified the CSPA claims," arguing that "a failure to honor an express warranty presents a classic CSPA violation" (Doc. 110 at 2, 3.)

3

consumer. (Doc. 66 at 14.)[3] She asserts that there is precedent to support a class-action CSPA claim on each of these two grounds.

### A. Breach of Express Warranty as a Violation of the CSPA

Ohio courts have held that a supplier's failure to honor an express warranty can constitute a violation of the CSPA. *Brown v. Lyons*, 43 Ohio Misc. 14, 19, 332 N.E.2d 380 (Ohio Misc. 1974); *Layne v. McGowen*, No. 14676, 1995 WL 316233 at *5 (Ohio App. May 24, 1995). However, Ohio courts have been just as clear that deceptive conduct is a necessary predicate to liability under the CSPA and that not every breach of warranty or contract is rooted in deception. *See*, *e.g.*, *Toth v. Spitzer*, No. 17178, 1998 WL 879475 at *2 (Ohio App. Dec. 18, 1998) (stating that "a contract can be breached in myriad ways that do not involve deception" and holding that the trial court did not err in concluding that the breach of contract found by the jury did not constitute a CSPA violation); *Lump v. Best Door and Window, Inc.*, No. 8-01-09, 2002 WL

---

[3] Daffin's Amended Complaint (doc. 34) sets forth Ohio Administrative Code § 109:4-3-16(B)(14) as another basis for a claim under the CSPA, but Daffin did not discuss this basis in her motion for class certification (doc. 66). Because OAC § 109:4-3-16(B)(14) pertains to a *dealer's* failure to disclose known defects, and Daffin does not pursue her claim against the dealer, it appears that the section is inapplicable in this case.

Daffin gives only perfunctory treatment to her other proposed bases for relief under the CSPA, failing to discuss them in her memorandum in support of class certification (doc. 66) and only mentioning them in a footnote in her Response to Ford's Motion to Clarify (doc. 110 n. 1). In that footnote, Daffin states that other violations of the CSPA include "Ford's failure to disclose the defective throttle body assembly, Ford's failure to adequately and properly test the 1999 and 2000 Villager before placing the product on the market, and Ford's failure to disclose to plaintiff and consumers that throttle body assemblies being used in 'repairs' are of the same defective design as those originally installed in the vehicle." (Doc. 110 n. 1.)

A consumer may qualify for class-action certification under the CSPA "only if the defendant's alleged violation of the Act is substantially similar to an act or practice previously declared to be deceptive by one of the methods identified in R.C. 1345.09(B)." *Marrone v. Philip Morris USA*, 110 Ohio St.3d 5, syllabus (2006). Daffin has not directed this Court to any precedent showing that these alleged violations by Ford are substantially similar to an act or practice previously declared to be deceptive.

462863 (Ohio App. March 27, 2002). As aptly put by Judge Walters in his concurring opinion in *Lump*, the CSPA was not intended to cover general grievances arising out of a breach of warranty, and "[t]he fact that a warranty has been made is generally not a misleading practice or representation." 2002 WL 462863 at *11. Thus, violating a warranty does not give rise to a CSPA claim "in the absence of indicia of unfair or deceptive practices associated therewith." *Id*.

Sixth Circuit precedent in an analogous case demonstrates that CSPA claims can be fraught with individual issues. In *Stout v. Byrider*, 228 F.3d 709 (6th Cir. 2000), the Sixth Circuit affirmed the district court's finding that plaintiffs' CSPA claims were inappropriate for class treatment. The plaintiffs in *Stout* sought to certify a class comprising all persons who purchased an automobile from the defendant and alleged that the defendant defrauded class members by selling them used vehicles with concealed damage. The district court identified several discrepancies between the named plaintiffs and the ostensible class members, including the degree of repairs necessitated, the defendant's response to those repairs, the purpose for which the car was purchased, the individual circumstances and transactions surrounding each purchase, and the extent of the injury suffered. *Stout*, 228 F.3d at 717. *Stout* differs factually from the instant case in that it involved different models of used cars with different alleged defects, not a single make and model of car with the same alleged defect. However, the lion's share of individual issues are the same. Just as in *Stout*, each purchaser in this case would have to demonstrate his or her understanding of the terms of the transaction, the need for repairs, Ford's response to those needed repairs, the purpose for which the car was purchased, and the extent of injury suffered.

As support for her argument that individual issues do not predominate over common issues, Daffin directs this Court to *Amato v. General Motors Corporation*, 11 Ohio App. 3d 124, 463 N.E.2d 625 (1982) and *Shaver v. Standard Oil Company*, 89 Ohio App. 3d 52, 623 N.E.2d 602 (1993), cases in which courts certified CSPA claims for class treatment.  These cases are distinguishable from the instant matter in that neither concerned a CSPA claim based on an alleged breach of warranty.  In *Amato*, a case concerning engine substitution, the court approved class treatment of a CSPA clam based on two Ohio Administrative Code provisions: one that prohibits promotional advertising with material omissions and another that forbids bait and switch tactics.  *Id*. at 131, 463 N.E.2d at 633 (citing Ohio Admin. Code §§ 1301:3-3-02 and 1301:3:03).  In *Shaver*, gas station lessees sued the lessor, Sohio oil company, because, *inter alia*, it required the dealers to sell only Sohio products.  The court concluded that class treatment of the CSPA claim was appropriate because the CSPA did not require proof of individual coercion but only proof "that the conduct complained of 'has the likelihood of inducing in the mind of the consumer a belief which is not in accord with the facts.'" *Shaver*, 89 Ohio App. 3d at 63, 623 N.E.2d at 609 (quoting *Funk v. Montgomery AMC/Jeep/Renault*, 66 Ohio App. 3d 815, 823, 586 N.E.2d 1113 (1990)).

Unlike the plaintiffs in *Amato* and *Shaver*, Daffin bases her CSPA claim on an alleged breach of warranty.  "The fact that a warranty has been made is generally not a misleading practice or representation." *Lump*, 2002 WL 462863 at *11.  Thus, the fact alone that Ford made an express warranty concerning the Villager is unlikely to "induc[e] in the mind of the consumer a belief which is not in accord with the facts." *Shaver*, 89 Ohio App. 3d at 63, 623 N.E.2d at 609.  Thus, while Daffin is correct that an alleged breach of warranty may form the basis of a

claim under the CSPA, she fails to present the Court with applicable precedent that shows that any such claim is appropriate for class treatment.[4]

Because a claim under the CSPA, even one based on a breach of warranty, requires deception, it is not incongruous to find that a breach of warranty claim may be proper for consideration on a class-wide basis while finding that a CSPA claim is not. And such is the case here. Because making a warranty alone does not constitute a deceptive practice, and because whether an act or statement is deceptive depends on how the consumer views it, Daffin's CSPA claim based on Ford's alleged breach of its express warranty entails predominately individual issues and is not appropriate for class treatment.

### B. Stalling as a Violation of the CSPA

Daffin is correct that there is precedent in Ohio for the proposition that "a pattern of inefficiency, incompetency, or continual[] stall[ing]" can form the basis of a CSPA claim. *Brown*, 43 Ohio Misc. at syllabus ¶ 2; see also *Layne*, No. 14676, 1995 WL 316233 at *5. However, Daffin's claim is contingent upon facts and circumstances that are highly individual. Specifically, Daffin alleges that it took several weeks for the dealership to obtain the first replacement throttle body assembly in 2000 and that each of the three replacement throttle-body assemblies she has had installed since she purchased the Villager were defective. Certainly,

---

[4] None of the four cases cited by Daffin for the proposition that a breach of express warranty is a CSPA violation is a class-action lawsuit. *Boyle v. Daimler Chrysler Corporation*, No. 2001-CA-81, 2002 WL 1881157 (Ohio App. Aug. 16, 2002) concerned an individual claim against the defendant for its failure to repair alleged defects in his van; *Lump*, 2002 WL 462863, concerned an individual claim of window buyers against the seller; *Miner v. Jayco, Inc.*, No. F-99-001, 1999 WL 651945 (Ohio App. Aug. 27, 1999) concerned an individual claim against the defendant for its failure to abide by the warranty agreement on his trailer; and *Brown*, 43 Ohio Misc. 14, 332 N.E.2d 380, concerned individuals' claims that the defendant failed to abide by warranty agreements on used appliances.

class members who never experienced accelerator sticking and thus never brought their Villager in for service cannot pursue a claim that Ford stalled or engaged in evasive conduct with respect to any needed repair. Even with respect to any individuals who, like Daffin, took a Villager in for repair and experienced some measure of delay in obtaining a repair or replacement of the throttle body assembly, whether the delay amounted to an "unfair, deceptive or unconscionable act" on the part of Ford would require individualized factual inquiries. Thus, the Court cannot properly certify for class treatment Daffin's CSPA claim based on Ford's alleged stalling.

## III.   CONCLUSION

For the foregoing reasons, the Court clarifies that the sole claim certified for class treatment is breach of express warranty.

IT IS SO ORDERED.


                                                                                                                     ___s/Susan J. Dlott_____
                                                                                                                      Susan J. Dlott
                                                                                                                      United States District Judge