# EXHIBIT A

# CLASS ACTION SETTLEMENT AGREEMENT

THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| PATRICIA DAFFIN,<br><br>    Plaintiff,<br><br>v.<br><br>FORD MOTOR COMPANY,<br><br>    Defendant. | Case No. C-1-00-458<br><br>District Judge Susan J. Dlott<br><br>**CLASS ACTION<br>SETTLEMENT AGREEMENT** |

This Class Action Settlement Agreement ("Agreement") is entered into as of the 19th day of September, 2007 between Ford Motor Company ("Ford") and the Class Plaintiff on behalf of herself and the Class, by and through the undersigned counsel for Ford and the undersigned Class Counsel.

## RECITALS

WHEREAS, Ford is a corporation headquartered in the State of Michigan, and is engaged in the business of, among other things, assembling and wholesaling motor vehicles;

WHEREAS, on May 8, 2000, Class Plaintiff, individually and behalf of a class of all persons similarly situated, originally filed this litigation;

WHEREAS Class Plaintiff alleges that she purchased a Class Vehicle manufactured by Ford, in which she alleges the throttle body assemblies are defective because they cause the gas pedal to intermittently lock such that the pedal will not release without the repeated application of extreme pressure;

WHEREAS, Defendant Ford denies all material allegations in the First Amended Complaint;

WHEREAS, this Agreement was entered into after substantial arms-length discussions

and negotiations between Ford and Class Counsel; and

WHEREAS, Class Plaintiff and Class Counsel have conducted an investigation into the facts of this Action, and Class Counsel is satisfied that the terms and conditions of this Agreement are fair, reasonable and adequate and that this settlement is in the best interests of the Class Plaintiff and the Class; and

WHEREAS, Defendant Ford, although it denies any wrongdoing or liability of any kind, has nevertheless agreed to enter into this Agreement to avoid further expense, inconvenience, and the distraction of burdensome and protracted litigation;

NOW, THEREFORE, in consideration of the mutual covenants and promises set forth in this Agreement as a result of these and other considerations, Ford, Class Plaintiff, the Class, and Class Counsel have agreed to full and complete settlement of this Action as provided for herein:

## DEFINITIONS

1.  The following definitions apply to this Agreement:

    1.1  The **"Action"** means the civil action captioned *Patricia Daffin v. Ford Motor Company*, Case No. C-00-458, pending in the United States District Court for the Southern District of Ohio, Western Division.

    1.2  **"Class"** means the class certified by the Court on July 15, 2004, as modified by the Court's orders on December 8, 2004 and March 5, 2007. Specifically, the Class includes

    > all Ohio residents who lease or own a model year 1999 or 2000 Villager that was bought or leased during the warranty period, excluding the defendant, any entity that has a controlling interest in defendant along with defendant's employees, officers, directors, legal representatives and all of their respective heirs, successors, and assignees and any entity alleging a personal injury claim against Ford arising from the facts of this case.

The Court certified solely the breach of express warranty claim for class treatment.

(Clarification of Order Granting Class Certification, Mar. 5, 2007 at 2, 8.)

1.3    **"Class Counsel"** means: John C. Murdock, Jeffrey S. Goldenberg, and Theresa L. Groh of Murdock Goldenberg Schneider & Groh, LPA; and Steve W. Berman and Sean R. Matt of Hagens Berman Sobol Shapiro LLP.

1.4    **"Class Members"** means members of the Class certified in this Action by the Court on July 15, 2004, as modified by the Court's orders on December 8, 2004 and March 5, 2007.

1.5    **"Class Plaintiff"** means Patricia A. Daffin, the named Plaintiff in this Action.

1.6    **"Class Vehicles"** means model year 1999 or 2000 Mercury Villager Estate Wagons owned or leased by current Ohio residents that were bought or leased by those residents during the warranty period.

1.7    **"Court"** means the United States District Court for the Southern District of Ohio, Western Division, in which this Action is pending, and to which presentation of this Agreement for judicial review and approval will be made.

1.8    The **"Effective Date"** means the date on which a Final Order (as defined in paragraph 1.9) is entered by the Court approving this Agreement without modification unless expressly agreed to or waived by Ford and Class Plaintiff.

1.9    **"Final Order"** means when both of the following events have occurred:

    1.9.1    This Agreement is approved in all respects by the Court; and

    1.9.2    An Order and Final Judgment of Dismissal with Prejudice is entered, substantially in the form attached hereto as Exhibit A, and the time for the filing of an appeal has expired or, if there are

appeals, when they are either dismissed or when approval of the settlement and judgment has been affirmed in all respects by the appellate court of last resort to which such appeals have been taken and such affirmations are no longer subject to further appeal or review.

1.10   **"Final Settlement"** means the settlement approved by the Final Order of the Court.

1.11   **"Ford"** means Ford Motor Company and solely for purposes of this Agreement and the liability alleged by Class Plaintiff and the Class herein, all of its parents, subsidiaries, affiliates, divisions, predecessors, successors and all past, present or future officers, directors, agents, attorneys, assigns, employees, insurers, trustees, principals, representatives, servants, distributors and independent dealers/retailers of products manufactured by Ford.

1.12   **"Settling Parties"** means the Class Plaintiff and Ford.

1.13   **"Warranty Period"** means the 3 year/36,000 mile (whichever comes first) warranty period that originally attached to the Class Vehicles when they were first sold, or, if applicable for purposes of refund opportunity (see § 2.3), any Ford Extended Service Policy purchased at the time of initial sale.

## TERMS AND CONDITIONS OF SETTLEMENT

2.   **Ford's Undertakings.** In full and complete settlement of all claims that were or could have been raised in this Action, other than personal injury, wrongful death or property damage claims resulting from Ford's alleged conduct, Ford agrees to the following Mailing Program:

4

2.1     **Class Mailing.**  Ford will send, at its expense by U.S. Mail, a mailing to all Class Members who can reasonably be identified through current vehicle owner registration information provided by R.L. Polk (approximately 3,000 persons) describing this case and informing them of its dismissal without prejudice, explaining the voucher program (as explained in paragraph 2.2 below), and explaining the throttle body servicing refund opportunity (as described in paragraph 2.3 below).  The contents of this mailing shall be mutually agreed upon between Ford and Class Counsel and submitted to the Court for approval prior to mailing.

2.2     **Throttle Body Cleaning.**  Ford will include in the mailing a statement to the effect that recipients of the notice who return to Ford a form, signed under penalty of perjury, attesting that they fit within the definition of Class Member will receive one free cleaning of the throttle body assembly on their 1999-2000 Mercury Villager at a Ford dealer.  The cleaning offer will be valid through December 31, 2010 regardless of vehicle mileage.  The current average cost of this service at Ohio Ford dealers is approximately $100.

2.3     **Refund Opportunity.**  Ford will include in the mailing to Class Members a statement to the effect that recipients of the notice who return to Ford a form, signed under penalty of perjury, attesting that (1) they fit within the definition of Class Member, and (2) they paid to clean, repair, or replace the throttle body on their 1999-2000 Mercury Villager during the 3-year/36,000 mile (whichever comes first) warranty coverage period, or, if applicable, any Ford Extended Service Policy purchased at the time of sale, may request a refund of the amount they paid by sending a copy of the receipt for that service to an address provided by Ford, and that if Ford concludes that the Class Member indeed paid for a service that should have been provided at no charge under the warranty, it will reimburse the class member for the cost of the service.

3.  **Payment to Class Plaintiff.** Within ten (10) Ford business days after the Effective Date, Ford will pay Class Plaintiff $6,000.00 in recognition of the time she has spent pursuing this litigation, and provide her with one free cleaning, assuming that Class Plaintiff has previously executed and delivered to Ford a release of all claims concerning the throttle body in her Class Vehicle.

4.  **Attorneys' Fees and Costs.** Within ten (10) Ford business days after the Effective Date, Ford shall pay Class Counsel attorneys' fees and costs in the amount of $490,000.00.

5.  **Cost of Settlement and Administration.** Ford shall pay all costs associated with the administration of the settlement.

6.  **Dismissal With Prejudice.** Within ten (10) Ford business days after the Effective Date, if not otherwise effectuated by the Court, the Class Plaintiff and Class Counsel shall move to dismiss this Action with prejudice with regard to the individual claims of the Class Plaintiff.

7.  **Release of Ford.** Subject to and effective upon the Effective Date, the Class Plaintiff on her own behalf only and not on behalf of the Class, for and in consideration of the terms and undertakings herein, the sufficiency and fairness of which are acknowledged, hereby release and forever discharge Ford from any and all claims, demands, causes of action of every kind and nature, obligations, damages, losses and costs, whether known or unknown, actual or potential, suspected or unsuspected, contingent or fixed, that were or could have been asserted or sought in this Action, relating in any way to the Action, including but not limited to, claims for breach of express or implied warranty, common law fraud, tort claims or claims of negligent design or manufacture, and violation of state consumer protection or deceptive trade practice

statutes. The Settling Parties agree that this release does not extend to causes of action by Class Members other than the Class Plaintiff. This release does not extend to actions for personal injury or wrongful death related to the throttle body in the Class Vehicles.

8. **No Admission of Liability**. By entering into this Agreement, Ford is not admitting to any liability to the Class Plaintiff, the Class, or to any other person or entity, and Ford expressly denies all such liability.

9. **Court Submission**. Not later than thirty (30) days after execution of this Agreement (or as otherwise agreed by the Settling Parties), the Class Counsel and the Class Plaintiff shall submit this executed Agreement and the exhibits hereto to the Court, together with a motion to dismiss the Action pursuant to Federal Rule of Civil Procedure 23(e)(1)(A). If the Court declines to approve this Agreement and the dismissal of the Action, this Agreement will terminate as soon as the Court enters an order unconditionally and finally holding that this Agreement and dismissal not be approved.

10. **Successors and Assigns**. The Agreement shall be binding upon, and shall inure to the benefit of, the successors and assigns of the Settling Parties. Each and every covenant and agreement herein made by the Class Counsel and the Class Plaintiff on behalf of themselves and on behalf of the Class, shall be binding upon all Class Members, excepted where otherwise specifically noted as non-binding.

11. **No Publicizing of Agreement, Final Order or Final Settlement**. Except for filings with the Court which are necessary to effectuate the Agreement, the Settling Parties will not publicize this Action, Agreement, Final Order, or Final Settlement. To that end, the Settling Parties agree, for example, not to (a) contact or provide any information to any members of the media relating to this Action, Agreement, Final Order, or Final Settlement, (b) post, or assist

others in posting, any reference to this Action, Agreement, Final Order, or Final Settlement on any website or listserv.

12. **Return of Documents and Things**. Class Counsel will shred or return to Ford any documents or other things produced by Ford in this Action to Class Counsel or Class Plaintiff. Class Counsel may retain any independently acquired documents or things. Ford will pay all costs of shredding or returning to Ford any documents or other things produced in this Action to Class Counsel or Class Plaintiff.

13. **Integration Clause**. This Agreement contains a full, complete, and integrated statement of each and every term and provision agreed to by and among the Settling Parties and supersedes any prior writings or agreement between or among the Settling Parties. This Agreement shall not be orally modified in any respect and can be modified only by the written agreement of the Settling Parties. In the event a dispute arises between the Settling Parties over the meaning or intent of this Agreement, the Settling Parties agree that prior draft, notes, e-mails, memoranda, discussions or any other oral communications or documents regarding the negotiations, meanings or intent of this Agreement shall not be offered or admitted into evidence.

14. **Headings**. Headings contained in this Agreement are for convenience of reference only and are not intended to alter or vary the construction or meaning of this Agreement.

15. **Governing Law**. The contractual terms of this Agreement shall be interpreted and enforced in accordance with the substantive law of the State of Ohio.

16. **Mutual Interpretation**. The Settling Parties agree and stipulate that this Agreement was negotiated on an "arms length" basis between parties of equal bargaining power. The Agreement has been drafted jointly by Class Counsel and counsel for Ford. Accordingly,

this Agreement shall be mutually interpreted and not construed in favor of or against any of the Settling Parties.

17. **Counterpart Execution.** This Agreement may be executed in any number of counterparts and will be binding when it has been executed by the last signatory hereto. A facsimile signature shall be deemed to constitute an original signature for purposes of this Agreement. After execution of counterparts by each designated signatory, Ford agrees to furnish to each party a composite conformed copy of this Agreement reflecting all counterpart signatures.

18. **Severability.** In the event any one or more of the provisions contained in this Agreement shall for any reason be held to be invalid, illegal or unenforceable in any respect, such invalidity, illegality or unenforceability shall not affect any other provision.

19. **Warranty of Counsel.** Each of the undersigned counsel represents that he or she is fully authorized to enter into the terms and conditions of, and to execute, this Agreement, for the client that he or she represents, as reflected on the signature pages of this Agreement.

20. **Jurisdiction.** Without affecting the finality of the Final Order, the Court shall retain continuing jurisdiction to construe, interpret, and enforce this Agreement, the order approving the settlement, and the Final Order. Any disputes or controversies arising with respect to the construction, interpretation, or enforcement of the Agreement shall be presented by motion to the Court.

Dated: September 19, 2007

The undersigned parties have executed this Agreement as of the date first above written.

Dated: September 19, 2007

_____
John C. Murdock
Jeffrey S. Goldenberg
Theresa L. Groh
MURDOCK GOLDENBERG
SCHNEIDER & GROH, LPA
35 East Seventh Street, Suite 600
Cincinnati, OH 45202
*Class Counsel*

Steve W. Berman
Sean R. Matt
HAGENS BERMAN SOBOL SHAPIRO LLP
1301 Fifth Avenue, Suite 2900
Seattle, WA 98101
*Class Counsel*

_____
Gary M. Glass
THOMPSON HINE LLP
Suite 1400
312 Walnut Street
Cincinnati, Ohio 45404
*Counsel for Ford Motor Company*

Brian C. Anderson
O'MELVENY & MYERS LLP
1625 Eye Street, N.W.
Washington, DC 20006
*Counsel for Ford Motor Company*