IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| PATRICIA DAFFIN, | : | Case No. 1:00-cv-458 |
| | : | |
| Plaintiff | : | District Judge Susan J. Dlott |
| | : | |
| v. | : | ORDER APPROVING CLASS |
| | : | ACTION SETTLEMENT AND |
| FORD MOTOR COMPANY, | : | VOLUNTARY DISMISSAL |
| | : | |
| Defendant. | : | |

This matter is before the Court on the Parties' Joint Motion for Dismissal of Action With Prejudice (doc. 117).  For the reasons that follow, the parties' motion is well-taken and is GRANTED.

I.    BACKGROUND

Plaintiff Patricia Daffin claims that Ford Motor Company ("Ford") manufactured and sold minivans, specifically model year 1999 and 2000 Mercury Villager Estate Wagons, that contain a defective throttle body assembly.  The Court granted Daffin's motion to certify a statewide plaintiff class under Rule 23(b)(3).  (Doc. 93.)  The class was defined as the following: "All Ohio residents who lease or own a model year 1999 or 2000 Villager that was bought or leased during the warranty period, excluding the defendant, any entity that has a controlling interest in defendant along with defendant's employees, officers, directors, legal representatives and all of their respective heirs, successors, and assignees and any entity alleging a personal injury claim against Ford arising from the facts of this case."  (Doc. 101.)  Daffin's breach of express warranty claim was the only claim certified for class treatment.  (Doc. 112.)  The parties now have filed a statement identifying an agreement made in connection with a proposed

settlement and voluntary dismissal of the lawsuit and, pursuant to Fed. R. Civ. P. 23(e), seek this Court's approval of the same.

## II. DISCUSSION

Under the settlement proposed by the parties, Ford will send a mailing to the approximately 3000 class members that gives them (a) the opportunity to request a voucher good for one free cleaning of the throttle body mechanism in their 1999 or 2000 Mercury Villager, and (b) the opportunity to claim a refund for any paid cleaning, repair, or replacement of their throttle body mechanism while their vehicle was still under warranty. Ford also will pay named plaintiff Daffin $6000, give Daffin a voucher good for one free cleaning of the throttle body mechanism, and pay class counsel $490,000 in fees and costs. In exchange for Ford providing these benefits, Daffin will release and dismiss with prejudice her individual claims and dismiss without prejudice the claims of the absent members of the class. (Doc. 117 at 1-2.)

According to Federal Rule of Civil Procedure 23(e), the trial court must approve all settlements and voluntary dismissals of the claims of a certified class. Fed. R. Civ. P. 23(e)(1)(A). When a settlement binds the class through claim or issue preclusion, the Rules additionally require notice to be given to all class members. Fed. R. Civ. P. 23(e)(1)(B) and 2003 Amendments Advisory Committee notes thereto. However, notice to class members is not required when the settlement binds only the individual class representatives. *Id*. Likewise, "[i]f neither loss of benefit to the class nor evidence of collusive agreement is present, notice of dismissal is unnecessary." *Cranley v. Nat'l Life Ins. Co. of Vt.*, 144 F. Supp. 2d 291, 305 (D. Vt. 2001).

In the instant matter, notice to class members of the proposed settlement and dismissal is not necessary. The Settlement Agreement defines "Settling Parties" as "Class Plaintiff Daffin and Ford," and the release of Ford applies to "the Class Plaintiff on her own behalf only *and not on behalf of the Class*." (Doc. 117-2 ¶¶ 1.12, 7 (emphasis added).) Thus, absent class members are not parties to the settlement agreement and are not bound through issue or claim preclusion. Neither is there any evidence of loss of benefit to the class or collusive agreement. *See Cranley*, 144 F. Supp. at 305.

The Court also finds that approval of the request for settlement and voluntary dismissal is warranted. A court may approve a settlement that would bind class members only after a hearing and on finding that the settlement is fair, reasonable, and adequate. Fed. R. Civ. P. 23(e)(1)(C). Because the settlement in this case is not binding on class members, the Court need not hold a hearing or undertake such an analysis. The Court also notes that, although not bound by the terms of the settlement, absent class members will receive benefits from Ford in the form of vouchers for a free cleaning of the allegedly defective throttle body mechanism and will be able to claim a refund for any paid cleaning, repair, or replacement of the mechanism while their vehicle was under warranty.

The dismissal of the absent class members' claims is without prejudice; thus, they are entitled to refile a claim should they so choose. Additionally, there is no danger that the statute of limitations will soon run on the breach of express warranty claim that was certified for class treatment.[1] The release also expressly "does not extend to actions for personal injury or wrongful death related to the throttle body in the Class Vehicles." (*Id.*)

---

[1] The statute of limitations in Ohio for written contracts is fifteen years after the cause of action accrues. Ohio Rev. Code § 2305.06.

**III.    CONCLUSION**

For the foregoing reasons, the Court GRANTS the Joint Motion for Dismissal of Action With Prejudice (doc. 117), thereby dismissing *with* prejudice the individual claims of class plaintiff Patricia Daffin and dismissing *without* prejudice the claims of the absent members of the class. The Court shall retain jurisdiction to enforce the terms of the Settlement Agreement attached as Exhibit A to the parties' Joint Motion.

IT IS SO ORDERED.

                                                  ___s/Susan J. Dlott_____
                                                  Susan J. Dlott
                                                  United States District Judge